**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   16-CR-20032-JAR/TJJ |
| | ) | |
| LORENZO BLACK, | ) | |
| KARL CARTER | ) | |
| a.k.a. "KC," | ) | |
| ANTHON AIONO, | ) | |
| a.k.a. "THE SAMOAN" | ) | |
| ALICIA TACKETT | ) | |
| a.k.a "ALICIA STANFIELD," | ) | |
| a.k.a "ALICIA ROWLETTE," | ) | |
| CATHERINE ROWLETTE | ) | |
| a.k.a. "CATHY," | ) | |
| DAVID BISHOP, | ) | |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING**
**DISCLOSURE OF PERSONAL IDENTITY INFORMATION**

The United States of America, by and through Special Assistant United States Attorney, Erin S. Tomasic, moves the Court for a protective order concerning certain information contained within the discovery in this matter.   While the exchange of discovery is critical to the efficient and just resolution of this matter, the production of information nonetheless contains inherent risks to privacy and safety interests of the parties and persons who are not parties to the litigation, such as witnesses, victims, and cooperating individuals, including but not limited to the disclosure of sensitive personally identifiable information.   Accordingly, pursuant to Fed. R. Crim. P. 16(d)(1), it is requested the following protective conditions apply to all discovery materials provided in this case.   The defendants are in agreement with this motion.

1.   The data will include documents that contain personal identifying information of the

defendants and other individuals.   It is the policy of the Department of Justice to not disclose such information unless specifically required by the Court, Rule 16, or *Brady/Giglio*.

2.   The amount of discovery in this case is extraordinarily voluminous.

3.   Defense counsel will be required to come in person to the U.S. Attorney's Office to view proffer and interview materials due to known threats of violence against cooperators. Multiple copies of the interviews and proffers will be available for the defense counsel's convenience.   For all other discovery material, instead of requiring defense counsel to come in person to the U.S. Attorney's office to view unredacted copies of documents containing personal identifying information, the government requests the entry of a protective order that such discovery materials shall:

4.   Be used by each party and counsel of record only for purposes of representing their respective client in this action;

5.   Be maintained in a safe and secure manner by each counsel of record; shall not be possessed by the defendant, except in the presence of the defendant's counsel; and shall not be disclosed in any form by either party in any format outside of this action, to include disclosure on social media.

6.   Discovery material may be disclosed by counsel only to the following designated persons:

  a)   investigative, secretarial, clerical, and paralegal personnel;

  b)   independent expert witnesses, investigators, or advisors retained by counsel of record in connection with this action;

  c)   other witnesses testifying to the contents of the document / material;

  d)   such other persons as hereafter may be authorized by the Court upon motion of either party; and

e) counsel of record shall provide a copy of the protective order to any designated person to whom they disclose discovery material. Prior to disclosure of discovery material to any designated person, such designated person shall agree to be subject to the terms of the protective order.

7. The parties agree to comply with Federal Rule of Criminal Procedure 49.1 relative to any document they intend to use as an exhibit at trial, or they provide in public filings.

8. Within 90 days of the final conclusion of this litigation, each defendant shall return their respective discovery to the United States Attorney's Office.

9. Federal Rule of Criminal Procedure 16(d)(1) states, in part, "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

WHEREFORE, the United States requests the Court to enter a protective order consistent with the agreement of the parties.

Respectfully submitted,

/s/ *Erin S. Tomasic*
Erin S. Tomasic, #78430
Special Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, KS 66106
Phone: 913-551-6730
Fax: 913-551-6541
Erin.Tomasic@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 20, 2016, I electronically filed the foregoing response with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


/s/ *Erin S. Tomasic*
Erin S. Tomasic, #78430