### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-20032-01-06-JAR |
| | ) |
| LORENZO BLACK, | ) |
| KARL CARTER, | ) |
| ANTHON AIONO, | ) |
| ALICIA TACKETT, | ) |
| CATHERINE ROWLETTE, | ) |
| and | ) |
| DAVID BISHOP, | ) |
| | ) |
| Defendants. | ) |

### JOINT MOTION FOR DESIGNATION OF EXCLUDABLE TIME

The United States of America, by and through undersigned counsel, jointly with defense counsel for the above-captioned defendants, move for an order of the court designating excludable time. Specifically, the parties requests the court make a "complex case" finding pursuant to 18 U.S.C. § 3161(h)(7)(B) and, therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), any period of delay resulting from a continuance of the proceedings beyond the statutory speedy trial time period is justified because the ends of justice served by taking such action outweighs the best interest of the public and the defendants in a speedy trial.

Under 18 U.S.C. § 3161(h)(7)(A), the court may grant a continuance and a speedy trial exclusion for a period of delay if the court finds that the ends of justice served by granting a continuance outweigh the interest of the public and the defendants in a speedy trial. Among the factors to be considered when a court determines whether to grant such a continuance under § 3161(h)(7)(A) are:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

## I. Complex Case

This is an unusual and complex case, due to the following factors:

(1) There are six defendants in this case, all of whom have appeared in the District of Kansas and are awaiting trial. The government anticipates seeking charges in this matter against additional defendants in the near future.

(2) This case is a culmination of a lengthy investigation conducted by multiple state and federal agencies. As part of the investigation, agents have procured the following items that will be produced in discovery:

(a) wiretap-related documents and line sheets;

(b) thousands of recorded "jail calls" made by dozens of inmates at CCA over the last three years;

(c) approximately 18 terabytes of surveillance footage from inside the CCA facility;

(d) thousands of pages of financial documents;

(e) evidence produced from approximately 48 electronic devices seized during execution of several search warrants;

(f) evidence produced from several computers seized from the "law libraries" at CCA, which will require coordination between counsel to assure that attorney/client information is protected; and

>> (g) unusually large volumes of reports and other documents.
>
> (3)    The Indictment alleges a drug trafficking conspiracy, contraband trafficking, bribery, and other substantive offenses.   It is anticipated that additional charges will be filed in this matter via a superseding indictment and that the time period of the conspiracy will be expanded.

Since it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the normal time limits, the parties jointly move for an order granting the relief requested.  The United States will make the discoverable material available for inspection and review by defense counsel.  The investigation in this case continues, creating additional discovery which will be provided to defense counsel as it becomes available.

## II. Defendants Agree with Designation of Complex Case and Request for Excludable Time

Counsel for each defendant has indicated that their respective clients have no objection to the parties seeking a complex case designation.  However, out of an abundance of caution, and in light of *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009),[1] the parties requests that this matter be addressed at the status hearing set for June 14, 2016 so that an adequate record may be made.

## III. Joinder of Additional Defendants

As stated above, this is a multi-defendant case.  Two defendants, Lorenzo Black and Karl Carter, were ordered detained by the Honorable Teresa J. James after their initial appearance.  The remaining four defendants were released on bond.  The following relevant dates are applicable to the issue of Speedy Trial.

---

[1] Holding that a "record consisting of only short, conclusory statements lacking in detail is insufficient." *Id*. at 1271.

| Defendant | Date Charges Filed | Date of Initial Appearance | Custody or Release | Date Entered Custody |
|---|---|---|---|---|
| Lorenzo Black | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Custody | April 9, 2016 |
| Karl Carter | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Custody | April 9, 2016[2] |
| Anthon Aiono | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Release | |
| Alicia Tackett | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Release | |
| Catherine Rowlette | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Release | |
| David Bishop | Complaint April 9, 2016 Indictment May 4, 2016 | April 11, 2016 | Release | |

**IV.  Proposed Schedule**

To assist the court in outlining a schedule, the parties offer the following information:

(a) The government anticipates disseminated the bulk of discovery by June 10, 2016.

(b) The parties cannot comment at this time as to whether any pretrial motions will be filed because defense counsel has not yet had an opportunity to review discovery.

(c) By extension, the parties cannot comment as to whether any evidentiary hearings will be

---

2  Mr. Carter was in custody in relation to a pending case in the Western District of Missouri (case number 14-00193-DGK) at the time charges in the instant matter were filed.

necessary.

(d) The parties anticipate 30 days for a trial of this matter.

(e) The parties are not yet in a position to propose a deadline for pretrial motions, responses, or a trial setting. The parties jointly request a status hearing 90 days from the June 14, 2016 status hearing to address the timing of any deadlines and settings.

## V. Whether Change of Plea Likely

The parties are not in a position to address whether a change of plea is likely until defense counsel has had an adequate opportunity to review discovery.

Respectfully submitted,
BARRY R. GRISSOM
United States Attorney
District of Kansas

/s/ *Erin S. Tomasic*
Erin S. Tomasic
Special Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
D. Kan. No. 78430

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: any attorney entering their appearance on behalf of a defendant in the above-captioned case.

/s/ *Erin S. Tomasic*
Erin S. Tomasic
Special Assistant United States Attorney