# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
   *Plaintiff,*

v.          Case No. **2:16-cr-20032-JAR**

**LORENZO BLACK,**
**KARI CARTER,**
**ANTHON AIONO,**
**ALICIA TACKETT,**
**CATHERINE ROWLETTE,**
**DAVID BISHOP,**
   *Defendants.*

---

## ORDER APPOINTING SPECIAL MASTER

---

On August 9, 2016, and again on August 16, 2016, the Court heard evidence and argument from the parties regarding Sixth Amendment violations arising from the United States Attorney's Office possession of surreptitious video recordings of attorney-client meetings and audio recordings of attorney-client communications at the pre-trial holding facility, Corrections Corporation of America (CCA). Counsel in this, and other cases, filed various motions challenging the recordings and the government's possession and use of the recordings. The recordings have been taken into the Court's custody until further order of the Court.

As the record stands now, the recordings of the attorney-client communications violated the Sixth Amendment. The scale and scope, however, are not yet established, nor is the full extent of the violations, whether constitutional, legal, or ethical. Because of the potential magnitude of the violations and the voluminous evidence to be gathered and reviewed, the Court has determined that exceptional conditions exist and that matters exist that cannot be effectively and timely addressed by an available district court judge or magistrate judge in the district.

Thus, the Court finds that a Special Master is appropriate and shall be appointed to assist the Court in determining what discovery may be released, what must be retained, the scope of the recordings, the knowledge, intent and purpose of the USAO in obtaining protected communications, and what remedies, if any, may be appropriate. The initial objectives and powers of the Special Master are set forth below. The Court may expand the scope of the inquiries, or the authority needed to meet the objectives, upon request of the Special Master.

## Objectives of the Special Master

**Objective One:**

To determine what materials obtained by the government in this case are covered by the attorney-client[1] privilege, confidentiality, or other privacy protections (protected materials), and to determine how relevant non-protected materials can be identified and distributed as discovery to these defendants and other affected parties.

---

[1] Attorney-client includes other members of the defense team, including investigators, paralegals, interpreters, and expert service providers.

**Primary Areas of Inquiry:**

A. Review portions of video surveillance, other than the video of the attorney-client rooms[2] designated on DVR No. 6, to determine whether they contain privileged or confidential information.[3]

B. Determine whether audio recordings of the attorney-client visitation room were made and whether those recordings are included with the video surveillance or other materials requested or obtained by the United States Attorney's Office for the District of Kansas (USAO).[4]

C. Review recordings of telephone calls, or conduct searches by attorney phone numbers, to determine which calls are between a client and his or her attorney.

D. Determine what, if any, steps were taken by pretrial holding facilities to protect confidential audio communications, such as blocking certain phone numbers or warning callers, and whether those measures were communicated to either the clients or their attorneys.

E. Review the computers, seized from the law library at CCA, to determine whether they contain attorney-client privileged or confidential information.

F. Determine how the relevant non-protected information can be excised from the video recordings, the audio recordings, and the law library computers, so that any non-protected materials can be distributed as discovery in this and other cases.

---

[2] The surveillance video of the attorney-client visitation rooms contains confidential non-verbal communication and will not be viewed by, or provided to, any party other than the Special Master, without demonstration to this Court that the materials are not protected and are relevant to material issues in this case.

[3] The volume of video recordings prohibits review of all of the footage for determination of these issues. The Special Master has authority to review any material, but is not expected to review or categorize all video recordings filed inder "Attorney Room" and "Attorney Room 4-7" on Disc 6.

[4] USAO shall include all attorneys employed by the District of Kansas USAO; all federal, state, and task force agents working with the USAO; and all other employees of the USAO, including IT, paralegals, and other staff.

G. Determine whether any other protected communications, such as legal mail or videoconferencing, were recorded by the pretrial holding facilities or obtained by the USAO.

**Objective Two:**

To determine how the USAO came into possession of protected materials, including those identified in Objective One, and determine any policy or practice related to obtaining protected materials. This should include identifying any specific cases or specific government attorneys or agents who have obtained protected material.

**Primary Areas of Inquiry:**

A. Determine the prior policy and practices of pretrial holding facilities under contract with the United States Marshal Service with regard to video recording or audio recording protected communications.

