IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 16-20032-01-JAR

LORENZO BLACK,

    Defendant.

## UNOPPOSED MOTION FOR PRETRIAL RELEASE

Comes now defendant Lorenzo Black, by and through undersigned counsel, and requests review and revocation of the detention order entered in this matter pursuant to 18 U.S.C. § 3145(b), and that this Court grant pretrial release pursuant to 18 U.S.C. § 3142. In support of this motion, defendant states the following:

1. Of the six defendants in this case, Mr. Black is the only one who is in custody on this matter. The only other incarcerated defendant, Karl Carter, is serving a 230-month sentence on a different federal case, filed in the Western District of Missouri. *See United States v. Karl Carter,* 14-00193-01-CR-W-DGK (W.D. Mo.), Doc. 90 (Judgment and Commitment filed May 24, 2016).

2. At the outset of this case, the government successfully moved for pretrial detention of Mr. Black. *See* Doc. 35 (Order of Detention filed Apr. 14, 2016).

3. Since the initial detention hearing it has become apparent to all parties that the discovery in this case is exceptionally voluminous and unwieldy, and is (at least

1

potentially) riddled with privileged attorney-client communications. Indeed, the Court has impounded several TB of video footage and recorded phone calls obtained from CCA, and has appointed a Special Master to begin the process of assessing the feasibility of reviewing these materials for privileged communications. *See* Docs. 102 (Mem. & Order filed Aug. 10, 2016), 113 (Mem. & Order filed Aug. 18, 2016), 146 (Appointment Order filed Oct. 11, 2016). The Court also has declared this case complex and appointed a Coordinating Discovery Attorney. *See* Docs. 64 (Order declaring case complex filed May 26, 2016), 79 (Order Appointing CDA filed Aug. 4, 2016). All parties believe that in view of the volume of discovery and the significant unresolved privilege issues, resolution of this matter will be very substantially delayed. Indeed, the case is now more than 6 months past the initial appearance and defense counsel still do not have a substantial portion of the discovery, or any idea when they might receive it.

4. One of the reasons that the government initially opposed pretrial release for Mr. Black was because he has a warrant in case number 14CR299, out of Douglas County, Kansas, for a probation violation. Mr. Black's backup sentence in that case is 10 months incarceration in the Kansas DOC. If granted pretrial release, Mr. Black will be released by the USMS directly to the Douglas County Sheriff for court appearance on the warrant. In view of the procedural posture of the federal case, both parties believe that Mr. Black should be granted pretrial release here and allowed to address the state court detainer. If Mr. Black closes out the state probation successfully, then he will simply be on pretrial

release in this matter like all defendants other than Carter (who is ineligible for release). If granted bond or a new term of probation in the state case, he will be under the supervision of both courts. In the worst case, if Black is remanded to serve his sentence, he will almost certainly complete his time before anything happens in this case that would require his personal appearance (and, should his appearance become necessary, it could be secured by writ of habeas corpus ad prosequendum). In short, both parties now believe that the existence of the state court warrant should not prevent Mr. Black's pretrial release here.

5. Additionally, the government at one time believed that Mr. Black would pose a threat if released because it had information suggesting that he was engaging in intimidating or threatening behavior while at CCA. *See* Tr. 7/21/16 Hearing at 38-40. However, government counsel Chris Oakley has authorized the undersigned to advise the Court that further investigation determined that this information pertained to a different individual, and *not* to Mr. Black.

6. Mr. Black had stable employment and a stable living arrangement at the time of his arrest in this case, and would be able to return to his job and his home if released on bond. Mr. Black is not a flight risk, and will appear in court as ordered (including, if he is in state custody, by writ). It is respectfully submitted that pretrial release conditions similar to those of co-defendant Anton Aiano (Doc. 44, Order Setting Conditions of Release filed Apr. 14, 2016) would adequately ensure the safety of the community.

7. Government counsel Chris Oakley has advised the undersigned that the government is no longer seeking pretrial detention of Mr. Black and does not object to his release.

Wherefore, for all of the foregoing reasons, defendant Lorenzo Black respectfully asks the Court to revoke the detention order entered herein and grant pretrial release in this matter.

Respectfully submitted,
s/John Jenab
John Jenab, KS #18069
JENAB LAW FIRM, P.A.
110 S. Cherry St., Suite 103
Olathe, KS 66061
(913) 390-5023
(913) 764-5539 Fax
john.jenab@gmail.com
Attorney for Defendant

Certificate of Service

I certify that I filed the foregoing on October 25, 2016, using the Court's CM/ECF filing system, which provides electronic notice to all counsel of record.

s/John Jenab
John Jenab