FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

NOV 0 3 2016

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No.  16-20032-05-JAR

CATHERINE ROWLETTE

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, D. Christopher Oakley, and Catherine Rowlette, the defendant, personally and by and through her counsel, Michael M. Jackson, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count Four of the Indictment charging a violation of 18 U.S.C. § 1791(a)(1) and (a)(5), that is, Providing Contraband in Prison.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense.  The defendant understands that the maximum sentence which may be imposed as to Count Four of the Indictment to which she has agreed to plead guilty is not more than six months of imprisonment, a $100,000 fine, 1 year of supervised release, and a $10 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning in or around September 2015, and continuing until on or about April 8, 2016, Catherine Rowlette knowingly aided and abetted David Bishop, Lorenzo Black, and others to provide tobacco, a prohibited object, to Rowlette's son, Stephen Rowlette, who was during that time frame an inmate at the Corrections Corporation of America (CCA) facility

1

in Leavenworth, Kansas. Tobacco is a prohibited object, that is, an object that threatens the order, discipline, or security of a prison, as defined in 18 U.S.C. § 1791(b)(5).

Providing tobacco to Stephen Rowlette violated 28 C.F.R. § 6.1 and the rules promulgated by CCA, which operates under the supervision of the United States Marshals Service. CCA Leavenworth is a facility in which persons are held in custody pursuant to a contract and agreement with the Attorney General.

3.    **Application of the Sentencing Guidelines.**  The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.    **Relevant Conduct.**  The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)    to dismiss the remaining counts of the Indictment at the time of sentencing;

(b)     to not file any additional charges against the defendant arising out of the
facts forming the basis for the present Indictment;

(c)     to recommend a sentence of 2 years probation; and

(d)     To recommend the defendant receive a two (2) level reduction in the
applicable offense level under U.S.S.G. § 3E1.1 for acceptance of
responsibility.  In addition, if her offense level is 16 or greater, prior to
any reduction for acceptance of responsibility, and the Court finds she
qualifies for a two-level reduction, the United States will move at the time
of sentencing for an additional one-level reduction for acceptance of
responsibility because she timely notified the government of her intention
to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's
continuing to manifest an acceptance of responsibility.  If the defendant denies or gives
conflicting statements as to her involvement, falsely denies or frivolously contests relevant
conduct the Court determines to be true, willfully obstructs or impedes the administration of
justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in
additional criminal conduct, the United States reserves the right to petition the Court for a
hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached
or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of
justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in
additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms,
the United States shall not be bound by this Paragraph, and may pursue any additional charges
arising from the criminal activity under investigation, as well as any charges for any perjury,
false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and
agrees that all statements she made, any testimony she gave before a grand jury or any tribunal,
or any leads from such statements or testimony, shall be admissible against her in any and all

3

criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence she will receive.

7. **Information Provided by Defendant.** The United States agrees to not use new information the defendant provides about her own criminal conduct, except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court, but may not be used against her to determine her applicable Guideline range or to depart above the applicable Guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if the defendant breaches this Plea Agreement.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which she does not agree, she will not be permitted to withdraw her guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $10 per count of conviction will be entered against her at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court

payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 5 of this agreement. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration or probation.

10.     **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.    **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12.    **Waiver of Claim for Attorney's Fees.**  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13.    **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning her background, character, and conduct, including the entirety of her criminal activities.  The defendant understands these disclosures are not limited to the count to which she is pleading guilty.  The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14.    **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only her and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

6

15.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided.  Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

16.    The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty.  She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

_____
D. Christopher Oakley
Assistant United States Attorney

Date: 10/31/16

_____
Scott C. Rask
Criminal Coordinator

Date: 10-31-16

_____
Catherine Rowlette
Defendant

Date: 11-3-16

_____
Michael M. Jackson
Counsel for Defendant

Date: 11/3/16

7