16CR20032b-ord(InmateDocts).wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,   Plaintiff | : : : | CASE NO. 16-20032 |
| v. | : : | SPECIAL MASTER DAVID R. COHEN |
| LORENZO BLACK, *et al.*,   Defendants | : : : | **REPORT REGARDING** **SEIZED INMATE DOCUMENTS** |

On November 3, 2016, Assistant United States Attorney ("AUSA") Debra Barnett communicated with the undersigned, explaining as follows:

• In April of 2016, Agents from the Kansas Bureau of Investigation (KBI) obtained documents from several inmates housed at Corrections Corporation of America – Leavenworth Detention Center ("CCA-Leavenworth"). The Agents obtained these documents in connection with the execution of a search warrant on April 8, 2016, and/or pursuant to a subpoena served on CCA-Leavenworth on April 13, 2016.

• The Agents' initial review of the seized documents led them to conclude the documents contained no attorney-client privileged information.

• More recently, the Agents became concerned their initial conclusions might not be entirely correct. Accordingly, the Agents presented the documents to AUSA Tanya Treadway for review, in her role as "taint attorney."

• Ms. Treadway did not review the documents; rather, she suggested to Ms. Barnett that, instead, the Special Master conduct the review. Ms. Barnett then asked if I would undertake this task.

I agreed to receive and review the documents, and Ms. Barnett shipped them to me. I have completed that review, and conclude as follows.

The Agents' initial determination was correct as to the large majority of the documents, most of which are letters between inmates and their friends and relatives. These letters clearly contain no attorney-client privileged information. Further, none of the documents is a communication directly between an inmate and an attorney.

There are a few documents, however, that could be considered to be privileged. Specifically, the mother of one of the inmates: (a) had email communications with the attorney representing her son; and (b) sent copies of these emails to her son. Some courts have concluded that communications of this kind are privileged, while others have not. *See, e.g., Hendrick v. Avis Rent-A-Car Sys., Inc.*, 944 F. Supp. 187, 189 (W.D.N.Y. 1996) (communications between the attorney and the plaintiff's parents were protected by attorney-client privilege); *Leone v. Fisher*, 2006 WL 2982145 at *5 (D. Conn. Oct. 18, 2006) (emails between an attorney and the client's husband are not privileged).

To deal as quickly and easily as possible with these arguably-privileged documents, the undersigned suggested to Ms. Barnett that the Government simply agree not to view or use them, especially because they appear innocuous and irrelevant to the indictment in this case. Ms. Barnett agreed. Accordingly, the Special Master will return to the Government all of the documents it produced to me for review, except for the above-described emails.

Finally, some of the documents are photographs of a very personal nature, sent to an inmate by a friend. With the agreement of Ms. Barnett, the Special Master will also not return these documents, in order to protect the privacy of the individual involved, and because they are entirely

irrelevant to the indictment in this case.

**RESPECTFULLY SUBMITTED,**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**DATED**: November 15, 2016