16CR20032h-ord(CCAProduction).wpd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | : | CASE NO. 16-CR-20032 |
| | : | |
| v. | : | SPECIAL MASTER DAVID R. COHEN |
| | : | |
| LORENZO BLACK, *et al.*,<br>Defendants | : | **ORDER OF PRODUCTION**<br>**DIRECTED TO CCA** |
| | : | |

As noted in the Special Master's *First Report Regarding Telephone-Call Audio Recordings*, the Court earlier "ordered the Government to produce all copies of all telephone-call audio recordings the Government had obtained from [Corrections Corporation of America – Leavenworth Detention Center ("CCA-Leavenworth")] (which, in turn, had obtained the recordings from Securus)." *Report* at 1 (docket no. 183).[1]  The Special Master's initial, partial analysis of these audio recordings revealed that: (1) some of these recorded telephone calls were from inmates to their attorneys; (2) some of these telephone calls were recorded even though the attorney had earlier directed CCA-Leavenworth to designate their telephone number as "Private," meaning not to record calls made to the attorney's telephone number; and (3) the Government may have listened to some of these attorney-inmate recorded calls.

The Court has directed the undersigned to investigate, among other things, the extent to which attorney-inmate telephone calls at CCA-Leavenworth were monitored, recorded, and listened

---

[1]  The Special Master will send a copy of this Order to Ms. Alyssa Brockert of Crow & Associates, who serves as counsel for CCA-Leavenworth.

to.  The Special Master has toured CCA-Leavenworth and reviewed its use of: (1) the Securus audio-recording product, (2) internal audio intercom systems, (3) video cameras, and (4) the internal Pelco video-recording system.  Accordingly, the Special Master **ORDERS** CCA-Leavenworth to produce to the Special Master the following information and materials.  Except where noted, information and materials should be produced: (1) in searchable electronic format (e.g., excel spreadsheets); and (2) for the period beginning January 1, 2011 through December 31, 2016.  If CCA-Leavenworth has any questions about this directive, it should contact the Special Master.[2]

- Visitor Logs.[3]

- A list of CCA-Leavenworth personnel who oversaw the video-recording system and the Securus audio-recording system over this time period, including their roles and dates of employment.[4]

- All communications or records of communications, including letters, telephone calls, and incoming and outgoing emails, related to requests for telephone-call audio-recordings ("TCARs") or video-recordings of CCA-Leavenworth inmates.  This applies regardless of whether the request was for TCARs that were: (a) made by certain inmates, or (b) to certain

---

[2]  Several of the requests listed here have also been submitted to Securus.  The Special Master is *not* asking CCA-Leavenworth for production of logs from the Securus software product.

[3]  The Special Master is only interested in visitors who: (1) met with inmates in the attorney-meeting rooms, such as attorneys, paralegals, experts, polygraphers, and so on; (2) were prosecutors or individuals associated with prosecutors; *or* (3) were law enforcement officers, such as US Marshals, DEA Agents, police officers, and so on.  The Special Master assumes, however, that CCA-Leavenworth does not have separate logs for these categories of visitors.

[4]  The Special Master is aware that, more recently, the following individuals had some role in overseeing these systems, and may have sent or received communications regarding requests for recordings: Wayne Bigelow, Charles Atkins, Ken Lajiness, Wayne Hall, Matthew Collins, Roger Moore, Deborah Kinney, and Keith Arnold.

telephone numbers, or (c) for a certain time period, or (d) any other parameter; and regardless of who made the request, or to whom.

• All records related to instances where one or more TCARs or video-recordings of one or more CCA-Leavenworth inmates were collected and transmitted to any individual (e.g., CCA-Leavenworth inmate TCARs were sent to an individual via download, or burned to a CD/DVD for transmission to a law enforcement entity).

• All records related to instances where one or more CCA-Leavenworth inmate telephone calls were monitored while the call occurred, including use of the Covert Alert feature.

• All records related to the designation by CCA-Leavenworth of a telephone number as "Private," meaning that calls to that number were not to be recorded or monitored. This includes records related to the removal or loss of the "Private" designation for a telephone number.

• Records related to the policy and procedure of designating a telephone number as "Private."

• A list of all persons who had any level of access to the Securus system at CCA-Leavenworth.

The Special Master also directs CCA-Leavenworth to provide him with access to the Securus system equivalent to the "full access" currently used by Mr. Bigelow.

Finally, the Special Master **ORDERS**: (1) CCA-Leavenworth shall produce the requested information and materials within 30 days of the date of this Order; and (2) Securus shall facilitate CCA-Leavenworth's compliance with this Order, to the extent CCA-Leavenworth requests it.

**IT IS SO ORDERED.**

/s/ David R. Cohen
**David R. Cohen**
**Special Master**

**DATED**: December 21, 2016

3