# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          Case No. 16-20032-01/06-JAR

LORENZO BLACK,
KARL CARTER,
ANTHON AIONO,
ALICIA TACKET,
CATHERINE ROWLETTE, and
DAVID BISHOP,

      Defendants.

**UNITED STATES' OBJECTION TO FINDINGS IN THE SPECIAL MASTER'S FIRST REPORT REGARDING VIDEO RECORDINGS (Doc. 193)**

Comes now the United States of America, by and through Debra L. Barnett, Assistant United States Attorney, and respectfully provides notice of the government's objection, pursuant to the Court's Appointment Order (Doc. 146) and Fed. R. Civ. P. 53(f)(2), to any language in the Special Master's First Report Regarding Video Recordings (Doc. 193), which the Court considers to be a finding or conclusion that video recordings of attorney-client meetings on

DVR drive No. 6 contain privileged material.

In support of this objection, the United States offers the following:

1. On January 31, 2017, the Special Master filed his First Report Regarding Video Recordings. (Doc. 193.)  In this report, when describing his findings and conclusions, the Special Master commented twice that DVR drive No. 6 contained video recordings of privileged or confidential information. (Doc. 193, at pp. 3-4.)  Specifically, the report stated that DVR drive numbers 1-5, and the 31 DVD disks, would be released to the parties, and that "only DVR drive no. 6 contains video recordings of privileged or confidential information."  (Doc. 193, at p. 3.)  The second time this was mentioned occurred when the report stated that DVR drive No. 6 would not be released to the parties, noting that "some of the recordings on DVR Drive no. 6 contain privileged or confidential information, many do not."   (Doc. 193, at p. 4.)

2. It is unclear whether the two aforementioned statements, when taken in context, are intended to be findings or conclusions as to the existence of privileged material on DVR drive No. 6.  Indeed, in the same report on page two, in discussing the cameras recorded on DVR drive No. 6, the Special Master stated: "These seven cameras, out of the 154 cameras in the facility, are the only ones that *might have* captured privileged or confidential information,

because they recorded meetings between clients and their attorneys." (Doc. 193, p. 2 (emphasis added).)  This earlier reference suggests that the Special Master was attempting to segregate the material by identifying drives that clearly had no possibility of containing privileged information from the drive(s) that contained potentially privileged information.

    3.    The Court's Appointment Order (Doc. 146), issued on October 11, 2016, provides in Section II, D:

> Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report, ruling, or recommendation by the Special Master within 14 calendar days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, rulings, or recommendations.

(Doc. 146, p. 10.)

    4.    In light of the Court's instruction that all issues not timely preserved by objection are permanently waived, and the First Report's references to DVR No. 6's recordings which offer no caveat about there only being the *potential* for privileged material, the United States is concerned that an objection is necessary at this time to preserve its ability to litigate the privilege issue, if necessary, as part of the ongoing proceedings in this matter.

    5.    On August 11, 2016, at the original hearing on the issues related to these video recordings, the United States joined in asking the Court to take

custody of the video recordings due to the possibility that they contained privileged material making a review by the parties impossible.

6. The Special Master has now sorted the video recording material so that part of it may be safely disseminated while maintaining custody over the DVR which may contain potentially privileged information. From the United States' perspective there is no need for further review of DVR No. 6's recordings because the recordings of attorney-client meetings, by Corrections Corporation of America (CCA), were not made at the direction, or with the knowledge, of the United States. In addition, these recordings are not materials which the United States initially sought, seeks to use, or requests to have returned.

7. However, if the Court later determines that further review of the video recordings by the Special Master should move forward, then the United States expects that the issue of whether any of the video material is privileged will need to be litigated. This means that the nature and attributes of the recordings, and most importantly the extent to which they reveal communications between an attorney and client, will be of critical importance. At this time, all details of the nature and attributes of the video recordings of attorney-client meetings are still unknown to, and thus incapable of being litigated by, the parties. The First Report's statements, if intended to be

findings or conclusions, provide no factual information for the parties to use, if necessary, to evaluate their respective positions and litigate the merits of the privilege issue and any related or resulting Sixth Amendment issues.

8.    If it is the intent of the Court and Special Master that a detailed analysis of the potential privilege issue is yet to come, then the United States has no desire to raise the issue at this time.  However, if it is the Court and Special Master's intent that the Special Master's statements regarding the privileged nature of some material on DVR drive No. 6 are in fact a finding or conclusion that the video recordings of attorney-client meetings constitute privileged material, to which any objection will be deemed waived if not asserted at this time, then the United States objects to the finding of privilege and requests that a factual basis for such finding be provided to the parties along with a briefing schedule for this privilege issue.

WHEREFORE, the United States objects to any language in the Special Master's First Report Regarding Video Recordings (Doc. 193) which the Court considers to be a finding or conclusion that video recordings of attorney-client meetings recorded on DVR drive No. 6 contain privileged material.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney
United States Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
K.S.Ct.No. 12729
debra.barnett@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

s/ Debra L. Barnett
DEBRA L. BARNETT
Assistant United States Attorney