**Print**  |  **Close Window**

**Subject:** RE: USA v. Black et al- Litigation Hold
**From:** "David R. Cohen" <David@SpecialMaster.Law>
**Date:** Sat, Dec 17, 2016 5:34 pm
**To:** "Metzger, Emily (USAKS)" <Emily.Metzger@usdoj.gov>

Emily, this is fine.  Please issue immediately.

I do suggest adding the bold type as shown below.

I will get back to you soon re: the search terms and also the log data.

Thanks.

-David

============================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**


> -------- Original Message --------
> Subject: USA v. Black et al- Litigation Hold
> From: "Metzger, Emily (USAKS)" <Emily.Metzger@usdoj.gov>
> Date: Thu, December 15, 2016 2:45 pm
> To: "David R. Cohen" <David@SpecialMaster.Law>
>
> Mr. Cohen,
>
> Thank you for your response.  My apologies in not getting back to you yesterday.  We temporarily lost power to our neighborhood yesterday and then I had a brief that needed to be finalized and filed so I was temporarily diverted from this.
>
> I am, following this e-mail,  setting forth what will be, if you approve, the final draft of the litigation hold for your review.   (This has not to date gone out, though the office was previously advised to retain information and the preservation list was shared last week with the Kansas City Office.)  If you approve of this, I can send it out district-wide yet today or tomorrow.
>
> Please note that the litigation hold does not at this time contain the search terms, but indicates that I will be sending those in the near future.  From our discussions last week, I understood that you wanted to rework the syntax of the search terms and would, therefore, be issuing revised terms.  If I misunderstood, please let me know.
>
> Finally, Mark Fleshman has informed our office that the available log data as requested by Mr. Smiley is being compiled.  Is it possible for Mr. Smiley to provide the destination IP addresses in which he is interested so that Mr. Fleshman can identify the data?
>
> Thank you.  I hope you are staying warm in Ohio!

Emily

Emily B. Metzger
Assistant United States Attorney
301 N. Main St., Suite 1200
Wichita, KS 67202
Telephone: (316) 269-6685
Fax: (316) 269-6484
E-mail: Emily.metzger@usdoj.gov

---

Colleagues,

Due to a preservation order entered by the United States District Court, I am advising you in my capacity as District Litigation Hold Coordinator to please **immediately** retain, preserve and prevent any destruction, deletion or purging of any and all written and electronic materials (including files, work product, pleadings, memoranda, subpoenas, administrative requests, handwritten notes, calendar items, e-mails, phone records, tasks and any other electronic records), wherever located or recorded (please note that this includes ceasing purging of closed files that contain any such materials), and regardless of when created, that may contain information about any of the items set forth at the end of this e-mail.

In addition, please **forward a copy of this message to any agent with whom you have worked in the last five years** who may have responsive information as the Court's order applies to these agents as well. You should inform the agents that the court's order requires that responsive information be preserved, and the Court's Special Master has directed that the information be collected and held pending further directive. Agents should address legal questions to their agency legal counsel and may direct their counsel to contact me if they have questions.

As used in the list below, the phrase "attorney-client communication" means "any communication between an attorney and client, whether or not it is believed to be or may be privileged". The time frame at issue is January 1, 2011 through the present and continuing. This includes written and/or any form of electronic information.

As you are likely aware, there has been ongoing litigation in the case of *United States v. Black et al.* concerning much of this information. Please note, however, this preservation hold is **not** limited to the *Black* case and covers any and all such information that is in the possession of this office. Further, this litigation hold is **mandatory**, not discretionary, and applies to each and every employee of the United States Attorney's Office for the District of Kansas.

Any civil division or administrative division employee (excluding IT employees) who knows that they have never had any occasion to possess, request or receive any of the information below, may notify me of that fact in writing (or by e-mail) and does not need to conduct a further search of information systems. All other employees, in addition to retrieving readily known or available information, must conduct a search of information systems and produce to me the resulting information. I will in the very near future provide you with the particular search terms to be used in searching information systems. Please note that documents introduced as exhibits at trial of a case need not be produced or retained beyond normal retention policies.

If you have any questions about this, please contact me. If you are uncertain whether an item falls within this hold, please error on the side of retention and contact me.

Finally, please acknowledge your receipt and thorough review of this e-mail by either 1) signing and dating a copy of it and sending it to me; or 2) responding to this e-mail with an e-mail acknowledging that you have received and reviewed this e-mail in its entirety.

Thank you for your cooperation and assistance.

Emily

**Preservation List:**

1) When, how, and/or why CCA has produced any video-recordings to the USAO or to any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government

2) When, how and/or why Securus, CCA, the United States Marshal's Service, or any other entity or individual has produced audio recordings to the USAO or to any attorney, agents, agency, entity or individuals, whether government (local, state or federal) or non-government

3) Any steps taken by Securus or CCA or other pretrial holding facilities to protect attorney-client audio, video or audio-video communications, such as blocking certain phone numbers or warning callers

4) Whether and how any measures described in item 3 above were communicated to either detainees or their attorneys

5) Whether other attorney-client communications, such as legal mail or videoconferencing, were copied or recorded by Securus or CCA or other pretrial holding facilities

6) Whether any information described in item 5 above was obtained by the USAO, any attorney, agent, agency, entity or individual, whether government (local, state or federal) or non-government

7) How the USAO or any attorney, agent, agency, entity or individual, whether government or non-government, came into possession of any attorney-client communications, such as described in items 1 through 5 above

8) Any Government policy or practice related to obtaining materials described in items 1 through 5 above

9) Any specific cases in which specific AUSAs, attorneys, or any other agent, agency, entity or individual, whether government (local, state or federal) or non-government, obtained the materials described in items 1 through 5 above

10) Any prior policy and/or practice of Securus, CCA or any other pretrial holding facilities with regard to recording attorney-client communications

11) Occasions when Securus or CCA or other pretrial holding facilities have made available recordings of attorney-client communications to the USAO, or to any other attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government

12) Any instances in which the USAO, or any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government, sought production, formally or informally, of any attorney-client communication from Securus or CCA or any pretrial holding facility for use in an investigation, grand jury proceeding, or prosecution or for any other reason

13) The means by which the USAO, any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government, sought production of the material described in item 12 above

14) Any instances in which the USAO, or any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government, came into possession of attorney-client materials from Securus or CCA or any pretrial holding facility

15) Any instances in which remedial or protective measures were taken to notify parties or otherwise protect the security of the materials described in items 1 through 5 and 14 above

16) Whether and how the USAO, any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government, has used or attempted to use attorney-client material in any investigation, grand jury proceeding, or litigation, or any other matter, regardless of whether the use or attempted use was disclosed to the Court or to the parties

17) Whether the USAO, any attorney, agent, agency, entity or individual, whether government (local, state, or federal) or non-government, did or attempted to request information from any entity concerning an attorney-client relationship, such as information concerning attorney fees or alleging conflicts of interest

18 ) Identification, by using visitation logs and other facility records, of attorneys and clients who met during the time span covered by any of the video or audio recordings described in the above items

19) Identification of attorneys and clients who communicated by phone or videoconferencing during the time span covered by the audio recordings described in the above items