IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS
(Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|     Plaintiff,                                     ) | |
|                                                            ) | |
| VS.                                                    ) | Case No. 16-20032-01-06-JAR |
|                                                            ) | |
| DAVID BISHOP,                              ) | |
|     Defendant.                               ) | |
|                                                            ) | |

## MOTION TO SUPPRESS EVIDENCE

COMES NOW Mr. David Bishop, through undersigned counsel, and pursuant to Fed.R.Crim.P. 12(b)(3)(C) and the Fourth Amendment to the United States Constitution, moves this Court to suppress all evidence, including derivative evidence, seized by agents for the government from the search of 200 Gentry Ave., Sedalia, Missouri, on or about April 8 and April 14, 2016. Specifically, Defendant moves for the suppression and exclusion of the following:

### ITEMS FROM APRIL 8, 2016 ILLEGAL SEARCH

1. Tracphone ZTE Black with pink case cellular phone found on computer desk near front door.

2. Envelope from computer desk near front door containing bank receipts.

3. $543.00 cash from black wallet with chain.

4. $62.00 cash, straight talk card Walmart receipt, checking balance receipt and handwritten note on credit union receipt in envelope, found on computer desk near front door.

5. $148.00 cash in money envelope, inside envelope contained receipts and $344.00 cash in additional envelop on computer desk near front door.

6. Release of Funds Authorization found on computer desk near font door.

7. One envelope containing $200.00 cash, envelope with $50.00 cash envelope $220.00, envelope with $175.00, envelope with $12.00 and $1,320.00 loose cash all taken from Coleman shoe box near front door.

8. Athletic box containing numerous receipts, documents prepaid cards from bookshelf north wall between computer desks.

9. HP Pavilion desktop tower front desk near front door.

10. Dell Inspirion Laptop found in between computer desks on top of cushion.

11. Compaq laptop found on cushion below item #10.

12. Documents containing bank records and 2015 tax record found on top shelf of computer desk near kitchen.

13. Tracphone ZTE found on computer desk near kitchen.

14. HP desktop on second desk near kitchen on top shelf.

15. $61.00 removed from brown wallet of Bishop's on kitchen table.

16. Dell desktop PC found in west bedroom.

17. *Post arrest statements by Defendant David Bishop at time and place of search.*

## ITEMS FROM APRIL 14, 2016 ILLEGAL SEARCH

1. All photos taken from illegal search.

2. HP Laptop with case found on bookshelf in front room.

3. Dell Laptop in box found on bookshelf in front room.

4. Memory cards found o desk in front room.

5. Notes in glass jar found on desk in front room.

6. Shoebox of notes found on desk in front room.

2

7. Notebook found on front room desk.

8. Western union receipts found by front room desk.

9. Miscellaneous documents found by desk in front room.

10. $100 bill found in large lock box under bed in master bedroom.

11. U. S. Currency totaling at or about $10,976.00 in three separate envelopes found in small lockbox under bed in master bedroom.

12. Receipts found in small lock box under bed in master bedroom.

13. Miscellaneous titles found in small lock box under bed in master bedroom.

14. Miscellaneous documents found be desk in front room.

15. Black money grams found in shoebox in front room

16. Miscellaneous documents found by desk in front room.

17. Miscellaneous documents found by desk in kitchen.

18. Documents found in eyeglass case on kitchen table.

19. Miscellaneous documents found on desk in front room.

20. Supersonic android tablet found in west bedroom in pink case.

21. Straight talk cell phone in box found in west bedroom.

22. Miscellaneous documents found on desk in kitchen.

23. Blank money grams found in shoe box front room.

24. Miscellaneous documents out of shoebox front room.

25. Verizon phone in box master bedroom.

26. Startech internet hard drive found in master bedroom.

27. Envelope with misc. documents chair front room.

## STATEMENT OF FACTS

On April 8, 2016, federal agents from the Secret Service, Social Security Administration, Internal Revenue Service, local law enforcement from Sedalia Missouri, and the Kansas Bureau of Investigations executed an invalid search warrant for 200 Gentry, Sedalia Missouri where Catherine Rowlette and David Bishop resided. The April 8, 2016 search warrant was one of many executed on the same day; and in the same case in Leavenworth Kansas and Kansas City, Missouri. Every search warrant and accompanying affidavit/application was identical with exception of the place to be searched, the affiant, the affiant's experience, and the jurist who signed off. (*Defense Exhibit A*). The search warrant lists twenty-one other individuals who are not part of this case or listed as a co-defendant in any of the indictments. The search warrant equally fails to identify who lives at 200 Gentry, Sedalia Missouri. Finally, the search warrant uses forbidden and over inclusive catch all terms like "any and all records", "All financial records" and "All records". These boiler plate templates to legally search a person's home are intrusive, illegal, and unreasonable. *United States vs. Arron James Dunn*, No. 15-1475 (10th Cir. Filed Dec. 12, 2017) (Government failed to establish sufficient particularity and over inclusive in language invalidated warrant, not saved by good faith). Lastly, the return of the April 8, 2016 warrant was returned on April 15, 2016, just one day after the second illegal search of 200 Gentry, Sedalia, Missouri. Notably, there is no return for the April 14, 2016 executed search warrant that has been provided in discovery to date.

