IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
       *Plaintiff,*

**v.**  Case No. **16-20032-JAR**

**LORENZO BLACK, *et al.*,**
       *Defendants.*

## Motion to Supplement the Record

The Federal Public Defender, as party/intervener, asks this Court to supplement the record of the case with the attached two defense exhibits and documents. These exhibits are relevant to the Court's inquiry into Sixth Amendment violations arising from governmental intrusion into attorney-client communications in the District of Kansas.[1] The foundation and the nature of the exhibits should not be objectionable, as one is are already part of the sealed record of this case and the unsealed record in another case, and the other is a sworn statement. Although the Court may know of much of this

---

[1] Although the Tenth Circuit granted a partial stay in this case, Tenth Cir. Case no. 18-3007, the only effect of the stay postponed the evidentiary hearing set for January 18 & 19, 2018, related to Phase III of the Court's inquiry. The government did not seek a stay of the Phase I or II inquiry, and the Circuit did not stay the Court's Phase III order or the Phase III inquiry. *See In re United States,* No. 18-3007, Order of Jan. 17, 2018.

information already, it is critical to introduce the exhibits into the record in this case.

Defense exhibit 521 is a letter from former SAUSA Erin Tomasic to this Court, dated May 23, 2017. It was already admitted under seal in this case,[2] but has also been admitted in the open record in another case in the District of Kansas.[3]

Defense exhibit 537 is an affidavit from attorney Carlos Moran. Mr. Moran represented Mr. Juan Herrera-Zamora, 14-cr- 20049-01-CM.  The government has argued that the must prove that each recorded phone call was privileged,[4] or if privileged, that the privilege was waived. Mr. Moran's affidavits explains that he was admitted pro hac vice to the District of Kansas and how he facilitated phone calls with his client, who was detained at CCA-Leavenworth. Additionally, the affidavit explains Mr. Moran's basis for believing that his phone calls with Mr. Herrera-Zamora were being listened to by the prosecution. This affidavit supports both that attorney-client phone calls were legally protected communications and that supports that there were in fact Sixth Amendment violations.

---

[2] Docket Entries (D.E.) 271, 272.

[3] *United States v. Herrera-Zamora,* 14-cr-020049-01-CM, D.E. 181-1.

[4] Transcripts of these calls were admitted into evidence, ex parte and in camera, before Judge Murguia as Defense Exhibits 505 – 511.

For the reasons explained, we ask the Court to admit these two exhibits into the record in this case.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail Address: Melody_Brannon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/ Melody Brannon
Melody Brannon