**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 26, 2018**

Elisabeth A. Shumaker
Clerk of Court

_____

In re: UNITED STATES OF AMERICA,

    Petitioner.

No. 18-3007
(D.C. No. 2:16-CR-20032-JAR-1)
(D. Kan.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.
_____

This matter is before the court on a petition for writ of mandamus filed by the government. Petitioner seeks an order of this court terminating Phase III of the Special Master investigation, quashing subpoenas, and restricting use of subpoenas going forward. We grant the petition in limited part.

"[M]andamus is a 'drastic' remedy that is 'to be invoked only in extraordinary situations.'" *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). It is not a substitute for appeal. *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1210 (10th Cir. 2013). Generally, before a writ of mandamus may issue, the petitioner must satisfy three conditions: 1) there is no other adequate means for the relief sought; 2) the right to relief must be clear and indisputable; and 3) this court must be satisfied that mandamus relief is appropriate. *Id.* The petitioner bears the burden to show that its right to issuance of the writ is clear and indisputable. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009).

We grant the petition for writ of mandamus to the following extent. The district court's order directing the Special Master to conduct a Phase III investigation authorized specific tasks as they pertain to three categories of people: defendants in the case before it; defendants with pending motions for relief in the District of Kansas which motions are based on certain allegations; and targets and subjects of the CCA investigation. *See* Memorandum and Order Directing Phase III Investigation, *United States v. Black*, No. 16-20032-JAR (D. Kan. May 17, 2017). We direct the district court to limit the scope of investigation and inquiries to matters related to defendants before the court in *United States v. Black*, No. 16-20032-JAR, and to other parties in *Black* who have filed Rule 41(g) motions in that proceeding.

Judge Holmes dissents in part; he would limit the scope of the Phase III investigation and related inquiries to only matters related to defendants who have been criminally charged in the *Black* case.

Judge Matheson dissents in part. To the extent this order leaves undisturbed the district court's order that the investigation be conducted as it pertains to defendants in *Black* and to other parties that have filed Rule 41(g) motions in *Black*, he agrees. But he would also permit investigation and inquiry related to defendants in other District of Kansas cases who have pending motions based on allegations related to the subject matter of the Special Master's investigation.

The motion to supplement is denied as moot.

                    Entered for the Court

                    ELISABETH A. SHUMAKER, Clerk