**In the United States District Court
for the District of Kansas**

**United States of America**,

                Plaintiff,

v.

                Case No. **16-cr-20032-JAR-02**

**Karl Carter,**

                Defendant.

**MOTION FOR DISCOVERY**

The Federal Public Defender asks this Court to order the United States Attorney's Office to identify each case in which the USAO or its agents sought or obtained recorded detainee phone calls from CCA-Leavenworth or any other federal holding facility. This information is necessary to evaluate Sixth Amendment violations arising from the USAO practice and policy of obtaining recorded calls, including privileged attorney-client communications.

The FPD has been appointed to represent any potential litigant who may have a Sixth Amendment claim arising from the USAO's possession of

attorney-client communications.[1] In terms of video recordings, this was a finite and determinable universe of federal defendants.[2]

The recorded attorney-client phone calls, however, are more difficult to ascertain. The USAO is in the best position to identify those cases in which the prosecutor or their agents requested and obtained recorded calls. We also seek the means by which the calls were obtained and whether USAO agents reviewed or listened to the calls, or relied upon those communications in any way as part of the litigation.

The FPD has been working diligently to identify these cases through the material gathered by the Special Master and by working with counsel for Securus, CCA's[3] former phone service provider. It has become clear, however, that this will result in an incomplete list because the USAO and its agents often obtained calls with no documentation.[4] The material we seek from the USAO should complete missing information, and allow us to cross-check the

---

[1] Standing Order 18-3.
[2] After receiving documents from the Special Master, the Federal Defender: (1) surveyed all attorney-client visits between February 20 and May 16 of 2016, the dates subject to the USAO subpoena, (2) determined which clients received attorney visits, (3) determined in which rooms the visits occurred (recorded or unrecorded), and (4) cross-referenced the scheduled visits with the attorney sign-in/sign-out logs, to confirm that the visits actually occurred. This analysis yielded the population of clients whose attorney-client visits were recorded and provided to the United States Attorney's Office.
[3] Rebranded as CoreCivic.
[4] Recorded phone calls could be obtained by calling CCA with the request. Recorded calls were often delivered on a CD delivered to the USMS on CCA's transport van.

information we already possess. Again, the USAO is in sole and unilateral control of this information.

The Court has issued an order requiring the USAO and DOJ to preserve and maintain any recorded phone calls or related data. We now ask that the Court order the prosecution to produce the following information:

1. Any requests, in whatever form, from the USAO or its agents, including the USMS, to CCA or Securus for recorded detainee calls between January 1, 2011, and January 1, 2018.[5]

2. The identity of any detainees whose recorded calls were requested or obtained by the USAO or its agents.[6]

3. The case name and number in which the USAO or its agents intentionally obtained recorded attorney-client phone calls. [7]

4. The case name and number in which the USAO or its agents inadvertently obtained recorded attorney-client phone calls.

5. The case name and number in which the USAO or its agents requested phone calls, but none were provided.

---

[5] The FPD recently confirmed that CCA was recording FPD calls between 2011 and 2013, despite assurances and obligations not to do so. D.E. 484.
[6] USAO agents may have actually obtained the recordings and produced reports or other investigative material for the USAO, even if the USAO did not actually possess the recorded calls.
[7] *See, e.g., United States v. Juan Herrera-Zamora,* 14-cr-20049-CM-1; *United States v. Ashley Huff,* 14-cr-20067-09-CM.

6. The USAO policy and practice, in whatever form, regarding possession of attorney-client communications, whether obtained intentionally or inadvertently.

7. Whether the USAO or its agents provided those calls to any other person or entity.

The FPD asks for this information to be provided, regardless of whether the USAO still has the actual recordings.

Further, we ask the Court to Order the government to provide any information[8] that is favorable to the Sixth Amendment claims pending before this Court, including information that the USAO knew that attorney-client calls were recorded; that attorney-client calls were not excepted from USAOrequests; or that the USAO or its agents knew of, reviewed, or relied upon any attorney-client information. This materially favorable information is compelled by the Due Process Clause of the Fifth Amendment and to support the Sixth Amendment violations pending before this Court.

Wherefore, the FPD asks the Court to grant this motion, and require the government to produce this information by September 25, 2018.

---

[8] *Smith v. Secretary of New Mexico Department of Corrections*, 50 F.3d 801 (10th Cir. 1995).

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail Address: Melody_Brannon@fd.org

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

s/ Melody Brannon
Melody Brannon