# In the United States District Court
# for the District of Kansas

---

**United States of America**,

                    Plaintiff,

v.

                    Case No. **16-cr-20032-JAR-2**

**Karl Carter,**

                    Defendant.

---

## Motion for Discovery

---

There "is evidence that the government has demonstrated a lack of transparency to the Court and counsel about its possession, knowledge and use of video recordings. The government has made inconsistent, inaccurate or misleading statements to the Court about the video recordings."[1]

The Court has held that there was one USAO computer used to play those video recordings, but "that computer had not been preserved. Instead, its hard drive had been wiped clean."[2] The "one computer that could have provided meta data and information revelatory of when video recordings were played, perhaps by whom, and perhaps what video recordings were played. This critical evidence has been destroyed despite the Court's order on

---

[1] D.E. 253 at 25. *Memorandum and Order Directing Phase III Investigation*

[2] D.E. 253 at 40. *Id.*

1

September 7."[3]  It was also destroyed despite the FPD's August 31, 2016, written request to preserve the information, a request that the FPD again made in a public pleading on September 2, 2016.[4]

The government's explanation answers few questions and provides no satisfactory explanation, only that it occurred during a "cyclical refresh."[5] After consulting with a computer forensic expert, more information is needed to investigate how that critical piece of evidence was spoilated. We ask the Court to order the following discovery.

For the eight computers under the control of USAO employee Pauletta Boyd before the USAO cyclical refresh:

1. Provide the make, model and serial numbers for each computer;

---

[3] *Id*.

[4] D.E. 130 at 48. *Reply to Government's Recommendation Related to Scope of Special Master (D.E. 120) and Government's Response to Motion to Impound Evidence (D.E. 121)*, REPLY TO GOVERNMENT'S RECOMMENDATION ("One other immediate concern: the Kansas City office of the USAO may be in the cyclical process of replacing computers and perhaps other electronic equipment. On August 31, 2016, the FPD asked the USAO to ensure that any such replacement does not destroy any information relevant to the Sixth Amendment issues currently before this Court. The replaced computers, hard drives, and other media may contain ESI that is relevant to a Special Master's inquiry into who may have accessed the video and audio recordings. That information should be preserved and available to the Special Master.")

[5] Defense Exhibit 556. (November 6, 2016 letter from AUSA Duston Slinkard to Special Master David Cohen). This letter was not provided to the defense until the recent litigation in the Tenth Circuit.

2. Provide the make, model, size and serial numbers for each hard drive installed in these computers and indicate which computer the hard drive is/was installed;

3. Provide information from the Windows registry showing the operating system (OS) name and version installed, date and time the OS was installed, computer name, user accounts, network settings including domains, and list of software applications installed with dates and times of installation.

On October 25, 2016, the Special Master ordered the "Office of the United States Attorney to immediately make a forensic image of the personal computers of Erin Tomasic, Kim Flannigan, and Pauletta Boyd, and also of any computer used to view the video-recordings produced in this case by individuals affiliated with the OUSA."[6] For the computers the Special Master directed to be forensically imaged:

1. Provide the make, model and serial numbers of all hard drives that were forensically imaged;

2. Provide details regarding the imaging process, including dates and times of imaging, the software/hardware utilized in the imaging process, all log files created by those tools detailing the imaging process, names given to the forensic images, how those images have

---

[6] D.E. 155 at 6. *Special Master's Discovery Order.*

   been stored (ie: network, hard drive, etc.) and location(s) where those images are stored;

3. Identify any forensic images that have been forensically analyzed. If any forensic images have been analyzed, provide information regarding the dates and times of the analysis, the tools used for the analysis, any notes or written reports produced as a result of the analysis and any opinions or conclusions reached based on the analysis.

Of the eight computers controlled by Ms. Boyd,[7] the government has indicated that seven were subject to "refresh". The government should specify:

1. What are the determining factors for a computer to be "subject to refresh";
2. Who determines when a computer is "subject to refresh";
3. What policies or directives guide this decision, and what discretion is delegated to the USAO for the District of Kansas regarding these decisions.

One of the three workstations under Ms. Boyd's control was upgraded "in-place."[8] The government should provide:

1. the make, model and serial number of this workstation;

---

[7] See Exhibit 556 at 2.

[8] *Id.*

4

2. the make, model, size and serial number of the hard drive installed in this workstation;
3. information about the system PRIOR to the upgrade including, the prior operating system name and version, the date and time the prior operating system was installed, the prior computer name, prior user accounts, prior network settings, prior software applications installed with dates and times of installation;
4. information concerning the determining factors in "upgrading in-place" vs. replacing the computer;
5. Who made the decision to "upgrade in-place";
6. Who performed the "upgrade in-place";
7. Describe the entire process of upgrading in-place: how was formatting conducted, what tools/software was used, was the new operating system installed locally with a CD or thumb drive or was the computer upgraded through the network;
8. Provide any time entries, logs or other documentation regarding the upgrade in-place process;
9. Provide information from the Windows Registry showing the name and version of the new operating system that was installed, the date and time the new operating system was installed, the computer name, the user accounts, network settings, software applications installed with dates and times of installation;

    10. Provide information as to how much allocated and unallocated space is currently on the computer, and how much was on it when the new operating system was first installed.

The government has represented that, "one of the three workstations under Pauletta's control was upgraded in-place, overwriting everything on the local hard drive in the process. Of the other two workstations, one had the hard drive removed and labeled, and one was untouched."[9] For the hard drive removed and the one that was untouched, the government should provide the following:

1. the make, model and serial number of each computer;
2. the make, model, size and serial number of the hard drive installed in each computer;
3. information about each system including, the operating system name and version, the date and time the operating system was installed, the computer name, user accounts, network settings, software applications installed with dates and times of installation.

We also request that the Court order discovery concerning data backups performed on all computer systems referenced above:

1. Descriptions of any and all procedures and/or devices used to backup the software and/or data, including, but not limited to, names of backup

---

[9] Exhibit 556 at 12 (quoting email October 31, 2016 email from David Steeby to Duston Slinkard).

software used, tape rotation schedule, type of tape backup drives including name and version number;

2. If multiple generations of backups are maintained, describe how many and whether the backups are full or incremental;
3. If backup storage media is kept off-site; describe the process for archiving and retrieving such off-site media;
4. If backup storage is kept on-site; describe the process for archiving and retrieving such on-site media;
5. Provide the name of the person(s) responsible for conducting, monitoring and otherwise maintaining the backup;
6. Describe in detail what information is backed up; and
7. Describe methods used to inventory and track computer technology including any inventory control guidelines.

Discovery of this evidence is critical to assess the USAO's assertion that this computer's hard drive was wiped inadvertently. To adequately prepare for the scheduled hearing, this information is necessary. We ask the Court to order this production within 14 days of this motion.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail: Melody_Brannon@fd.org

**CERTIFICATE OF SERVICE**

I certify that on 8/24/18, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

s/ Melody Brannon<br>Melody Brannon