**U.S. Department of Justice**

**Thomas E. Beall**
Acting United States Attorney
District of Kansas

| | |
|---|---|
| Topeka Office | Wichita Office |
| 444 SE Quincy | 1200 Epic Center |
| Suite 290 | 301 N. Main |
| Topeka, Kansas 66683-3592 | Wichita, Kansas 67202-4812 |
| | |
| TEL (785) 295-2850 | Kansas City Office |
| FAX (785) 295-2853 | 500 State Avenue |
| | Suite 360 |
| | Kansas City, Kansas 66101-2433 |

November 5, 2016

David R. Cohen
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
David@SpecialMaster.Law
**Via e-mail**

      **Re:**    Correction and Supplementation of Information on Computer Preservation Issues Related to *United States v. Black* et al., 16-20032-JAR

Dear Mr. Cohen:

I am writing to correct any inaccurate information relayed at the hearing on October 28, 2016, during questioning by the Court and yourself concerning the status of preservation with regard to the "computers of Erin Tomasic, Kim Flannigan, and Pauletta Boyd, and also of any computer used to view the video-recordings produced in this case by individuals affiliated with the OUSA," pursuant to your Discovery Conference Order. Doc. 155, at p. 6.

While I have not yet been able to receive and review a transcript of the hearing to determine specifically what questions the Court asked, and how exactly I responded, I have become aware that information I had been provided in advance of the hearing, which I believe I relayed to the Court, was inaccurate.



DEFENDANT'S EXHIBIT 556
16-20032-02-JAR

November 4, 2016
Page 2

Specifically, after speaking with our district's Computer Systems Information Manager, David Steeby, on October 27, 2016, in preparation for the hearing, I was told that Pauletta Boyd had eight computers under her control: three desktop workstations and five laptop computers, and that two of those desktop workstations and all five laptops had been replaced on August 31, 2016 and September 1, 2016 during our office's cyclical PC Refresh project, and that the hard drives for both these two desktops, as well as the hard drives and chassis (actual computers minus the removed hard drives) for five of the laptops were being preserved in the possession of our office since the Court's verbal preservation order at the hearing on September 7, 2016.

On Monday, October 31, 2016, while I was communicating by e-mail with Mr. Steeby to determine how best to preserve what I understood to be the one remaining desktop workstation used by Ms. Boyd that had not been replaced and was still in current use, he informed me that he had just recalled that one of the other two desktop workstations used by Ms. Boyd had not been replaced, but had instead been "upgraded in place" by having its hard drive reformatted, resulting in all existing data being marked unallocated, and new, upgraded, software installed, on September 6, 2016. We have subsequently learned from Ms. Boyd that the particular computer in question was the only computer "used to view the video-recordings produced in this case" by Ms. Boyd, and the only computer which she is aware was "used to view the video-recordings produced in this case by individuals affiliated with the OUSA." Discovery Conference Order. Doc. 155, at p. 6.

Up until now, all of the questions we have received from the Court and defense counsel have concerned the preservation of the hard drives for computers that were replaced during the August/ September 2016 PC refresh project and were removed and destined for the data destruction center, and all of my conversations with David have concerned obtaining information to answer those inquiries or conveying to him the Court's orders regarding preservation. Prior to

November 4, 2016
Page 3

this communication from Mr. Steeby, I had not known that, in addition to computers that were replaced during the PC Refresh Project, and computers that were not affected by the project, there was a third category of computers that were upgraded in place as part of the project.

Upon learning this information, I prepared the following summary of the evolution of the issue and the newly-learned information. In the event you require additional detail, we are happy to provide whatever amplification I can. Additionally, we are open to taking whatever additional steps you may advise with respect to correcting or supplementing the record.

1.      On August 31, 2016, Federal Public Defender Melody Brannon contacted Assistant United States Attorney ("AUSA") Debra Barnett by e-mail to request preservation regarding the computer replacement project:

> From: Melody Brannon [mailto:Melody_Brannon@fd.org]
> Sent: Tuesday, August 30, 2016 5:58 PM
> To: Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>
> Cc: Kirk Redmond <Kirk_Redmond@fd.org>
> Subject: Special Master and Computers
>
> Out of an (over) abundance of caution, given that the Court has not yet ruled on the scope of the special master inquiry, it would probably be a good idea to maintain all existing computers, including hard drives and other media that could contain data related to the video recordings. I say this only because we were told that the computers in the USAO KCK were being replaced, and we want to make sure nothing is lost in the transfer.
>
> Thanks,
>
> Melody

