## In the United States District Court
## for the District of Kansas

---

**United States of America**,

Plaintiff,

v.

Case No. **16-cr-20032-JAR-2**

**Karl Carter,**

Defendant.

---

## Supplemental Motion to Show Cause

---

The FPD has asked this Court to order the Government to show cause why it should not be held in contempt for failing or refusing to follow this Court's orders. D.E. 301. With this supplemental motion, we amend our remedy request to ask the Court to assess defense costs to the Government.

The two years of litigation in *Black*, lengthened by the Government's delays, have been costly to the FPD. The litigation included evidentiary hearings and the government's unsuccessful interlocutory appeal to the Tenth Circuit. By agreement of the parties, the Court has now expanded the responsibilities of the FPD to represent any District of Kansas defendant who may have a Sixth Amendment claim arising from this litigation.

Recent events threaten much higher costs. The parties negotiated a global resolution. Because of the failed negotiations, the FPD has filed approximately 50 separate 28 USC § 2255 petitions, and plan to file more as

1

the evidence develops and time permits. Further, when the government backed out of its commitment, this Court set a seven-day evidentiary hearing to commence October 2, 2018.

The Government's reversal has required a great deal more time and resources from the FPD. The FPD asks the Court to assess costs against the government if it is held in contempt.[1] We also ask for an opportunity to set forth the actual costs, including attorney and staff time, investigation, travel, experts, transcripts, and other costs.

WHEREFORE, we ask the Court to assess defense costs against the Government as a remedy for contempt.

---

[1] *See* Fed. R. Civ. P. 37 (b)(2)(C)(" Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947) ("Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."); *cf. King v. Fleming*, __ F.3d __, , 2018 WL 3863326 at *13 (10th Cir. August 15, 2018)( in context of a Fed. R. Civ. P. 11 violation, "monetary sanctions [are] to deter attorney and litigant misconduct . . .").

Respectfully submitted,


s/ Melody Brannon
MELODY BRANNON #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail: Melody_Brannon@fd.org

## <u>CERTIFICATE OF SERVICE</u>

 I certify that on 8/31/18, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties .


       s/ Melody Brannon
       Melody Brannon