# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 16-CR-20032-JAR |
| Plaintiff, ) | |
| ) | |
| v. ) | Government's Response to Federal |
| ) | Public Defender's Supplemental |
| KARL CARTER, ) | Motion to Show Cause |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby responds to the Federal Public Defender's ["FPD"] Supplemental Motion to Show Cause [Docket #585].

The FPD filed a motion for an order to show cause in October 2017. [Docket #301]. Although it is not clear from this motion exactly what government conduct the FPD alleges to be contumacious, thereby meriting an order to show cause, the FPD's original motion focuses on the government's response to a letter that the Special Master sent to then-United States Attorney Thomas Beall and the scheduled "refresh" of a United States Attorney's Office ["USAO"] computer. The government opposed the motion [Docket #346], explaining that its letter response to the Special Master was consistent with governing federal regulations, a fact known to but ignored by the FPD, which made no mention of these regulations in its show cause motion.

The FPD offered no reply to the government's response. Since then, the government has voluntarily provided the FPD with evidence showing that the computer refresh was scheduled and completed *before* this Court issued a preservation order, and that the refresh occurred in the ordinary course of Department of Justice business and not for any reason related to this litigation. And, in any event, the FPD has *never* offered any proof that any relevant information was lost when the computer was refreshed. In short, the FPD's original show cause motion is meritless.

Now, before this Court has ruled on the FPD's show cause motion, the FPD moves to "amend our remedy request to ask the Court to assess defense costs to the Government." Supplemental Motion at 1. This supplemental motion is not only premature, it is factually and legally meritless.

The FPD cites the following events as "costly to the FPD" and argues that it is entitled to recover resulting costs and expenses: (a) evidentiary hearings; (b) what the FPD mistakenly describes as the government's "unsuccessful interlocutory appeal to the Tenth Circuit"[1]; and (c) the expansion of the FPD's responsibilities "to represent any District of Kansas defendant who may have had a Sixth Amendment claim resulting from this litigation" and its decision to file numerous motions for relief under 28 U.S.C. § 2255. Supplemental Motion at 1-2.

Even had the Department of Justice committed contempt of court by either improperly destroying data on a computer or refusing without cause to comply with a request from the Special Master (neither of which occurred here), the FPD's supplemental motion would be meritless. This is because there is no causal connection between the government conduct that the FPD alleges to be contumacious and the matters for which the FPD seeks reimbursement.

---

[1] In fact, the government petitioned for a writ of mandamus and an emergency stay. The Tenth Circuit granted the government's motion for a stay and granted the government's petition in limited part. *In Re United States*, No. 18-3007 (10th Cir. Feb. 26, 2018).

First, the evidentiary hearings in this matter have occurred and will occur at the insistence of the FPD and the Special Master, and over the government's objections. The government conduct that is the subject of the FPD show cause motion – its reliance on the *Touhy* regulations in connection with a document request and its computer refresh – did not result in any cost or expense that the FPD has incurred or will incur in connection with any evidentiary hearing. The FPD motion does not allege or establish that it has subpoenaed and sought to question witnesses only because the government engaged in the conduct that the FPD alleges to be contumacious or that, but for such conduct, the FPD would have refrained from involvement in any evidentiary hearings. This is because it is the FPD's own decisions, not the government's conduct that is the subject of the show cause motion, that have caused any expenses the FPD has incurred or will incur in connection with any evidentiary hearings in this case.

Second, the government's filing of a mandamus petition and a motion for an emergency stay were not caused by any conduct described in the FPD's show cause motion. To the extent that the FPD suggests that the government's legitimate effort to seek appellate relief – which the Tenth Circuit granted in part – was itself contempt of court meriting a sanction against the government, such an assertion would be frivolous and in bad faith. If instead, the FPD means to suggest that it is entitled to recover its appellate litigation costs, it has an obligation to allege and establish that the government conduct it claims was contumacious caused the appellate litigation. The FPD has not alleged this and cannot establish this.

Third, the fact that the government and the FPD did not reach a settlement despite having conducted negotiations also is not causally linked to the conduct that is the subject of the FPD's show cause motion. Nor is the government's allegedly contumacious conduct the cause of the

FPD's decision to file § 2255 motions or any expenses that the FPD has incurred or will incur in any resulting litigation.

The FPD's supplemental motion cites inapplicable legal authority in footnote 1 of its supplemental motion, such as a rule addressing sanctions for a civil litigant's failure to comply with a discovery order. Even if any of this authority did apply in the circumstances present here, none of this authority establishes that the government can be held liable for the FPD's costs and expenses that did not result from allegedly contumacious conduct.

    Respectfully submitted,

    Steven D. Clymer
    Assistant United States Attorney
    Special Attorney for the United States
    NDNY Bar Roll #509281

**Certificate of Service**

I hereby certify that on the 12th day of September, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York