# Kansas Federal Public Defender      ATTACHMENT A

www.ks.fd.org



Federal Public Defender Melody Brannon
First Assistant Federal Public Defender Kirk Redmond

Topeka Division Attorneys
Branden A. Bell
Rich Federico
Carl Folsom
David Magariel
Andrew McGowan
Paige A. Nichols

September 25, 2018

_Delivered via email_
Mr. Steven Clymer
Assistant U.S. Attorney
Northern District of New York
steven.d.clymer@usdoj.gov

Re:   *United States v. Karl Carter, et. al.*
      16-cr-20032-JAR (D. Kan.)

Counsel,

We have reviewed your proposal as outlined in your September 21, 2018, letter. We discern no benefit to the defense. Your proposal both precludes our ability to impeach AUSA witness testimony, and bars, without explanation, other testimony that we noticed in our *Touhy* requests. There appears to be little consistency and no justification for the selected *Touhy* claims, other than that your witnesses will testify on matters deemed beneficial to the Government and remain silent on matters relevant to the Court and defense.

Our position is that *Touhy* has no application to cases where the United States is a party to the litigation.[1] We cannot agree to a protocol which permits the government "to decide the rules of the game applicable to [its] crusades."[2]  Please let us know if this changes your position whether the witnesses may still testify to the topics identified in your letter.

Regards,

*s/ Melody Brannon*
Melody Brannon
Federal Public Defender

Kansas City Division
500 State Ave, Room 201
Kansas City, Kansas 66101
Tel 913.551.6712
Fax 913.551.6562

Topeka Division
117 SW 6th Ave, Ste 200
Topeka, Kansas 66603
Tel 785.232.9828
Fax 785.232.9886

Wichita Division
301 N Main, Ste 850
Wichita, Kansas 67202
Tel 316.269.6445
Fax 316.269.6175

cc:
David Cohen                          Alleen VanBebber
Special Master                       Attorney of Record for Special Master
david@specialmaster.biz              alleenv@aol.com

David J. Guastello
Attorney for Karl Carter
david@guastellolaw.com

---

[1] *Sperandeo for and on behalf of N.L.R.B. v. Milk Drivers and Dairy Emp. Local Union No. 537*, 334 F.2d 381 (10th Cir. 1964); *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (government's *Touhy* invocation would "violate the fundamental principle that the public has a right to every man's evidence") (cleaned up); *Committee for Nuclear Responsibility v. Seaborg*, 463 F.2d 788, 794 (D.C. Cir. 1971); *United States v. Moussaoui*, 382 F.3d 453, 474 (4th Cir.2004); *Nixon v. Sirica*, 487 F.2d 700, 708 (D.C. Cir. 1973); *Streett v. United States*, Not Reported in F.Supp.2d, 1996 WL 765882 at 4 (W.D. Va. 1996) ("neither § 301.9000-1 nor *Touhy* may be used as a tool by the executive to usurp the judiciary's role in determining what evidence will enter into the courtroom. Our legal system would not endure long with the opposite rule, where a party to a dispute doubles as the referee. Just as surely as subsection (iii) protects privileged evidence, so the judiciary is the institution that must decide whether the asserted privilege applies. Otherwise, we confront the real danger that all evidence in the possession of the government will, by effective decree, be declared privileged and untouchable."); *In re Banker's Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995) "5 U.S.C. § 301, which is the most specific of the statutes, provides that the Federal Reserve may prescribe regulations 'for the government of his [sic] department, the conduct of its employees, the distribution and performance of its business, and the custody, use and preservation of its records, papers, and property.' Section 301, however, is nothing more than a general housekeeping statute and does not provide "substantive" rules regulating disclosure of government information…We likewise

