IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>KARL CARTER,<br>　　　　　Defendant. | )<br>)<br>)<br>) Case No. 16-20032-2-JAR<br>)<br>)<br>)<br>) |

## MOTION TO QUASH SUBPOENA
## and MEMORANDUM IN SUPPORT

Tanya J. Treadway, *pro se*, respectfully moves the Court for an Order quashing the subpoena issued to me in the above-captioned case as oppressive and unreasonably burdensome. In support of this Motion, I offer the following:

On September 14, 2018, at the request of the Federal Public Defender, the Court issued a subpoena ordering me to testify in this case on October 2, 2018. A United States Marshal personally served me with the subpoena.

On September 24, 2018, I wrote a letter to the Court, copying the Federal Public Defender's Office (through Zay Thompson) and the United States Attorney's Office (through Duston Slinkard). In that letter, I requested to be excused from the subpoena due to my current physical limitations, namely a severely broken foot that has rendered me, for the most part, homebound, and without assistance, completely homebound. My foot is in a cast; I cannot bear weight on it; I struggle with the daily activities of living; I cannot drive; I cannot

1

leave or return to my house without assistive devices and another person's physical assistance; even with various assistive devices and individuals who occasionally provide me with physical assistance, I am a continuing fall risk. This situation will continue until at least mid-November, and it will continue longer if surgery is required. Consequently, my current physical limitations and lack of transportation render me unavailable for testimony in Kansas City, Kansas.

On September 26, 2018, Assistant Federal Public Defender Branden A. Bell sent me an email, *see* attached Exhibit 1, refusing to excuse me from the subpoena, but stating that my testimony could be moved to the week of October 8th to accommodate my doctor's appointment on October 2. Additionally, because I am unable to drive, and I do not have anyone who can provide me transportation, Mr. Bell suggested that I get in touch with the United States Marshals Service ("USMS") regarding transportation to the court house. *See id.*

On September 28, 2018, I received authorization from the Department of Justice regarding the parameters of my testimony. The parameters of the authorized testimony are narrow and include the following five items, which I understand are based on the five requests the Federal Public Defender outlined in its *Touhy* request for my testimony.

1. My duties, responsibilities, and experiences as the former Professional Responsibility Officer for the USAO.

2. How and why I obtained attorney-client communications in *United States v. Michelle Reulet*, 14-40005-03-DDC; what I did with those communications; and whether and how I notified Ms. Reulet or her counsel regarding my possession of those communications. I am not authorized to disclose what guidance I sought about my responsibilities regarding those communications.

3. Whether and by whom I was told to cooperate or not cooperate with the Special Master and the Court-ordered investigation.

4. Whether I was told or instructed to preserve any information regarding protected attorney-client communications as part of the litigation of this or related cases.

5. Whether I learned any information about the substance of witness testimony during the previous hearings in this case held on May 15-16, 2018.

After receiving the authorization from the Department of Justice, I contacted the USMS about transportation to the court house, per Mr. Bell's instruction. The USMS (Melody Witte) indicated that they had never had a similar request, would likely need special authorization to provide me medically assisted transportation, and would research the issue. On October 1, Melody Witte informed that the special authorization unit could not arrange transportation; instead, I would have to arrange my own medical transportation and pay for it myself, and then seek reimbursement from the DOJ. Based on my telephone research, such transportation would cost approximately $700.

Also on September 28, 2018, I sent an email to Mr. Bell, again asking that I be excused from the subpoena, adding to my prior request the information

regarding the narrow parameters of the authorized testimony and the transportation difficulties. Alternatively, I requested that I be allowed to testify by way of affidavit in lieu of live testimony. See Exhibit 1. Mr. Bell refused both requests in a return email. *See id.* However, he did agree to accommodate my request to not be required to testify on October 9th, when I have therapy scheduled. *See id.* Consequently, Mr. Bell evidently anticipates my testimony on October 10, 11, or 12.

The Department of Justice (through Steven D. Clymer) does not object to my being excused from the subpoena.

I am asking the Court to quash the subpoena, because requiring me to provide testimony in Kansas City, Kansas, would be oppressive and an unreasonable burden on me physically, and an unreasonable risk to my health and safety, as described in my September 24, 2018, letter, which I respectfully incorporate herein by reference. As I stated in that letter, the limited value of my testimony to the Court, if there is any value at all, is not worth the risk to my health or safety. Additionally, being required to pay hundreds of dollars for my own transportation, with the hope of being fully reimbursed at some future date, is oppressive and an unreasonable burden. That I had to personally do the research about obtaining medically assisted transportation has also been an unreasonable burden.

