# In the United States District Court
# for the District of Kansas

**United States of America**,

        Plaintiff,

v.

        Case No. **16-cr-20032-JAR-02**

**Karl Carter,**

        Defendant.

## Response in Opposition to Government's Motion to Exclude Improper Expert Testimony About Law and Legal Conclusions

The government seeks to exclude some of Professor. Joy's testimony. It says that we propose that he testify about four topics.[1] Our response is in bold.

(a) testifying whether non-verbal communications can be privileged;

**Professor Joy has already testified on this matter, and the Court has made findings averse to the government. We will present no further testimony on this topic.**

---

[1] D.E. 689 at 3.

(b) interpreting the Sixth Amendment and its relationship to the attorney-client privilege and other unspecified "rules of ethics";

**We're not sure why the government places quotations around "rules of ethics". In any event, Professor Joy's testimony is outlined more specifically in our notice.[2]**

(c) opining whether there is a waiver of the privilege when an inmate makes a telephone call to legal counsel after having received multiple warnings that the call will be monitored and recorded; and

**We intend to offer testimony on topic.**

(d) describing a federal prosecutor's discovery obligations.

**We do not intend to offer testimony on this topic, and did not say that we would. We intend to offer testimony concerning a prosecutor's obligations when she comes into receipt of potentially privileged evidence.**

The government says the Court should exclude some of Professor Joy's testimony for two reasons. First, it says that testimony about legal conclusions is inadmissible.[3] But all the cases the government cites worry

---

[2] D.E. 606.

[3] *Id.*

about jury confusion; we don't have a jury. Second, the government says that it intends to cross-examine "Professor Joy with the large body of case law in the Tenth Circuit and elsewhere holding or suggesting that the privilege is waived in these circumstances would be appropriate."[4] We invite the government to do so, though we question the existence of this "large body of case law[.]"[5] The government has never cited anything more than one old Eighth Circuit case and a smattering of mostly unpublished district court opinions, none of which are factually similar to ours, and none of which operate as binding authority in Kansas.[6] We are certainly prepared to address the application of those decisions to this case. We can do that through Professor Joy or in briefing.

1. **Testimony about the law.**

The government relies heavily on *Specht v. Jenson*,[7] but that case doesn't bear the weight the government places on it. *Specht* carefully noted that the "line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in

---

[4] D.E. 689 at 4.

[5] *Id.*

[6] D.E. 121.

[7] 853 F.2d 805, 810 (10th Cir. 1988).

expressing an opinion without that reference rendering the testimony inadmissible."[8] *Specht* also recognized that "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."[9] The broader reading of *Specht* the government advocates here would interfere with its own ability to prosecute.[10]

The government's observation that expert testimony which "states a legal conclusion usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law" is well-taken, but inapplicable here.[11] *Specht*, and all the cases it cites, are

---

[8] 853 F.2d at 809.

[9] *Id.*; *See also Smith v. Ingersoll-Rand*, 214 F.3d 1235, 1246 (10th Cir. 2000) (Ingersoll–Rand also contends Stan Smith's explanation of hedonic damages constituted impermissible testimony on an ultimate question of law, violating our admonition that "in no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). This rule is not, however, a per se bar on any expert testimony which happens to touch on the law; an expert may be "called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Id. at 809. Expert testimony on legal issues crosses the line between the permissible and impermissible when it "attempt[s] to define the legal parameters within which the jury must exercise its fact-finding function." Id. at 809–10 (emphasis added).

[10] *United States v. Buchanan*, 787 F.2d 477, 483 (10th Cir. 1986) (Permitting government witness to testify to the legal conclusion that a certain weapon had to be registered with the Bureau of Alcohol, Tobacco, and Firearms).

[11] D.E. 639 at 3, *quoting United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993).

about legal testimony which might unduly influence a jury.[12] Here, the factfinder is the Court, which can apportion weight to the testimony as it deserves.

We intend to call Professor Joy because we believe his testimony will be helpful to the Court. He is an acknowledged expert in the ethical and Sixth Amendment issues that this litigation presents. His testimony will be brief; we anticipate a direct examination of no more than thirty minutes. The government cites not one case that an expert testifying to the Court cannot explain his expertise is a narrow area of law. Its motion should be denied.

**2. The government's "large body of case law".**

What we assume the government is referring to here is an earlier filing asserting that detainees who spoke with their counsel over recorded lines waived the attorney-client privilege.[13] We are ambivalent here as to how to proceed. We have provided Professor Joy with the government's filing; he is ready and willing to address the smattering of cases it includes during his testimony. The government says it will cross-examine concerning these cases;

---

[12] 853 F.2d at 809-10 ("These cases demonstrate that an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.")

[13] D.E. 121 at 6, n. 1.

we intend to include them in our direct examination. But should the Court prefer, we can address the cases the government includes in D.E. 121 in post-hearing briefing.

In any event, the government's motion relies on completely inapposite precedent, and should be denied.

            Respectfully submitted,

            s/ Melody Brannon
            MELODY BRANNON #17612
            Federal Public Defender
            for the District of Kansas
            117 SW 6th Avenue, Suite 200
            Topeka, Kansas 66603-3840
            Phone: 785-232-9828
            Fax: 785-232-9886
            E-mail: Melody_Brannon@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 8, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

                                               s/ Melody Brannon
                                               Melody Brannon