| | |
|---|---|
| **From:** | Flannigan, Kim (USAKS) |
| **To:** | Tomasic, Erin (USAKS) |
| **Subject:** | FW: Follow up |
| **Date:** | Friday, September 30, 2016 3:50:15 PM |
| **Attachments:** | ScanRapp calls_1.pdf |

**From:** Flannigan, Kim (USAKS)
**Sent:** Friday, September 30, 2016 3:50 PM
**To:** Barnett, Debra (USAKS) 1 <DBarnett1@usa.doj.gov>
**Subject:** Follow up

Deb,

It occurred to me after our meeting on Wednesday that the Black/CCA recordings impact more than just the Rapp case.  I am certain there are other cases in the district where the prosecutors obtained CCA calls that were later also obtained in the Black investigation.  I think more thought needs to be given to the consequence of reading the claw back order to encompass all of those calls as well.  Additionally,  we should look at the wisdom of having Judge Robinson pass upon matters of discovery that relate to prosecutions being handled by other judges.  As I indicated to you, I did go back and review the emails from Erin related to this topic, and I  have attached them.  I think both of her emails clearly set forth her questions related to the calls we had already obtained as a part of the Rapp investigation, and whether they were subject to the claw back order.   As I indicated, I specifically remember discussing this issue at the meeting in Topeka.  During that meeting we sought guidance on the scope of the claw back order,  as it related to other cases, not just Rapp.
Please give some thought to this issue and send us written instructions on how we should proceed.  Thank you.



DEFENDANT'S EXHIBIT
**710**
16-20032-02-JAR