| | |
|---|---|
| **From:** | Rask, Scott (USAKS) |
| **To:** | Tomasic, Erin (USAKS); Flannigan, Kim (USAKS) |
| **Subject:** | RE: Draft - Ready for Your Review |
| **Date:** | Monday, May 1, 2017 3:59:01 PM |
| **Attachments:** | Dertinger Response to Doc. 498 M to WD Plea Dismiss (scr edits).doc |

Through the remainder.  If you have the revisions of the facts regarding the August meeting with Jackie then I am ready to review those.

**From:** Rask, Scott (USAKS)
**Sent:** Monday, May 01, 2017 2:23 PM
**To:** Tomasic, Erin (USAKS) <etomasic@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>
**Subject:** RE: Draft - Ready for Your Review

Through first argument that goes onto page 36.

**From:** Rask, Scott (USAKS)
**Sent:** Monday, May 01, 2017 12:25 PM
**To:** Tomasic, Erin (USAKS) <etomasic@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>
**Subject:** RE: Draft - Ready for Your Review

I have made suggested changes and asked various questions until the Argument section begins on page 29.  Erin, I know you were going to make certain changes and I skipped over the section that discusses the meeting with Jackie.

**From:** Tomasic, Erin (USAKS)
**Sent:** Monday, May 01, 2017 9:24 AM
**To:** Rask, Scott (USAKS) <SRask@usa.doj.gov>
**Subject:** RE: Draft - Ready for Your Review

Scott:
Yes, I did.  Here is the correct pleading.


Erin S. Tomasic
Special Assistant U.S. Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS  66101



DEFENDANT'S EXHIBIT 713
16-20032-02-JAR

**From:** Rask, Scott (USAKS)
**Sent:** Monday, May 01, 2017 9:22 AM
**To:** Tomasic, Erin (USAKS) <etomasic@usa.doj.gov>
**Subject:** FW: Draft - Ready for Your Review

Erin,

I think you sent me the wrong pleading to review, as this relates to the motion for release.

Scott

---

**From:** Tomasic, Erin (USAKS)
**Sent:** Friday, April 28, 2017 6:56 PM
**To:** Rask, Scott (USAKS) <SRask@usa.doj.gov>; Flannigan, Kim (USAKS) <kflannigan@usa.doj.gov>
**Subject:** Draft - Ready for Your Review

Scott:
I have incorporated Kim's suggestions and made another pass through. I hope that I addressed all of your previous corrections so that you are not duplicating your efforts. I left my name, Kim's name, and Jackie's name in most places because I believe it is appropriate under the circumstances. I think it would be confusing to call her defense counsel now that she is off the case, and "former defense counsel" seems cumbersome. I do not mind my name being used in most places, but I will not protest if you disagree. I know the pleading is long-winded, but, as you know, Dertinger will almost certainly appeal. I do not want to fail to address any allegations against us.

I will have my computer at home, and I can work after 8:30 each evening this weekend.

Thanks,
Erin


Erin S. Tomasic
Special Assistant U.S. Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS  66101

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-20067-06-CM |
| | ) | |
| RICHARD DERTINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW HIS PLEA, AND DISMISS THE FOURTH SUPERSEDING INDICTMENT WITH PREJUDICE, OR IN THE ALTERNATIVE DISQUALIFY THE PROSECUTION TEAM**

The United States of America opposes the defendant, Richard Dertinger's, Motion to Withdraw his Guilty Plea and Dismiss the Fourth Superseding Indictment with Prejudice, or In the Alternative Disqualify the Prosecution Team. (Doc. 498.) In his motion, the defendant claims the government violated his Fifth and Sixth Amendment rights. The defendant's ~~weighty claims are unsupported by the facts and applicable law, thus his~~ motion should be denied in all respects.

**I. Background**

    *A. United States v. Richard Dertinger*

As part of the present case, the Kansas Bureau of Investigation (KBI), Johnson County Sheriff's Office (JCSO), United States Secret Service, and Internal Revenue Service (IRS) conducted an investigation giving rise to charges against the defendant and nine other co-defendants. The investigation exposed the defendant's involvement in marijuana trafficking from California to Kansas. He was also a participant in~~and~~ money laundering at a Kansas City

1

Put differently, at the time the subpoena was drafted, SAUSA Tomasic did not recall that the cooperator indicated there were cameras in the attorney-client rooms.

After the subpoena was served on CCA, Secret Service agents engaged in protracted discussions with a representative of CCA regarding how to obtain the extraordinary volume of video recordings from CCA. Typically, when only particular and limited video recordings are requested, such as those depicting an assault or limited activity associated with contraband discovery, CCA burns those recordings to a disc and provides the disc to a law enforcement officer. CCA ultimately determined that it would provide CCA's original drives given the technological constraints and lengthy process associated with generating a copy of "all surveillance footage."

On or about May 17, 2016, CCA provided six drives, each three terabytes in size, to a Secret Service agent containing video recordings. The video recordings, including the recordings in the attorney-client meeting rooms, do not contain audio. (*See* Report of Special Master, D. Kan. Case No. 16-20032-JAR, Doc. 214, at 2.) The Secret Service generated a copy of the recordings for the U.S. Attorney's Office and placed the original set into an evidence vault. No one acting on behalf of the government viewed any video recordings of attorney-client meetings.

SAUSA Tomasic did not intend to obtain video recordings of attorney-client meetings. Around the time the subpoena was drafted, SAUSA Tomasic had been working lengthy hours in preparation for execution of the multiple search warrants at CCA and other locations on April 8, 2016. SAUSA Tomasic worked until the early morning hours of April 9, 2016, at which time she learned her infant daughter was sick. Between April 9 and 12, SAUSA Tomasic's daughter became increasingly ill, until she was eventually hospitalized on April 13 continuing to April 16.

> **Commented [RS(13)]:** because multiple cameras are viewed on a monitor at the same time, and Jeff Stokes did view recordings from DVR 6, wouldn't it be safer to explain there was no intentional viewing of attorney-client meetings?

> **Commented [RS(14)]:** why include this information?

12

**III. Conclusion**

The defendant launches a litany of accusations in this case~~against the Government~~, yet~~.~~ ~~All of his claims are unsupported by~~ the facts and applicable law do not support the relief sought. ~~While casting broad aspersions against the prosecutors, agents, and even the probation officer,~~ ~~t~~The defendant fails to satisfy his burden in all respects.

Thus, the defendant should not be permitted to withdraw his guilty plea, his indictment should not be dismissed based on alleged Fifth and Sixth Amendment violations, and the prosecut~~ion~~rs should not be disqualified. The defendant's motion should be denied in all respects.

        Respectfully submitted,

        THOMAS E. BEALL
        United States Attorney

        *s/ Kim I. Flannigan*
        Kim I. Flannigan, Kan. S. Ct. No. XXXXX
        Special Assistant United States Attorney
        500 State Avenue, Suite 360
        Kansas City, Kansas 66101
        (913) 551-6730
        Kim.Flannigan@usdoj.gov

        *s/ Erin S. Tomasic*
        Erin S. Tomasic, D. Kan. No. 78430
        Special Assistant United States Attorney
        500 State Avenue, Suite 360
        Kansas City, Kansas 66101
        (913) 551-6730
        Erin.Tomasic@usdoj.gov