**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 16-CR-20032-JAR |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Government's Response to Federal |
| ) | Public Defender's Second |
| **KARL CARTER,** ) | Supplemental Motion to Show Cause |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby responds the Federal Public Defender's ["FPD"] Second Supplemental Motion to Show Cause. [Docket #668].

The FPD motion "asks this Court to take . . . into account" certain "matters" when it considers two previously-filed FPD motions, specifically Docket #301 (a motion for an order to show cause) and Docket #585 (a motion to shift the FPD's costs to the government).[1] The FPD

---

[1] The government has already filed responses explaining that these earlier motions are meritless. *See* Docket #346, #596. The FPD offered no reply to these government responses. Further, undisputed testimony from the FPD's witnesses at the evidentiary hearing in October 2018 demonstrate that one of the FPD's central claims in support of its original show cause motion – that the Kansas United States Attorney's Office violated this Court's order of September 7, 2016 by destroying digital evidence – fails for at least three reasons: the pre-scheduled software upgrade of the relevant computer occurred *before* the Court's order (R.T. 1084-87); there is no proof that

motion offers no facts in support of the "matters" that it describes and indeed, does not make any general or specific allegations of government wrongdoing. Instead, it prefaces its description of each "matter" with the word "whether," leaving unstated, unalleged, and unproven whether any of the "matters" are true or have been proven. To the extent that the FPD's present motion can be read to suggest government wrongdoing, the government denies such allegations. If the Court is inclined to consider any of these "matters" as a basis for a contempt citation or other sanction against the government, the government requests advance notice of specific allegations of contumacious conduct and an opportunity to respond in writing.

In addition, and without suggesting that the points made below are an exhaustive government response to any allegations against it, the government notes the following deficiencies in the FPD's suggestions that the "matters" described in the FPD motion could serve as a basis for sanctions against the government:

1. The FPD describes as a "matter" for the Court's consideration "[w]hether any of the current or former USAO attorneys who testified during the last two hearings violated any laws or their duty of candor toward the tribunal during their testimony." It is not clear how testimony by *former* USAO attorneys, all of whom were called as witnesses by the FPD and/or the Special Master, not the government – specifically Mike Warner, Erin Tomasic, and Tanya Treadway – could possibly serve as a basis for the government to be sanctioned.

2. Further, absent proof that the government *intentionally* elicited false testimony from or failed to correct *known* false testimony by an attorney then employed by the government, it is not clear how such witness testimony would serve as a basis for a contempt citation or other

---

there was relevant digital evidence on the computer before the upgrade (R.T. 1124-25, 1848-50, 1860-61); and there is no proof that the upgrade destroyed any relevant digital evidence that may have been on the computer. (R.T. 1124-25, 1861).

sanction against the government. The FPD's motion does not allege, much less establish, such intentional or knowing government misconduct or any false testimony by present government attorneys.

3. The FPD motion describes as a "matter" the government's "failure to maintain a privilege log" with respect to its voluntary production of numerous documents to the Special Master consistent with the Special Master's subpoena *duces tecum*. The FPD motion does not identify any legal basis for an obligation by the government to provide a log of documents not disclosed based on the government's discretionary decisions under the *Touhy* regulations.

4. The FPD motion describes as a "matter" that the government's voluntary production of documents to the Special Master consistent with the Special Master's subpoena *duces tecum* was "late." As explained in Docket #582, federal law, specifically 28 C.F.R. § 16.27, prohibited United States Attorney Stephen McAllister from responding to the Special Master's demand for document production until the Department of Justice collected and analyzed responsive documents and issued instructions to Mr. McAllister. There is no evidence that either the Department or Mr. McAllister was willfully dilatory in that process.

5. The FPD motion describes as a "matter" that the government's voluntary production of documents to the Special Master consistent with the Special Master's subpoena *duces tecum* was "selective," and suggests that the government made "thorough production regarding former USAO attorneys" but "less-thorough production regarding current USAO attorneys." There is no factual support for these allegations and they are not true.

6. The FPD motion describes as a "matter" what it characterizes as "the government's selective privilege claims and *Touhy* objections during the last two hearings" and whether they "were justified, appropriate, and made in good faith." The government has described the *Touhy*

regulations on several occasions, including by explaining how the Department of Justice must consider applicable privileges along with other matters when responding to demands for the disclosure of information and production of documents. *See, e.g.*, Docket #346-1, #466, and #615 (sealed). These regulations, which the Court of Appeals for the Tenth Circuit has held to be valid, *United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977), vest the authority to make certain decisions regarding disclosure and production with the Department of Justice, not the federal courts. There is no evidence that the government has exercised its authority under these regulations selectively or in bad faith. Indeed, in advance of the October hearing, government counsel offered to discuss disclosure and production decisions with the Special Master and FPD and entertain requests for additional production and/or disclosure.

7. The FPD describes as a matter "[w]hether, when the government knew it was in possession of attorney-client communications, it complied with its obligations of disclosure under "the Kansas Rules of Professional Conduct, *Brady*, and this Court's standing discovery order." The FPD does not explain the legal and factual basis for its implicit assumption that the government had disclosure obligations under the Kansas Rules of Professional Conduct, *Brady*, and this Court's standing discovery order and failed to satisfy them. Even if that were the case, the FPD motion does not explain why such failures should not be addressed in the case or cases in which this allegedly occurred, but instead serve as a basis for a contempt citation in a different criminal case.

8. The FPD suggests, without factual support, that the "government's conduct unreasonably and vexatiously multiplied these proceedings," thereby giving rise to "liability for excessive costs, expenses, and attorneys' fees" under 28 U.S.C. § 1927. "To impose sanctions under [§ 1927], a court must find clear evidence that (1) the offending party's claims were entirely without

color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (internal quotation marks and citations omitted) (brackets in original). Here, the FPD has brought claims, not the government, rendering § 1927 unavailable for the purpose the FPD suggests. Further, there is no evidence that the government has engaged in impermissible conduct to "multiply" these proceedings.

If the Court nonetheless is inclined to issue an order to show cause based on any of the "matters" that the FPD asks it to "consider," the government reiterates its request that any allegations of contumacious government conduct be sufficiently specific to enable the government to properly and fully respond in writing.

                      Respectfully submitted,

                      Steven D. Clymer
                      Assistant United States Attorney
                      Special Attorney for the United States
                      NDNY Bar Roll #509281

**Certificate of Service**

I hereby certify that on the 8th day of November, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York