In the United States District Court
for the District of Kansas

**United States of America**,
      Plaintiff,

v.           Case No. **16-cr-20032-02-JAR**

**Karl Carter,**
      Defendant.

**Motion for Production of Documents and Objects Pursuant to Fed. R. Crim. P. 17(b) and (c)**

The Federal Public Defender for the District of Kansas seeks (1) a subpoena duces tecum under Rule 17(c) of the Federal Rules of Criminal Procedure; (2) payment of costs and fees for the subpoena under Rule 17(b); and (3) a records-custodian affidavit under Rule 902(11) of the Federal Rules of Evidence, as follows:

Name of persons to be subpoenaed:

 Warden Linda Thomas
 Corrections Corporation of America/CoreCivic
 100 Highway Terrace
 Leavenworth, Kansas 66048

Documents and objects to be produced:

1. The attorney calendar and the visitor log for 3/16/16;

2. The attorney calendar for 3/18/16; and

1

3. The visitor log for 5/8/16.

Deadline and place for production:

On or before **December 7, 2018**, to the Federal Public Defender's Office, 117 S.W. 6th Street, Suite 200, Topeka, Kansas, 66603.

## Background

The FPD has been appointed by this Court to review District of Kansas cases for Sixth Amendment violations arising from CCA-Leavenworth's video recording of attorney-client meetings and the USAO's subsequent possession of those video recordings. Standing Order 18-3. The FPD is reviewing records collected by the Special Master in the course of his investigation. We have discovered that some necessary information is missing and should still be in the possession of CCA, to-wit: the attorney calendar and the visitor log for 3/16/16, the attorney calendar for 3/18/18, and the visitor log for 5/8/16. We ask permission to issue a subpoena duces tecum for these limited materials.

## Procedure

Rule 17(c) authorizes this Court to issue subpoenas for the production of documents. The rule authorizes production before the documents are offered in evidence, and inspection upon production. The rule reaches

essential, relevant documents, unable to be obtained by a party exercising due diligence, so long as the party's request is in good faith.[1]

The FPD is a party in this litigation and not authorized to pay the costs and fees associated with a subpoena. We were appointed by District of Kansas Standing Order 18-3 to represent all persons who may be eligible for relief under this agreement. We therefore request payment of any costs and fees "in the same manner as those paid for witnesses the government subpoenas."[2]

## Records-Custodian Affidavit

If the custodian of the subpoenaed records executes an affidavit that complies with Federal Rule of Evidence 902(11), it will be less likely that the custodian will need to present live testimony at trial. *See* Fed. R. Evid. 803(6)(D). Avoiding live testimony will conserve judicial resources and promote an efficient resolution of the case. We therefore ask the Court to direct the custodian of the subpoenaed records to execute a records-custodian affidavit that complies with Rule 902(11).

## Conclusion

The requested documents are material, and unavailable without a subpoena. The putative clients are unable to pay the costs and fees associated

---

[1] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).
[2] Fed. R. Crim. P. 17(b).

with the subpoena. We therefore request (1) a subpoena duces tecum as described above under Rule 17(c); and (2) payment of costs and fees under Rule 17(b); (3) a records-custodian affidavit under Rule 902(11).

                Respectfully submitted,

                s/Melody Brannon
                MELODY BRANNON, #17612
                Federal Public Defender
                117 SW 6th Avenue, Suite 200
                Topeka, Kansas  66603
                Telephone: (785)-232-9828,
                Fax: (785)232-9886
                E-mail: melody_brannon@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

                s/ Melody Brannon
                Melody Brannon