**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**KARL CARTER,**

    **Defendant.**

**Case No. 16-20032-02-JAR**

## MEMORANDUM AND ORDER

This matter comes before the Court on interested party Montgomery Carl Akers' *pro se* "Notice of Joinder" (Doc. 688), which was docketed as a Motion to Intervene in this criminal proceeding. Mr. Akers is serving a 327-month sentence for bank fraud and other charges in an unrelated District of Kansas criminal case, No. 04-20089-KHV. After filing an unsuccessful appeal and motion under 28 U.S.C. § 2255, as well as approximately twenty-six orders related to these filings, Judge Vratil ordered that any future *pro se* filings in Akers' criminal case it found frivolous would result in monetary sanctions.[1] Undeterred, Mr. Akers filed the instant pleading complaining of alleged fraud upon the Court by Judge Vratil and the prosecutor in his criminal proceeding, Kim Flannigan. Akers alleges that he has evidence of numerous Sixth Amendment violations where various parties were involved in the theft of his mail and the recording of his attorney visits and calls while he was a pretrial detainee in 2004 through 2006.

---

[1] D. Kan. Case No. 04-20089-KHV, Doc. 466. The Tenth Circuit affirmed Judge Vratil's decision. *United States v. Akers*, 740 F. App'x 633 (10th Cir. 2018).

In support of his motion, Akers cites Federal Rules of Civil Procedure 21. Akers' reliance on this rule is misplaced. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." But Rule 21 is a civil rule that has no counterpart in the Federal Rules of Criminal Procedure, and Akers has not shown, nor has the Court found, any authority for the proposition that a defendant may join in a criminal case in which he has not been charged. To the extent Akers is seeking to intervene in this criminal proceeding, Fed. R. Civ. P. 24 likewise has no application in a criminal case.[2]

The Court notes that Mr. Akers appears to base his motion in part on Standing Order 18-3, which appoints the Federal Public Defender to represent any defendant in this District who may have a post-conviction Sixth Amendment claim based on video or audio recordings of attorney-client communications by any holding facility housing federal detainees. Mr. Akers' motion, however, appears to be an effort to avoid the restrictions and sanctions imposed by Judge Vratil in his own criminal case. Any Sixth Amendment or other post-conviction claim for relief must be filed in Mr. Akers' underlying criminal proceedings, No. 04-20089-KHV.[3]

**IT IS THEREFORE ORDERED BY THE COURT** that Akers' Motion to Intervene (Doc. 688) is **denied**. The clerk is directed to reject any future filings made in this proceeding by Mr. Akers as an interested party or in any other capacity.

---

[2] *See United States v. Sullivan*, 6 F. App'x 723, 724 (10th Cir. 2001) (affirming district court's denial of trustee's motion to intervene in taxpayer's criminal case).

[3] *See* Rules Governing Section 2255 Proceedings 4(a) (adopting majority rule that trial and/or sentencing judge will decide § 2255 motion).

**IT IS SO ORDERED.**

Dated: March 4, 2019

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          CHIEF UNITED STATES DISTRICT JUDGE