In the United States District Court
for the District of Kansas

---

**United States of America**,

                Plaintiff,

v.

                Case No. **16-cr-20032-JAR-02**

**Karl Carter,**

                Defendant.

---

### Federal Public Defender's Response in Opposition to Government's Motion to Supplement the Record

The United States moves this Court to supplement the record with a sworn Declaration of Roger D. Moore, Jr., who was the Chief of Security for Corrections Corporation of America's[1] Leavenworth Detention Center. The government does not cite a particular statute, rule, or order that would permit the relief it seeks. It only argues that Moore's Declaration "contains information that is relevant and material to issues now before this Court… ."[2]

The Court should overrule the motion for four reasons. First, the motion is actually a motion to reconsider, yet lacks the necessary bases to

---

[1] Now going by the name CoreCivic.
[2] Doc. 728 at 1.

1

prevail on such a motion. Second, the motion is out of time. The government could have submitted this evidence during the October 2018 evidentiary hearing but chose not to. Third, coming in the form of a declaration rather than live testimony, it robs the FPD of any opportunity to cross-examine Moore or for the Court to judge his credibility. Fourth, Moore's Declaration violates the Rules of Evidence because it does not come from personal knowledge and is cumulative.

### 1. The Court should deny the motion because it is actually an unjustified motion to reconsider.

The Court's subsequent orders do not permit the government to add testimony to the record. The Court's November 21 Order only permits the FPD and the Special Master to move to admit additional evidence.[3] "[T]he FPD and the Special Master" may "move for admission of any additional exhibits… ."[4] But neither the FPD nor the Special Master moves to admit Moore's Declaration here. The Court did give the government, as one of "[t]he parties", a deadline "to submit proposed findings of fact and conclusions of law."[5] But Moore's Declaration is neither of these things. Admittedly, the government asked the Court to reconsider the November 21 Order — yet that motion did not ask for permission to file additional exhibits.[6] The Court's

---

[3] Doc. 690 at 10.
[4] *Id.*
[5] *Id.*
[6] Docs. 696, 697.

2

January 25 Order, granting and denying the government's reconsideration motion, included the same movant limitations as its predecessor.[7] The government never moved the Court to reconsider the January 25 Order.

The government's Motion here essentially seeks to modify the January 25 Order through reconsideration. It asks to admit an exhibit even though the government is not one of the parties authorized to do so. Though uncontemplated by the Federal Rules of Criminal Procedure, motions to reconsider are permitted in criminal cases.[8] The Rules of the District Court set forth three proper rationales for such a motion:

- an intervening change in the law
- new evidence
- the need to correct clear error or prevent manifest injustice.[9]

The government's Motion fails to address any of these standards. Instead, its sole justification is that Moore's Declaration is relevant and material. Even if true, those reasons do not merit the reconsideration the government seeks.

## 2. The Court should deny the motion because it is untimely.

The government had ample opportunity to call Moore to the witness stand. Moore signed his Declaration on July 20, 2018.[10] Moore's Declaration

---

[7] Doc. 713 at 64.
[8] *See, e.g., United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).
[9] D.Kan. R. 7.3(b).
[10] Doc. 728-1 at 7.

3

was filed in Western District of Missouri's civil case three days later.[11] There is no evidence that the Declaration was filed under seal, or that the government could not have located it on that docket.

On August 17, 2018 — 25 days after Moore's Declaration was filed — this Court entered a scheduling order for an evidentiary hearing.[12] The Court informed the parties that the hearing would cover, *inter alia*, the Phase III report, pending Rule 41(g) motions, and the Motion to Show Cause.[13] It would commence on October 2, 2018 and end on October 12.[14] The Court held the evidentiary hearing as scheduled, ultimately consuming seven days and often running over normal operating hours, so that the Court could hear all of the evidence that the parties had to present. On October 12, the last day of the hearing, the government rested, indicating it had no more evidence to produce.[15] It had neither called Moore as a witness nor attempted to enter his Declaration into evidence. At this point, the Declaration had been on file for 81 days.

The Court had put the government on notice, at least as early as August 17, 2018, that it needed to assemble evidence and witnesses for the October 2, 2018 hearing. Moore's Declaration was available to the

---

[11] *See* Doc. 728-1 at bottom of page, indicating a filing date of July 23, 2018.
[12] Doc. 571.
[13] *Id.* at 4.
[14] *Id.*
[15] Doc. 648.

