| | |
|---|---|
| **From:** | Slinkard, Duston (USAKS) |
| **To:** | "David R. Cohen"; Melody Brannon; alleenv@aol.com |
| **Cc:** | Clymer, Steven D. (USANYN); McAllister, Stephen (USAKS) |
| **Subject:** | RE: Discovery |
| **Date:** | Monday, November 19, 2018 5:02:00 PM |

David,

After conferring with Steve Clymer and Steve McAllister, I wanted to respond to your message. With respect to your first point, as I conveyed to Alleen by phone earlier today, I sent an e-mail after the hearing on Friday to our information technology staff, asking that they report up to their national counterparts, sharing the judge's concerns regarding preservation as best I could articulate them, and asking them to consider broadly any additional steps we needed to take. I followed up this morning with another e-mail, quoting your language from your e-mail with respect to the preservation language issue, and asking them to:

1. If they recognize anything that they are not currently preserving that the Court wants based upon [your] statement, and
2. What language they would suggest be proposed to the Court.

Thus far, I have nothing back to provide in response to the request for language, but, as I told Alleen, I will certainly pass any such along as soon as I can. I also re-iterated to management staff today the need for retention of any physical documents and files by all employees.

While we understand your point of not risking loss by being overly specific, we are also concerned about being too vague in our direction. At this time, we do not feel we have a handle on what the Court considers to be the scope of relevant inquiry, but we have communicated the need to maintain, and avoid any loss due to the operation of ordinary retention policies, as broadly as possible. This all that we can think to do.

With respect to your second point, we understand and do not know that there's really anything else to be done.

Thanks,
Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

**From:** David R. Cohen <David@SpecialMaster.Law>
**Sent:** Sunday, November 18, 2018 11:15 AM
**To:** Melody Brannon <Melody_Brannon@fd.org>; alleenv@aol.com; Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>
**Cc:** Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>

**Subject:** Discovery

Dear Duston and Two Steves:

I hope you are enjoying your weekend. I write to follow up on two discovery-related matters that we touched on at the end of Friday's hearing.

First, the Judge asked for language to include in an order ensuring that destruction of potentially relevant evidence does not occur; I believe the concern is principally (but not only) the suspension of routine OUSA/DOJ document-retention policies that have the effect of purging emails and other documents. My inclination would be to suggest language that is broad rather than specific. What I mean is that I am concerned a specific approach (e.g., "OUSA shall ensure potentially relevant documents are not purged from 'ProofPoint email drives,' 'N Drives,' and 'Discovery Drives,' and shall suspend document retention policies that have the effect of purging documents from those repositories") is bound to miss something, while a general approach (e.g., "OUSA shall ensure potentially relevant documents are not purged from any source and shall suspend ....) will not leave anything out by mistake. That said, I understand OUSA/DOJ's concern that a general approach could be so broad that it requires document retention (and its attendant expense) that goes far beyond what is necessary. I suggest that you consult with David Steeby and other IT folks and propose language that is appropriately limited, while also broad enough not to exclude any relevant repositories. I am happy to negotiate proposed language if you would like, but suggest you all take the first cut.

Second, with regard to your reiterated offer to negotiate additional production of discovery responsive to my SDT, I appreciate your willingness to discuss this topic. In light of what the Judge said at the hearing, however, I am not sure there is much to negotiate. It sounds like the Judge believes there are certain minimum efforts that are appropriate, with which I agree -- including: (1) application of the search terms to other custodians besides Erin Tomasic, (2) searches of repositories other than the ProofPoint email repository (e.g. "N Drives," "Discovery Drives," hard-copy files, and so on), (3) any searches should be (re-)conducted by non-interested individuals (e.g., search of repositories by staff outside of the KC-OUSA, to avoid the "self-editing" problem), and (4) production of a privilege/Touhy/hold-back log. I believe the Judge stated she was going to issue an order on this topic very soon requiring these efforts and others, and of course I cannot trump any order the Court issues. So I think the best approach at this juncture is simply to wait for the Judge's order. If you think differently, please let me know.

I expect we will communicate soon, but if I don't talk to you before Thanksgiving, I hope you have a nice holiday and find yourself with much to be thankful for.

-David

===========================
This email sent from:
David R. Cohen Co. LPA
24400 Chagrin Blvd., Suite 300
Cleveland, OH 44122
216-831-0001 tel
866-357-3535 fax
**www.SpecialMaster.law**