| | |
|---|---|
| **From:** | Slinkard, Duston (USAKS) |
| **To:** | Miller, Randy (USAKS) 3; Steeby, David (USAKS) |
| **Cc:** | McAllister, Stephen (USAKS); Clymer, Steven D. (USANYN) |
| **Subject:** | RE: Oral Preservation Order |
| **Date:** | Monday, November 19, 2018 9:33:00 AM |

Gentlemen,

Below is an excerpt from a message that special master sent yesterday that addresses the Court's expectations for preservation and desire for us to propose language for a preservation order. Based upon the litigation hold we have in place and the subsequent follow-up conversations we have had with OCIO Leadership, I would hope we are already at this level of preservation on the technology front, but please check with them to see:

1.   If they recognize anything that they are not currently preserving that the Court wants based upon his statement, and
2.   What language they would suggest be proposed to the Court.

Here's what he had to say:

First, the Judge asked for language to include in an order ensuring that destruction of potentially relevant evidence does not occur; I believe the concern is principally (but not only) the suspension of routine OUSA/DOJ document-retention policies that have the effect of purging emails and other documents.  My inclination would be to suggest language that is broad rather than specific.  What I mean is that I am concerned a specific approach (e.g., "OUSA shall ensure potentially relevant documents are not purged from 'ProofPoint email drives,' 'N Drives,' and 'Discovery Drives,' and shall suspend document retention policies that have the effect of purging documents from those repositories") is bound to miss something, while a general approach (e.g., "OUSA shall ensure potentially relevant documents are not purged from any source and shall suspend ….) will not leave anything out by mistake.  That said, I understand OUSA/DOJ's concern that a general approach could be so broad that it requires document retention (and its attendant expense) that goes far beyond what is necessary.  I suggest that you consult with David Steeby and other IT folks and propose language that is appropriately limited, while also broad enough not to exclude any relevant repositories.  I am happy to negotiate proposed language if you would like, but suggest you all take the first cut.

Thank you,
Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

---

**From:** Miller, Randy (USAKS) 3
**Sent:** Saturday, November 17, 2018 11:25 AM
**To:** Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>; Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Steeby, David (USAKS) <DSteeby@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>

**Subject:** RE: Oral Preservation Order

Understand Gentlemen and thanks for the early heads up.  I would agree with your assessment that it would be a good idea for OCIO Leadership to communicate directly with the Special Master as to avoid any loss in translation.  Mark will want to know how this expands the data capture he already did for us and if the preservation will apply to future data/communication for an indeterminable amount of time since that would prove to be his biggest data storage problem.

Sooner or later we're going need to discuss the daily management and maintenance of our current systems.  Since the last court order was put in place we've had at least three systems go down due to registry errors including my machine that will require a re-image in order to get them back in service.    So far we've been able to keep everyone running with spares but eventually we'll run out of extra machines especially as we bring additional personnel on-board.  We can look to replace the hard drives and store the old ones as is if we need to take an extra cautious approach, although because all the key data isn't even housed on the local machines it seems like a waste of resources to buy new hard drives if not needed to put the machine back in service.  Inevitably we'll also experience some hardware failures as our current machines enter the later part of their expected lifecycle.

Randy

---

**From:** Clymer, Steven D. (USANYN)
**Sent:** Saturday, November 17, 2018 8:46 AM
**To:** Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>; Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>
**Subject:** RE: Oral Preservation Order

My only addition/amendment to this message is that the preservation should probably extend to *all* USAO Kansas ESI and paper records, not just that which pertains to "the acquisition of recordings of inmate audio and video in any form."  The allegations in *Carter* are no longer cabined to the acquisition of recordings.

-----Original Message-----
From: Slinkard, Duston (USAKS)
Sent: Friday, November 16, 2018 9:30 PM
To: Steeby, David (USAKS) <DSteeby@usa.doj.gov>; Miller, Randy (USAKS) 3 <RMiller3@usa.doj.gov>
Cc: McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
Subject: Oral Preservation Order

Gentlemen,

At the end of the hearing today, the judge orally ordered that she wants anything that has not

previously been ordered preserved to be preserved. In her remarks she indicated this meant not only e-mail archives, but also that any information and materials related to the acquisition of recordings of inmate audio and video in any form, including but not limited to any hard copy materials, removable digital media, network files, network back up files, and basically any other type of information and materials.

I am not aware, nor from her remarks is the court, that this expands any previously ordered preservation, but she made very clear that her intent was that it her order to preserve be interpreted as broadly as possible. She indicated that she would follow it up with a written order next week and would look to us to suggest whatever language was needed to make it happen. Effectively she is indicated the burden to be on is to make sure that no related information is lost.

Early next week we will have to work on language to propose and may well find it necessary to get Mark and / Siobhan in direct communication with the special master.

However, in the interim, I am not aware of what if any additional steps are necessary above and beyond what we have previously done to achieve preservation pursuant to the court's oral order. However, frankly, I do not know what I don't know, so if either of you have any ideas of anything we have not currently have fully secured and preserved in the IT arena, locally or nationally, related to the acquisition of inmate audio and video recordings, including any information derived therefrom, please let Steve McAllister, Steve Clymer, and myself know, and please take all necessary steps to have any such preserved.

Sorry broad and vague nature of the direction, but effectively we have been ordered to ensure that anything that exists be preserved, and I cannot think how to better convey that requirement.

Thank you,
Duston

Sent from my iPhone