B. Identify past occasions when CCA, or other contract pretrial holding facilities, have made available to the government or any law enforcement agency video or audio recordings of protected communications.

C. Determine whether the USAO has intentionally sought production, formally or informally, of any protected communication from pretrial holding facilities for use in an investigation, grand jury proceedings, or prosecution, and by what means.

D. Determine whether the USAO has inadvertently come into possession of protected materials from any contract pretrial holding facility and whether appropriate remedial or protective measures were taken to notify the parties and protect the security of the communications.

E. Determine whether and how the USAO or its agents have used or attempted to use protected material in any investigation, grand jury proceedings, or litigation, whether or not it was disclosed to the Court or to the parties. This should include any attempts to interfere with the attorney-client relationship, such as requesting attorney fees or alleging conflicts of interest.

**Objective Three:**

To report to the Court the parties affected by any breaches of privilege, confidence, Constitutional rights, statutory rights, or ethical obligations, and to recommend available remedies, in this case or others, if any are appropriate.

**Primary Areas of Inquiry:**

A. Identify by using the visitation logs and other facility records the attorneys and clients who met during the time span covered by the video recordings of protected meetings in this case, or any other case involving USAO possession of protected material discovered during this inquiry.

B. Identify the attorneys and clients who communicated by phone or videoconferencing during the time span covered by the audio recordings in this case, or any other case involving USAO possession of protected material discovered during this inquiry.

C. Recommend possible remedies that might be available to parties affected by identified breaches of privilege, Constitutional right, statutory rights, or ethical obligations.

**Authority, Powers, and Responsibilities of the Special Master**

The Court grants to the Special Master the following authority, powers, and responsibilities:

A. Communicate, ex parte, with parties and attorneys to facilitate scheduling matters, to make informal suggestions to the parties to facilitate compliance with Orders of the Court; and as necessary to permit the full and efficient performance of the master's duties;

B. Issue subpoenas for the production of documents or taking of testimony on the record;

C. Inspect and copy files, documents, communication, and electronic data of any pretrial holding facility, the United States Marshal Service, and the USAO as necessary to complete the state objectives of the inquiry;

D. Retain the services of experts, consultants, or advisors for specialized tasks, such as computer analysis;

E. Obtain privileged information from counsel without the disclosure constituting a waiver of the attorney-client privilege;[5]

F. Impose sanctions, other than contempt, against a uncooperative party or non-party, and may recommend contempt sanctions against a party or non-party.

G. The Special Master will be compensated at a rate of $    per hours, and shall be reimbursed for all reasonable expenses. The Special Master's fee and other costs shall be borne by _____. The Special Master shall submit periodic itemized statement of fees and expenses to _____.

H. The Special Master shall proceed with all reasonable diligence and to keep the Court apprised of progress and an anticipated time line toward completion of the appointment.

I. Upon consultation with the Court, the Court may Order the Special Master to expand the inquiry beyond the Objectives listed above, as necessary and appropriate.

---

[5] Kansas Rules of Professional Conduct 1.6.

**Access to the Special Master's Findings**

The parties shall file with the Clerk, under seal, all papers for consideration by the Special Master. The Special Master shall also file with the Clerk, under seal, all reports or other communications with the Undersigned Court. At the conclusion of the Special Master's inquiry, the Court shall, at its discretion, make available to the parties any findings and recommendations of the Special Master. The Court will maintain the confidentiality of any protected material, unless prior notice and opportunity to object has been provided to the affected party.

Any party seeking review of any ruling of the Special Master shall comply with the requirements of Fed. R. Civ. P. 53(f).  Any party may object to any Order or Report by filing such objection with the Court within seven days of the issuance of the Order or Report. Any response to such objection must be within seven days of the objection. The Court will determine whether, based on the reasons provided in the party's objection, it is appropriate to review the Special Master's Orders or Report under a *de novo* or other appropriate standard, and whether the objection should be sustained or denied.

The Court appoints _____ as Special Master.

**IT IS SO ORDERED.**

Dated this \_\_\_ day of August, 2016

_____
**Judge Julie A. Robinson**
**U.S. District Court Judge**