On April 14, 2016, federal agents from the Secret Service, Social Security Administration, Internal Revenue Service, local law enforcement from Sedalia Missouri, and the Kansas Bureau of Investigations again, executed an invalid search warrant for 200 Gentry, Sedalia Missouri. The warrant, prepared by Secret Service Agent Tim Murphy executed on April 14, 2016, described the

4

place to be searched as: "2907 E. 35th St., Kansas City, Missouri – One story, tan, wood frame single family residence with white trim situated facing north as the second house from the southeast corner of the intersection of 35th Street and South Benton Blvd." Officers executed the warrant at defendants' residence located at 200 Gentry Ave., Sedalia, Missouri. (*Defense Exhibit B with highlights*).

The warrant was facially and substantively defective and unlawful for several reasons. First, 200 Gentry in Sedalia Missouri is over ninety miles from the place to be searched described in the warrant. It is several counties away from Jackson County, Missouri where the search warrant indicates its listed address and at the bottom of the search warrant. For example, the very bottom page of the April 14, 2016 search warrant reads the "16th Circuit Court of PETTIS County". Pettis County Missouri is and has always been deemed the 18th Circuit Court in Missouri. Conversely, Jackson County is and always has been deemed the 16th Circuit. Importantly, Jackson County is where one would find the address listed as "2907 E. 35th St., Kansas City, Missouri – One story, tan, wood frame single family residence with white trim situated facing north as the second house from the southeast corner of the intersection of 35th Street and South Benton Blvd," not Pettis County.

In addition, the search warrant was never dated or time stamped by the associate circuit court. Also, the same all inclusive language cited as being unlawful in the April 8, 2016 warrant remains. The occupants of the residence, David Bishop and Catherine Rowlette were not specifically and properly named in the warrant.

Lastly, the probable cause is insufficient when it; 1) claims new information based on information obtained on the day of and preceding the search warrant; 2) the warrant does not incorporate the affidavit in support; 3) the warrant authorizes the *exact* same seizure of financial

5

material, electronic devices and media in the first warrant (emphasis added);  4) the search team seized items such as firearms and ammunition not expressed in the writing; and 5) law enforcement failed to leave a copy of the affidavit/application at the premises. (Note: counsel has yet to find a photo indicating the April 8, 2016 warrant was left as well).

## ARGUMENT

Law enforcement conducted the April 8 and 14, 2016 search of Kathy Rowlette and David Bishop's residence at 200 Gentry Avenue, Sedalia, Missouri absent consent. Searches conducted absent consent require a probable cause and a warrant. See *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Romero*, 749 F.3d 900, 905 (10th Cir. 2014). "[N]o warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly* describing the place to be searched and the persons or things to be seized." *U.S. Const. amend. IV*; *Groh v. Ramirez*, 540 U.S. 551, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). To satisfy the particularity requirement, the warrant must adequately describe the location to be searched. *United States v. Garcia,* 707 F.3d 1190, 1197 (10th Cir.2013). If it does not adequately describe the location to be searched sufficient to satisfy the particularity requirement, the warrant defect may be cured if it properly incorporates the supporting affidavit or application by reference. *McDonald v. United States,* 335 U.S., at 455, 69 S.Ct. 191.

It is well established that a search conducted pursuant to a warrant failing to conform to the particularity requirement of the Fourth Amendment is unconstitutional. See *Stanford v. Texas,* 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *United States v. Cardwell,* 680 F.2d 75, 77–78 (C.A.9 1982); *United States v. Crozier,* 674 F.2d 1293, 1299 (C.A.9 1982); *United States v. Klein,* 565 F.2d 183, 185 (C.A.1 1977); *United States v. Gardner,* 537 F.2d 861, 862 (C.A.6 1976); *United States v. Marti,* 421 F.2d 1263, 1268–1269 (C.A.2 1970). Evidence that is

6

unlawfully obtained and being used to prove an essential element of a charged offense are subject to suppression under the exclusionary rule, unless, the Court finds the good-faith exception applicable. *United States v. Hill*, 653, Fed. Appx. 536 (10th Cir.1995). It tends to follow that a facially invalid warrant search conducted by police officer without "good-faith" is *not* entitled to qualified immunity.