2.      On September 7, 2016, prior to hearing with the Court, the undersigned spoke with David Steeby, the Computer Systems Information Manager for the United States Attorney's Office for the District of Kansas ("USAO"), to be ready to respond from inquiry by the Court on the preservation of computers replaced during the PC Refresh project. AUSA Barnett subsequently

Case 2:16-cr-20032-JAR   Document 573-1   Filed 08/24/18   Page 4 of 15
Appellate Case: 18-3007   Document: 01019940271   Date Filed: 02/05/2018   Page: 4

November 4, 2016
Page 4

made a similar inquiry of Mr. Steeby by e-mail, resulting in the following response in which he summarized the information he had provided to the undersigned:

> Deb,
>
> To memorialize my conversation with Duston earlier today:
> Hard drives from all the old laptops and desktops have been removed from the machines labeled and are in storage at each District office.
> Before sending them off to our data destruction center in Columbia SC, I am planning to hold on to them for at least another month to accommodate user requests to restore files that were not properly backed up.
> All old laptop hard drives are protected with CheckPoint full drive encryption (FDE). Any drive protected with FDE can only be read when reconnected with its original laptop chassis.
> Original laptop chassis' will be traded in as part of HP asset recovery program sometime during the next month or two, rendering any remaining FDE laptop hard drives unreadable.
>
> I hope this answers your questions. Please let me know if you need anything else.
>
> David Steeby
> Systems Manager

3.   During the hearing in *United States. v. Black et al.*, on September 7, 2016, the following exchange occurred between the Court and counsel for the government:

THE COURT: Okay. We're going to-- and I'm going to need to schedule with you all shortly another discovery conference. I'm going to schedule probably an ex-parte one with the defense because we need to sit down with the case budgeting attorney and Mr. Naseem and talk about some of those things, but we also need to have one with everyone. So I just thought that would be helpful for them to know what you've done in terms of compliance with the impoundment order.

One thing that was raised in the defendant's submissions that I want to ask you about is, they were concerned about your office doing a cyclical replacement of equipment and concern probably about spoliation of evidence or files or deletion or modification or something in the

Case 2:16-cr-20032-JAR   Document 573-1   Filed 08/24/18   Page 5 of 15
Appellate Case: 18-3007   Document: 01019940271   Date Filed: 02/05/2018   Page: 5

November 4, 2016
Page 5

conversion of files. What can you tell me about that?

    MS. TOMASIC: That's not going to be me,

Your Honor.

    THE COURT: Okay.

    MR. SLINKARD: Your Honor, I asked that

question, in light of the defense's filing, of our computer information manager, for want of a recollection of his specific title. This was a cyclical refresh of new PC units in all of the three branch offices of the U. S. Attorney's Office. And he informs me that the hard drives from the old laptops and desktops have been removed from the machines, are labeled and are in storage in each district office.

    Before sending them off for ultimate data--to the data destruction center in Columbia, South Carolina, as part of the decommissioning process, he intended to hold on to them for at least another month to accommodate user requests to restore any files that had not properly been backed up during the conversion to the new machines.

    THE COURT: I think those need to be held on to until further order of the Court so the--

    MR. SLINKARD: Well, that's what I was going to ask your opinion on that.

    THE COURT: Okay.

    MR. SLINKARD: "All old laptop hard drives are protected with Check Point Full Drive Encryption, so any drive encryption with the Full Drive Encryption can only be read when re-connected with its original laptop chassis. And those original laptop chassis, after the hard drives are removed, are due to be turned in."

    So I'm assuming based on-- on your order, that you would want the laptops that are necessary to-- to access those individual hard drives to be-- an ability to access those laptop hard

Case 2:16-cr-20032-JAR   Document 573-1   Filed 08/24/18   Page 6 of 15
Appellate Case: 18-3007   Document: 01019940271   Date Filed: 02/05/2018   Page: 6

November 4, 2016
Page 6

drives be also retained until further order of the Court?

    THE COURT: Yeah. And I don't-- I don't know if this really will be something that someone needs to look at or not, but in-- it would be much safer to have everything preserved until further order.

    MR. SLINKARD: That is the information that he provided today immediately prior to the hearing.

    THE COURT: Okay.

    MR. SLINKARD: So we will communicate with him that we need to retain the hard drives from the Kansas City office, unless the Court orders more broadly, retain the hard drives from the Kansas City office, as well as the ability to access the laptop hard drives from the Kansas City office, if that's acceptable.

    THE COURT: Yeah, that's fine. Just the Kansas City division will be fine. And that's something I'll ask whoever is appointed to look into fairly quickly so we can determine whether you really need to hold on to those things any longer or not.