conclude that Congress did not empower the Federal Reserve to prescribe regulations that direct a party to deliberately disobey a court order, subpoena, or other judicial mechanism requiring the production of information."); *Merchants Nat'l Bank & Trust Co. v. United States*, 41 F.R.D. 266, 268 (D.N.D.1966)("While the statute gives the Secretary the right to restrict disclosure, judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers."); *Commissioner of Puerto Rico v. United States*, 490 F.3d 50, 61-2 (1st Cir. 2007) (cleaned up) ("Under the Housekeeping Act, 5 U.S.C. § 301, federal agencies may promulgate regulations establishing conditions for the disclosure of information." Those regulations "provide guidance for the internal operations of the agency but do not create a substantive defense to disclosure. In other words, the regulations do not 'create an independent privilege' authorizing the Department of Justice to withhold information." Id. Rather, they "simply set forth administrative procedures to be followed when demands for information are received."); *Menocal v. GEO Group, Inc.*, Not Reported in F.Supp.3d, 2017 WL 4334000 at 3 (D. Colo. 2017) ("The conspicuous and sensible purpose of the *Touhy* regulations is to protect an agency of government from unrestricted disclosure of official documents when that agency or its 'employees' are not parties to the litigation. The purpose is not to create obstacles or shields from the normal rules of discovery when that agency or its 'employees' are parties. In the latter case, the law requires them to be treated equally without special and predictably stilted advantage. Tenth Circuit precedent supports this interpretation."); *City of Colton v. American Promotional Events, Inc.*, Not Reported in F.Supp.2d, 2011 WL 13223968 at 5 (C.D. Cal. 2011) ("Ultimately, the issue is not whether Rule 34 requires production, as it clearly does, but rather whether the Rules of Civil Procedure governing discovery in federal courts can be abrogated by agency regulations. Courts that have considered this issue have uniformly answered the query in the negative. '[J]udicial control over evidence in a case cannot be abdicated to the caprice of executive officers.' *Exxon Shipping*, 34 F.3d at 778 (internal citations omitted); see also *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 383 (10th Cir. 1964)"); *United States v. Fuentes-Correa*, Not Reported in F.Supp.3d, 2013 WL 588892 at 6 (D. P.R. 2013) ("When the United States tries a defendant in its own courts, no issue of sovereign immunity is present: disclosure obligations depend on federal criminal rules and precedents and, ordinarily, material in government hands must be produced in response to such requirements or a defense subpoena, unless privileged."); *United States v. Rosen*, 520 F.Supp.2d 802, 809-10 (E.D. Va. 2007) ("Importantly, the Housekeeping Statute does not and cannot confer on the Executive Branch the unilateral or unreviewable power to refuse to comply with a valid subpoena. See § 301 ("This section does not authorize withholding information from the public or limiting the availability of records to the public."); *S.E.C. v. Blinder, Robinson, and Co., Inc.,* Not Reported in F.Supp.2d, 1989 WL 80447 at 6 (D. Colo. 1989) ("The SEC's refusal to produce Macchiaroli was the result of a decision by the SEC, not the court. The fact that the Motion to Amend Plaintiff's Witness List was granted did not entitle the SEC to assume that it would no longer be required to comply

with the order. In making the assumption that it did, the SEC was, in effect, substituting its judgment for the court's. As stated in *Sperandeo, supra*, this is not proper. Such behavior is a cause for grave concern because the basic principles underlying the judiciary do not allow the executive branch to overrule the courts in matters properly within the courts' jurisdiction. *See: United States v. Nixon*, 418 U.S. 683, 703–05 (1973); *Sperandeo*, 334 F.2d at 384."); *United States v. Rohner*, Not Reported in F.Supp.3d, 2014 WL 4327925 at 9 (N.D. Ohio 2014) (The "lion's share of courts considering the reach of disclosure-limiting Touhy regulations have concluded that those regulations 'end at the courthouse doors.' *Resource Investments, Inc. v. U.S.*, 93 Fed.Cl.373, 380 (Fed.Cl.2010) citing *Young v. United States*, 181 F.R.D. 344, 347–48 (W.D. Tex.1997) (addressing 5 C.F.R. § 2635.805*); Dean v. Veterans Admin. Reg'l Office*, 151 F.R.D. 83, 86–87 (N.D. Ohio 1993) (same); *In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 737 F.Supp. 399, 404–05 (E.D. Mich.1989) (addressing the Ethics in Government Act); *United States ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 514 (S.D. Ohio 1999) (addressing *Touhy* regulations pursuant to 5 U.S.C. § 301); *Romero v. United States*, 153 F.R.D. 649, 651 (D. Colo. 1994) (addressing 32 C.F.R. § 516.42, the predecessor to 32 C.F.R. § 516.49); *Alexander v. FBI*, 186 F.R.D. 66, 69–71 (D.D.C. 1998) (addressing 5 U.S.C. § 301, and finding that "neither the federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents or testimony from a federal court"); *McElya v. Sterling Med., Inc.,* 129 F.R.D. 510, 514–15 (W.D. Tenn. 1990) (holding that 5 U.S.C. § 301 does not grant authority to assert an evidentiary privilege not recognized by the Federal Rules of Civil Procedure or the law of evidence).

[2] *E.E.O.C. v. Los Alamos Constructors*, 382 F.Supp. 1373, 1375, 1386 (D. N.M. 1974) ("Entitlement to receipt of a government paycheck is not a license to interfere with or to attempt to interfere with the fair administration of justice. Government files are not sacrosanct, and government employees are going to have to learn to live with the concept that even in their official capacity, they ordinarily have no fewer and no more rights in a lawsuit than does their adversary[.]"); *Sperandeo v. Milk Drivers & Dairy Employees Local Union No. 537*, 334 F.2d 381, 383 (10th Cir. 1964) (federal agencies are bound by discovery rules in the same manner as any other litigant).