Furthermore, the Federal Public Defender has not indicated why my testimony is so necessary as to outweigh the unreasonable risk to my health and safety. Also, the Federal Public Defender has not indicated why the chance of further injury to me is outweighed by their claim that my testimony is necessary. Finally, the Federal Public Defender has not agreed to accept liability for any further injuries I might incur during the trip to and from Kansas City.

Therefore, for the reasons discussed above and in my prior letter, I respectfully request the Court to enter an Order quashing the Federal Public Defender's subpoena as oppressive and unreasonably burdensome.

Respectfully submitted,

/s/ Tanya J. Treadway

Tanya J. Treadway #13255
*Pro Se*
5914 Longleaf Drive
Lawrence, KS  66049
785-550-3109
swimquick55@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was provided through the ECF system on October 1, 2018, to:

Branden A. Bell
Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS   66603
Attorney for Defendant

/s/ Tanya J. Treadway, *Pro se*
Tanya J. Treadway #13255

**From:** Branden A Bell <Branden_Bell@fd.org>
**Sent:** Wednesday, September 26, 2018 8:19:28 AM
**To:** swimquick55@outlook.com
**Cc:** Melody Brannon; Zay Thompson; Kirk Redmond
**Subject:** Carter - Subpoena & Appearance

Ms. Treadway:

I read your request to be excused from testimony, addressed to Judge Robison. I am deeply sorry to hear about your broken foot. Unfortunately, your testimony is still required. In order accommodate your medical appointment, we are willing to move your testimony to the week of October 8 if you will assure us of your appearance. We'll be able to get you a more specific date once the hearing is underway and we see how long the testimony is taking.

As it relates to your transportation to the courthouse, I would suggest you get in touch with the United States Marshals Service about any special needs you may have. I am certain they will be able to address your concerns.

I sincerely wish you a speedy recovery, and look forward to seeing you soon.

Branden


Branden A. Bell
Assistant Federal Public Defender
117 SW 6th Ave
Ste. 200
Topeka, KS 66603
p 785.246.6004
e branden_bell@fd.org

EXHIBIT 1

**From:** Tanya Treadway
**Sent:** Friday, September 28, 2018 12:01 PM
**To:** Branden A Bell
**Cc:** Duston.Slinkard@usdoj.gov; Clymer, Steven D. (USANYN)
**Subject:** RE: Carter - Subpoena & Appearance

Dear Branden:

This email is in response to your email dated September 26, 2018, at 8:19 a.m. In that email, you indicated that you would not excuse my testimony, but that you would accommodate my doctor's appointment on October 2nd. I also have a therapy appointment on October 9th, which I hope you will also accommodate, if my live testimony is required. You also indicated that I should get in touch with the United States Marshals Service about transportation.

Today, I received the parameters of my authorized testimony, which appear to be narrow. I also contacted the Marshals Service, and they indicated that they would likely need some sort of authorization to provide me transportation. They will get back with me on Monday, after they have had time to research the issue.

Due to the narrow authorization, and due to the transportation difficulties, I am writing to again request that you excuse my testimony. If you will not excuse my testimony altogether, I request that you excuse my live testimony in Kansas City, and instead let me testify by way of an affidavit.

Please let me know as soon as you can whether you will excuse my testimony, or whether an affidavit in lieu of live testimony will suffice.

Thank you,

Tanya J. Treadway

**From:** Branden A Bell
**Sent:** Friday, September 28, 2018 3:26 PM
**To:** Tanya Treadway
**Cc:** Duston.Slinkard@usdoj.gov; Clymer, Steven D. (USANYN); Melody Brannon
**Subject:** RE: Carter - Subpoena & Appearance

Tanya:

Thank you for your response. We will be sure to try and accommodate your October 9th appointment. Unfortunately, we cannot accommodate your renewed request to be released from your subpoena.

Branden

Branden A. Bell
Assistant Federal Public Defender
117 SW 6th Ave
Ste. 200
Topeka, KS 66603
p 785.246.6004
e branden_bell@fd.org