4

government during that entire period of time. If it thought Moore's Declaration contained relevant and material evidence, it had ample opportunity to call him as a witness during the October 2018 evidentiary hearing. It did not. The Court should not now permit the government to toss more evidence on the record without any excuse as to why it didn't when it should have.

3. **The Court should deny the government's motion because it would deprive the FPD from challenging testimony through cross-examination and the Court from weighing the testimony's credibility.**

The government's motion does not seek just to excuse its foot-dragging but to profit from it. "The purpose of an evidentiary hearing is to resolve conflicting evidence."[16] One of the ways it accomplishes this purpose is through witness testimony: one party puts on witness to testify, the other party cross-examines the witness, and the court decides how much weight to give the testimonial evidence.

The motion asks the Court to effectively change this process for one of its witnesses. Moore's Declaration, signed under penalty of perjury, is the functional equivalent of direct-examination testimony. Yet no party has an opportunity to challenge that testimony through cross-examination. Nor does the Court have the opportunity to evaluate the witness's credibility through

---

[16] *Anderson v. Atty. Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005).

observation of live testimony. While the government had the opportunity to challenge the testimony of every witness called by the FPD, its motion would deny that same opportunity to the FPD. Essentially, the motion seeks to put testimony into the record while protecting the testifier from cross-examination. A kind of immunization through tardiness.

And there is much to immunize Moore against. At the time he signed the Declaration, Moore was employed by CCA, who was a defendant in the very civil suit that produced Moore's declaration. He had a strong incentive to shade his statements in the Declaration towards the interests of his employer. And in this particular instance, those interests were aligned with the government. What's more, upon information and belief, Moore was relieved of his responsibilities at the Leavenworth Detention Center for an incident involving the mistreatment of detainees. If the Court were to consider admitting Moore's Declaration to the record in this case, the FPD would ask for full discovery on the circumstances regarding Moore's departure from CCA, so that the Court could take the full measure of his credibility.

4. **The Court should deny the motion because Moore's Declaration violates the Rules of Evidence.**

If the government had called Moore to the witness stand, the information in his Declaration would not have come into evidence. Under

Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Moore's Declaration purports to describe what inmates at the LDC were told during intake, orientation, and throughout their detention. But Moore never claims to have been present at an intake or orientation. Nor does he purport to have been present when inmates were given other information about the recording of their telephone calls. Instead, Moore simply says that he is "familiar" with the "procedures at the Leavenworth Detention Center."[17] The rest of his Declaration is merely a recitation of those procedures: what the procedures say *should* happen, not what *actually* happens.

The Declaration itself reveals Moore's lack of personal knowledge. One example: Moore describes the decision to put cameras in attorney-client meeting rooms numbers 3-9: "Because the meeting rooms at issue did not have windows, the silent video monitoring and/or recording was needed to supervise and ensure the safety of meeting participants."[18] This is, of course, wrong because those rooms do have windows. Exhibit 409 shows windows on rooms numbers 5 and 6. Exhibit 410 shows windows on rooms 4 and 5. Exhibit 430 shows the window on room 7. This inaccuracy underlies Moore's

---

[17] Doc. 728-1 at 2.
[18] Doc. 728-1 at 5

7

lack of personal knowledge about the contents of his declaration — something that cross-examination would have demonstrated.

The Declaration also runs afoul of Rule 403's prohibition against cumulative evidence. It is merely a summary of the LDC's procedures regarding inmate telephone calls. The Court already has evidence of those procedures: both through witness testimony about them and the procedures themselves. The government's motion would only duplicate evidence that the Court has already heard, so the Court should deny it.

## CONCLUSION

The government's motion asks the Court for permission to add self-serving testimony to the record at the eleventh hour without giving the FPD an opportunity to challenge that testimony. The testimony it seeks to add is based on something other than personal knowledge, demonstrably false in at least one instance, and cumulative. Both Moore and his Declaration were available to the government well before the October 2018 evidentiary hearing, yet the government chose neither to summon Moore to the witness stand nor to attempt to enter his Declaration into evidence. It should not now profit from its dilatoriness by adding unchallenged testimony to the record in this case.

The Court should deny the motion.

Respectfully submitted,

s/ Melody Brannon
Melody Brannon, #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
E-mail: Melody_Brannon@fd.org

s/ Kirk C. Redmond
Kirk C. Redmond, #18914
First Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Email: kirk_redmond@fd.org

s/ Branden A. Bell
Branden A. Bell, #22618
Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Email: branden_bell@fd.org

## CERTIFICATE OF SERVICE

I certify that on March 12, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties .

s/ Melody Brannon<br>
Melody Brannon