## THE WARRANT DOES NOT ADEQUATELY DESCRIBE BISHOP'S RESIDENCE SUFFICIENT TO SATISFY PARTICULARITY.

The test 'for determining the adequacy of the description of the location to be searched is whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort *and* whether there is any reasonable probability that another premise might be mistakenly searched. *United States v. Garcia,* 707 F.3d 1190, 1197 (10th Cir.2013) (quoting *United States v. Lora–Solano,* 330 F.3d 1288, 1293 (10th Cir.2003)). A "technically wrong address does not invalidate a warrant if it otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched." *Lora–Solano,* 330 F.3d at 1293. To seek clarification of a discrepancy, an executing officer may turn to his personal knowledge or the attached affidavit or application. See *United States v. Occhipinti,* 998 F.2d 791, 799 (10th Cir.1993).

The description on the search warrant described 2907 E 35th Kansas City, MO and not 200 Gentry Ave. Sedalia, MO in detail and was facially insufficient to enable the executing officer to locate the premises to be searched. While the warrant describes the two houses similarly as "one-story, tan, wood frame single family" residences, the orientation and location are fundamentally incorrect. The warrant application describes the 2907 E. 35th street home as "situated facing north as the second house from the southeast corner of the intersection of 35th Street and South Benton

7


Blvd," while the affidavit describes 200 Gentry Ave as "located on the Northwest corner of West 2nd & Gentry, Sedalia Missouri."

This is in stark contrast to the premises at issue in the Garcia case. There, the description of the premises included, "critically," its location and orientation with sufficient particularity to allow police to identify the place to be searched. Therefore, the first prong of the adequacy of the description test fails and thus invalidates the warrant for lack of particularity. Even though it is unnecessary to prove the second prong because the rule requires satisfaction of both, the description also fails prong two.

It was reasonably probable that the E. 35th residence could have been mistakenly searched instead of the Gentry residence. This is particularly true because the incorrect address was part of the investigation and the correct residence Bishop's co-defendant Lorenzo Black. An officer familiar with the case could very well have assumed a second search was to be made on Black's residence that day. (Even though the reports indicate it was before the Sedalia search). While the photographs on the affidavit were that of the Gentry residence, it does not automatically follow that affidavit was attached to the warrant, nor that if it was attached, the executing officers looked to the affidavit for clarification. Given the executing officers happened to search the intended Gentry location, it is possible that the officers made reasonable efforts to identify the correct warrant premise.

The Court in *Occhipiniti* found that executing officers may locate and identify the warrant premise with reasonable effort when components of the warrant, including the attached application and affidavit, are properly incorporated or referenced. However, unlike the warrant at issue in *Occhipiniti,* the attached application containing the correct address and county was *not* signed by the judge. Thus, the executing officer could not have reasonably ascertained from the documents

8

alone whether the correct address was on the unsigned attached application *or* on the warrant signed by the Judge.  Likewise in this case, the warrant issued contains only the Judges signature, while both lines provided for the date and time were left blank.

In contrast, the application for the April 8, 2016 search of the same residence (having the correct address on both the application and subsequent warrant issued) contain the signature, date and timestamp. Whether the executing officers had knowledge to bolster the adequacy of the description from prior observation of and familiarity with 200 Gentry Avenue is irrelevant here. See *United States v. Sturmoski,* 971 F.2d 452, 458 (10th Cir.1992) (noting that presence of officer familiar with premises "provided additional reliability that the correct premises would be searched").

The warrant in *United States v. Williamson*, 1 F. 3d 1134 (10th Cir. 1993) has the same facial defect.  The warrant did not comply with the Fourth Amendment requirement of particularity.   The warrant authorized the IRS "to enter the premises located at Star Route Box 302, Tijeras, New Mexico."  Officers executed the warrant at Williamson Waterworks, located at 1277 Old Highway 66 in Tijeras.   Star Route Box 302 was Williamson Waterworks' mail box number, however the mail box was located about one mile east and eight miles south of Williamson Waterworks business premises on New Mexico Highway 217.

The Court held the search of Williamson Waterworks violated the Fourth Amendment:

> "To pass muster under the Fourth Amendment, [t]he warrant must describe the place to be searched with sufficient particularity so that the executing officer can locate and identify it with reasonable effort." . . . "We conclude the warrant at issue did not describe the premises to be searched with sufficient particularity because it cannot be described as even "practically accurate." (*Id*. at 1136).