    MR. SLINKARD: Thank you, Your Honor.

Transcript of September 7, 2016, Hearing, pp. 54-56.

    4.    During the hearing on September 7, 2016, the undersigned sent an e-mail message to David Steeby informing him of the Court's order to preserve the drives and laptops from the Kansas City Office:

> David,
>
> At today's hearing in U.S. V. Black et al., 16-20032-01-JAR, we reported the information from your message below [Referring to the e-mail in ¶ 3, above] to the court, and Judge Robinson ordered that the old hard drives from all of the computers in the Kansas City division be retained, and that whatever hardware is necessary to

ensure the ability to access the hard drives from the old laptops from that division also be retained, pending further order of the court.

Thank you,
Duston

Approximately half an hour later, Mr. Steeby responded:

Thank you Duston, this won't be a problem. I'll keep all the KCK hard drives and laptop shells until I hear further.

5.   On September 8, 2016, Acting United States Attorney Thomas E. Beall also

contacted Mr. Steeby by e-mail to convey the Court's order, stating:

David,

Yesterday the Court ordered us to retain and preserve the hard drives recently removed from our KC office computers (including the laptops that are necessary to activate the old laptop hard drives). Please make sure those items are retained and secured until further notice. Thanks,

Tom

Thomas E. Beall
Acting United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Direct Line: 785-295-2871
Mobile: 785-544-8088

Mr. Steeby responded:
Tom,

No problem, I'll secure the KCK hard drives and keep the old laptop shells around until I hear differently.

Thanks,

David Steeby
Systems Manager

6.   On October 27, 2016, counsel for Intervener Reulet, Melanie Morgan, contacted

November 4, 2016
Page 8

the undersigned to request that the "hard-drives and laptops that were in use by the Topeka office prior to the recent overhaul be preserved:"

> From: Melanie Morgan [mailto:mmorgan@morganpilate.com]
> Sent: Thursday, October 27, 2016 10:02 AM
> To: Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>
> Subject: Preservation Requst of Topeka Computers
>
> Dear Duston -
> In follow up to our conversation this morning, I am writing to request that the hard-drives and laptops that were in use by the Topeka office prior to the recent overhaul be preserved. I'm attaching a few pages where the issue of preservation was addressed with Judge Robinson and she orally ordered the preservation of the Kansas City office computers, at a time when the Court did not have information that the issue extended to the Topeka office. Please advise as to the status of the hard-drives and laptops and whether you are willing to voluntarily preserve them. I appreciate your cooperation in this matter.
> Melanie
>
> Melanie S. Morgan
> MORGAN PILATE LLC
> 926 Cherry Street
> Kansas City, MO  64106
> mmorgan@morganpilate.com
> (816) 471-6694 (office)
> (913) 707-1990 (cell)

The undersigned confirmed with Mr. Steeby that both the replaced hard drives from the Topeka office and the laptops necessary to access the encrypted replaced laptop hard drives remained in the possession of the USAO:

> From: Slinkard, Duston (USAKS)
> Sent: Thursday, October 27, 2016 10:38 AM
> To: Steeby, David (USAKS) <DSteeby@usa.doj.gov>
> Cc: Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>
> Subject: FW: Preservation Requst of Topeka Computers
>
> David,
>
> Please confirm that all hard drives from all computer replaced during the PC refresh in the Topeka refresh remain in our possession and available and also

> whether any laptop computer needed to access any such encrypted hardrive remains in our possession and available.
>
> Thank you,
> Duston J. Slinkard, AUSA
> U.S. Attorney's Office - Kansas
> 444 SE Quincy, Suite 290
> Topeka, KS 66683
> Voice: (785) 295-7690
> Fax: (785) 295-2853

Mr. Steeby responded that all of the drives and laptop chassis were still in possession of the U.S.A.O.

> On Oct 27, 2016, at 11:55 AM, Steeby, David (USAKS) <DSteeby@usa.doj.gov> wrote:
> Yes, the hard drives are in my Topeka office, and the laptops are being stored in our locked storage room adjacent to the 1st floor trial prep area.

So, the undersigned directed that they be preserved and informed Ms. Morgan that they were available and would be preserved.