The government contended that an executing officer's knowledge cured the defect in the warrant.  The Court disagreed:

9

"In effect, then, the government asks us to adopt a rule that an executing officer's knowledge alone is sufficient to satisfy the Fourth Amendment's particularity requirement. Because such a rule would be fundamentally inconsistent with the requirement of a written warrant, we conclude that the search warrant at issue was invalid." (*Id*. at 1136).

The IRS agent's affidavit did describe the buildings and structures located at Williams Waterworks. Following 10th Circuit precedent in *United States v. Leary*, 846 F.2d 592, 603 (10th Cir.1988), the *Williamson* Court held the affidavit can be considered only when both of two requirements are met:

"We do not consider the contents of the warrant application or its accompanying affidavit because such documents can cure a defective warrant only when both of two requirements are met: " 'first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference.' " Leary, 846 F.2d at 603 (quoting 2 Wayne R. LaFave, Search and Seizure Sec. 4.6(a), at 241 (2d ed. 1987))." (*Id*. at 1136, fn. 1).

An officer's knowledge may not be the *sole* source of the location to determine a description adequate to satisfy particularity. See *Williamson,* 1 F.3d at 1136. The failure to adequately describe Bishop's residence does not satisfy the particularity requirement under the Fourth Amendment or Supreme Court holdings and thus invalidates the warrant executed at 200 Gentry Avenue, Sedalia, Missouri on April 14, 2016. Further, any evidence procured as a result of the unconstitutional search is subject to suppression under the Exclusionary Rule.

### THE AFFIDAVIT/APPLICATION WAS NOT PROPERLY INCORPORATED TO CURE WARRANT DEFECT

The fact that the *application* adequately described the search premises does not save the *warrant* from its facial invalidity. The Fourth Amendment requires particularity in the warrant, not in the supporting documents. See *Massachusetts v. Sheppard,* 468 U.S. 981, 988 n. 5, 104 S.Ct.

3424, 82 L.Ed.2d 737 (1984). However, the Court will consider the contents of the warrant application or its accompanying affidavit when two requirements are met: 1) the affidavit and search warrant are physically connected so that they constitute one document; and 2) the search warrant expressly refers to the affidavit and incorporates it by reference using suitable words of reference. *United States v. Leary,* 846 F.2d 592, 603 (10th Cir.1988). Words of reference are suitable when they incorporate the allegations and factual assertions of the affidavit. See *U.S. v. Dahlman,* 13 F.3d 1391 (10th Cir.1993).

There is no evidence in the record that suggests that the application or affidavit were actually affixed to the search warrant at the time of execution. In fact, given the blaring inconsistency of the two documents, it seems more likely the application and affidavit *were not* physically attached. Further, even if they were attached at the time of execution, reference to the affidavit/application in the search warrant were not suitable words of reference to constitute a proper incorporation.

The search warrant itself is a blank, fillable form that states the following, "Based on information provided in a verified application/affidavit, the Court finds probable cause to warrant a search and seizure of the following." 3 checked boxes and the incorrect 2907 E. 35th Street address. The warrant does reference the affidavit as it relates to the items to be seized or the scope of the warrant. However, that goes to the particularity of the person or things to be seized, not to the particularity of the place to be searched. See U.S. Const. amend. IV. Further, the warrant fails to reference any factual allegations or assertions set out under the affidavit/application. Because there can be no assurance the judge actually found probable cause to search 200 Gentry Ave., the warrant is facially invalid and the defect cannot be cured.

## BECAUSE THE "GOOD-FAITH" EXCEPTION TO THE EXCLUSIONARY RULE IS INAPPLICABLE, ALL UNLAWFULLY OBTAINED EVIDENCE SHOULD BE SURPRESSED.

On the issue of the "good faith" exception, the Court followed the precedent in *Leon*:

"Finally, we agree with the district court that the government is not entitled to the "good faith" exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Supreme Court has made clear that "a warrant may be so facially deficient-- i.e., in failing to particularize the place to be searched or the things to be seized--that the executing officers cannot reasonably presume it to be valid." Id. at 923, 104 S.Ct. at 3421. This is precisely such a case: no reasonable officer could have concluded that this warrant--which provides no meaningful description of the premises--was valid. We therefore AFFIRM the district court's order granting the defendant's motion to suppress." (*Id*. at 1136)

Evidence that is unlawfully obtained and being used to prove an essential element of a charged offense is subject to suppression under the exclusionary rule, unless the Court finds the good-faith exception applies. See *U.S. v. Hill*. The test to determine whether the "good-faith" exception applies is an objective one that asks, "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, The Supreme Court has made clear that "a warrant may be so facially deficient—*i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 923, 104 S.Ct. at 3421.