    7.    Also on October 27, 2106, the undersigned met with Mr. Steeby in anticipation of questions from the Court and Special Master concerning the computers previously used by certain employees of the Kansas City Office and directed to be forensically imaged in the Special Master's Discovery Conference Order. Doc. 155, at p. 6. During the conversation, the undersigned learned the following, which was reported to the Court during the October 28, 2016 hearing:

    a.    The refresh of computers in the Kansas City Office took place on August 31, 2016 and September 1, 2016.

    b.    AUSA Kim Flannigan previously had one laptop computer under her control, which was replaced during the refresh, with the old hard drive and chassis remaining available in the possession of the USAO.

  c. Special AUSA Erin Tomasic previously had one laptop computer under her control, which was replaced during the refresh, with the old hard drive and chassis remaining available in the possession of the USAO.

  d. Litigation Specialist Pauletta Boyd had eight computers under her control, including three desktop work stations and five laptop computers.

  e. Of the eight computers controlled by Ms. Boyd, seven (all five laptops and two of the work stations) were subject to the refresh, and one work station had not been touched during the refresh.

  f. The hard drives from Ms. Boyd's computers that were refreshed, as well as the chassis for the five replaced lap top computers, remained available in the possession of the USAO.

  g. Mr. Steeby was not certain the USAO had the capability locally to image all of the types of drives at issue.

  h. In any event, imaging the encrypted laptop drives would result in an encrypted image that could not be accessed for review unless it could function in the chassis of the laptop that originally housed the drive that had been imaged, which was unknown.

  8. During the hearing on October 28, 2016, the undersigned relayed the information learned from the October 27, 2016 conversation with Mr. Steeby to the Court. The undersigned also affirmed to the Court that the old hard drives and laptop chassis from the Kansas City office were preserved in the possession of the USAO, as reported at the September 7th hearing, and reported that the old hard drives and laptop chassis from the Topeka office were also now being preserved.

  9. During the hearing, the Court directed that old hard drives and laptop chassis from

November 4, 2016
Page 11

the entire USAO, including the Wichita office, be preserved, and that the hard drives and, only if necessary, any hardware (i.e. the laptop chassis), be impounded by the Court once items were gathered and consolidated in Kansas City.

    10.    During the hearing, the undersigned relayed the Court's preservation order to Mr. Steeby, and received confirmation that all of the old hard drives and laptop chassis would be preserved and that Mr. Steeby was consulting with the computer information officials in the Executive Office of United States Attorneys to determine how to accomplish the Court's directive.

    11.    On November 1, 2016, the undersigned contacted Mr. Steeby by e-mail to inquire about how best to deal with preservation of what was, based on the October 27, 2016 conversation about Ms. Boyd's computers, the one desktop workstation that had not been replaced during the refresh:

> From: Slinkard, Duston (USAKS)
> Sent: Monday, October 31, 2016 1:19 PM
> To: Steeby, David (USAKS) <DSteeby@usa.doj.gov>
> Cc: Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Barnett, Debra (USAKS) <DBarnett1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
> Subject: Pauletta Boyd's Computers
>
> David,
>
> Emily and Deb are working with EOUSA, both general counsel and the computer folks, to figure out a solution to the issue of preservation that will satisfy the court with respect to the hard drives removed from computers during the PC Refresh.
>
> When you and I spoke last week with respect to the computers sought to be imaged and preserved under the special master's order, you mentioned that Pauletta Boyd had eight computers under her control (3 workstations and 5 laptops) and that one of the workstations was not upgraded during the PC refresh. Tom has asked me to get with you regarding potential preservation of that one work station.

Assuming that a procedure for preservation is worked out with respect to the old hard drives for all of the district's other computers, would it be possible to remove the hard drive from that other old workstation of Pauletta's, so that it could preserved along with the others?

If so, could we simply obtain and install a new hard drive to maintain use of that workstation, or if not, is that a workstation we can live without?

Please let us know what you think.

Thank you,
Duston J. Slinkard, AUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

12.    Mr. Steeby responded as follows:

From: Steeby, David (USAKS)
Sent: Monday, October 31, 2016 1:36 PM
To: Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>
Cc: Beall, Thomas (USAKS) 1 <TBeall1@usa.doj.gov>; Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>; Metzger, Emily (USAKS) <EMetzger@usa.doj.gov>
Subject: RE: Pauletta Boyd's Computers

Duston, it didn't cross my mind at the time, but one of the three workstations under Pauletta's control was upgraded in-place, overwriting everything on the local hard drive in the process. Of the other two workstations, one had the hard drive removed and labeled, and one was untouched.

I can either take the workstation that was untouched out of production, or use our hard drive duplicator tower to make a 1-for-1 copy of the drive to store securely. I like the 1-for-1 copy option, but would be willing to take the entire workstation offline if that is more appropriate. Please let me know how you would like to proceed.