The executing officers could not have reasonably presumed the warrant valid because they subsequently searched the Gentry address despite the warrant providing for a completely different address, in a completely different city, 92 miles away. If the search warrant as written were handed to a Sedalia Missouri officer, the officer would never find the address as listed in the search

12

warrant and, further, would never predict 200 Gentry Ave. was the place to be searched.

Likewise, when/if the officer looked to the affidavit or application (if duly attached) and noticed the discrepancy, the reasonable response would have been to contact a judge to correct the warrant. Therefore, the government is not entitled to the "good faith" exception to the exclusionary rule as established under *Leon*.

No reasonable officer could claim to be unaware of the basic and well established rule, that a warrantless search of the home is presumptively unconstitutional. See *Payton,* 445 U.S., at 586–588, 100 S.Ct. 1371. "The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Sheppard* 468 U.S., at 988. A reasonable officer could not have believed that the facts of this case fall under any exception to that fundamental rule and thus could not have reasonably relied on an exception being fashioned in this here.

## CONCLUSION

In accordance with the holdings in *United States v. Leon, United States v. Williamson, United States vs. Arron James Dunn* and *Groh v. Ramirez,* Mr. Bishop respectfully moves to suppress all the evidence seized on April 8 and April 14, 2016, from 200 Gentry Ave., Sedalia, Missouri, the photographs and videos of the search, and any derivative evidence, including testimonial, as all fruits of the illegal searches.

Case law of the 10th Circuit and the Supreme Court and the warrant clause of the Fourth Amendment require that warrants "particularly describe the place to be searched." The warrants in this case failed altogether to meet this requirement. The warrants did not particularly describe the place to be searched, and so did not comply with the Fourth Amendment. To the contrary, the warrants executed on April 8, 2016 and April 14, 2016 at 200 Gentry Ave. Sedalia, Missouri were

facially unconstitutional under the Fourth Amendment because they failed to adequately describe the premises with sufficient particularity and did not properly incorporate the affidavit/application, contained all inclusive language, were not properly dated or time stamped, and/or failed to state legally constituted probable cause.

Agent Murphy and the others on the search team cannot claim they did not understand the contours of the particularity rule since it is so plainly explained in the Constitution itself. The "good faith" exception to the exclusionary rule does not apply. Suppression is the appropriate remedy. The items seized during the search are identified in the attached KBI evidence custody receipts. Photographs and videos taken during the search are also subject to suppression.

Simply put, law enforcement cannot be allowed to get numerous "bites at the apple" because of their own failure to properly request, write and apply for search warrant and then turn around and fail to properly execute, search and collect evidence of a crime. The April 14, 2016 warrant appears to be based solely on testimony obtained by Mr. Bishop and Ms. Rowlette while at the home getting searched on April 8, 2016. Yet, law enforcement failed to collect everything itemized and six days later (while the residents were detained in custody on the April 8 search warrant) unlawfully applied for a second search warrant citing the very same items to be collected, but fail to describe; the real property to be searched, the probable cause for the search, date and time, the correct circuit court, and dissimilar application/affidavit.

The Exclusionary Rule requires suppression of all evidence unlawfully obtained during that search because the government is not entitled to the good faith exception under that rule. And clearly, the government did not act in good faith here. Furthermore, Mr. Bishop further moves to suppress the firearms and ammunition seized during the search on the alternative basis that the seizure of these items exceeded the scope and limitations of the warrant, *Stanford v. State of*

*Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965), and he lawfully owns said weapons and ammunition.[1]

Mr. Bishop reserves the right to file additional arguments and authority in light of the evidence produced upon hearing.

Respectfully submitted,

___/s/Cynthia M. Dodge_____
Cynthia M. Dodge
Cynthia M. Dodge, LLC
312 SW Greenwich Drive, # 10
Lee's Summit MO 64082
816-246-9200
816-246-9201 (fax)
cindy@cdodgelaw.com
Attorney for Defendant David Bishop

CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that counsel for plaintiff, and counsel for the co-defendants in this matter are participants in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the Notification of Electronic Filing to be forwarded on December 18, 2017 upon the filing of the foregoing document.

/s/ Cynthia M. Dodge
_____
CYNTHIA M. DODGE

---

[1] SAUSA Tomasic facilitated the return of Mr. Bishop's guns after he was released from custody.