Thanks,

David

13.    The foregoing e-mail exchange was the first time the undersigned was ever told

Case 2:16-cr-20032-JAR   Document 573-1   Filed 08/24/18   Page 13 of 15
Appellate Case: 18-3007   Document: 01019940271   Date Filed: 02/05/2018   Page: 13

November 4, 2016
Page 13

that any computers were "upgraded in place," by having their hard drives re-formatted and new operating software installed, resulting in all material stored on the drive being marked "unallocated" and potentially overwritten by the installation of new operating system software.

14. From subsequent inquiry of Mr. Steeby, the undersigned has learned that the computers in the USAO currently fall into three categories:

a. Computers replaced during the PC Refresh Project, whose hard drives were removed: The hard drives for these computers and, in the case of laptops, the machines themselves, remain preserved in the USAO.

b. Computers not subject to the PC Refresh Project, and, therefore, not "touched" during the project: These computers remain in use in the USAO. They include:

1) Three desktop computers, referred to as "light activation stations," (one each in Kansas City, Topeka, and Wichita) that are used for security purposes and no case-related purposes.

2) Three desktop computers, referred to as "LAW PCs," (one each in Kansas City, Topeka, and Wichita) that are used for the processing and preparation of discovery. The desk top computer under Ms. Boyd's control referenced above as being "untouched" is the LAW PC in Kansas City.

3) Four non-networked computers, referred to as "standalones," (two in Kansas City, and one each in Topeka and Wichita) that are primarily used for the viewing of discovery by defense counsel. One of the Kansas City standalone computers was used by Jackie Rokusek and her investigator when they viewed the images of attorney client meetings in the Corrections Corporation of America ("C.C.A.") video materials.

Case 2:16-cr-20032-JAR   Document 573-1   Filed 08/24/18   Page 14 of 15
Appellate Case: 18-3007   Document: 01019940271   Date Filed: 02/05/2018   Page: 14

November 4, 2016
Page 14

    4)    One laptop computer used by the USAO's human resources officers for enrolling employees into the government PIV identification card system and no case-related purposes.

    5)    All of the district's network servers.

c.    Computers that were required to be upgraded in place as part of the P.C. Refresh Project by having their hard drives reformatted, resulting in all data on the drives being marked unallocated, and new operating and other software installed, resulting in some or all of the now-unallocated previously existing data being potentially over-written by the newly installed programs. This upgrade in place activity was required to take place within fifteen business days of the completion of the replacement of the computers that were being replaced, which was completed for the district on September 1, 2016. The computers that were upgraded in place include:

    1)    Three desktop computers, referred to as "AV-PCs," (one each in Kansas City, Topeka, and Wichita) used by litigation support staff in each office for audio-visual projects. The desk top computer under Ms. Boyd's control referenced above as being "upgraded in place" was the Kansas City AV-PC. Mr. Steeby reports that he upgraded the Kansas City AV-PC in place on September 6, 2016, prior to the Court's September 7, 2016 preservation order. This date was subsequently confirmed by running the 'systeminfo' command on this AV-PC, which shows an "Original Install Date" of 9/6/2016. Data that has been overwritten since the September 6, 2016 upgrade is no longer recoverable. Data that has not been overwritten since the September 6, 2016 upgrade may be recoverable. AUSA Barnett inquired of Ms. Boyd and learned that the Kansas

November 4, 2016
Page 15

      City AV-PC was the only computer upon which Ms. Boyd viewed any of the C.C.A. video materials, which consisted of briefly viewing various files on the drive labelled "DVR #1." Ms. Boyd reported that she had downloaded the player necessary to play video from the C.C.A. DVR Drives to the Kansas City AV-PC on June 9, 2016, with the assistance of Special Agent Andrew Matushek, of the United States Secret Service, and used DVR #1 to test it, observing what looked like the parking lot and some of the outside of the C.C.A. facility. Ms. Boyd realized that she had no idea what she was looking at, so she asked C.C.A. to provide an index of what each DVR drive contained. The index of the cameras recorded on the various DVR drives was received by Ms. Boyd from C.C.A. employee Ken Lajiness on June 10, 2016.

2)    One desktop computer used by a Deputy United States Marshal assigned to the Wichita office of the USAO.

Respectfully submitted,

**DUSTON SLINKARD**
Digitally signed by DUSTON SLINKARD
Date: 2016.11.05 11:29:45 -05'00'

Duston J. Slinkard, # 21294
Assistant U.S. Attorney
444 SE Quincy, Suite 290
Topeka, Kansas   66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov