IN THE UNITED STATES DISTRICT COURT  F I L E D

FOR THE

DISTRICT OF KANSAS

APR 15 2019

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

| | |
|---|---|
| TYWAN A. POOLE, individually and interested party,<br>Plaintiff,<br><br>v.<br><br>CORE CIVIC,TNC.,f/k/a CORRECTIONS CORPORATION OF AMERICA, AND SECURUS TECHNOLOGIES,INC.,<br>Defendants. | CASE NO'S<br>RE:17-CV-02320-JAR-JPO<br>16-CR-20032-JAR<br>HUFF and RAPP V.CORE CIVIC and SECURUS TECHNOLOGIES,INC.<br>UNITED STATES V.BLACK<br>UNITED STATES V.CARTER<br>UNDER CLERK FILING RULE 25(A)(2) |

ADDENDUM TO MOTION FOR DISCOVERY SUMMARY
JUDGMENT OF SEIZED PROPERTY
under    Fed.R.Crim.P. 41 (g)

                Comes now TYWAN A. POOLE, under the penalty of perjury, a pro-se litigant that is a inmate in Federal Custody located at United States Penitentiary Lompoc(FCC), in Lompoc, California.
                By a declaration and in compliance with 28 USC 1746 are requesting that this court allow the original Motion under Rule 41(g) to be AMENDED to include a letter from previous Post Conviction Counsel Christine Blegen, and 3 page ruling from Order of united states district judge FERNANDO J. GAITAN,JR. AS PROOF of prejudice within appeal due to Attorney Privilege ,and sixth amendment violations caused while housed at C.C.A.Leavenworth.
SEE: EXHIBIT-A,and EXHIBIT-B
                This matter has been raised to this Court,and the Missourri Western District Court. I TYWAN A. POOLE motioned under Rule 41(g) as early as August of 2016. I pray that this court will allow this final Addendum to this claim for relief.


RESPECTFULLY SUBMITTED,
SIGNATURE: _Tywan A. Poole_
DATE: April 9, 2019

# Certificate of Service

I, **TYWAN A. POOLE** hereby certify that I have served a true and correct copy of the following by placement in the inmate mail:
ADDENDUM TO RULE 41(g) MOTION

UNDER CLERK FILLING RULE 25(A)(2)(b).
Furthermore so that this Pro-Se Motion be FORWARDED to necessary personnell.
Service of process is deemed complete at the time of delivery to the United States Postal Service for forwarding to the Court. **Houston v. Lack** 101 L.Ed.2d 245 (1988) confirms that by such service upon the parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

CLERK OF COURT c/o
UNITED STATES DISTRICT OF
KANSAS
500 NORTH 5th st.
KANSAS CITY, KANSAS 66101

and deposited in the United States Mail maintained by the United States Penitentiary Lompoc; Lompoc, California, all requirements of service of process required by law have been fulfilled this:

_____9 th_____ day of ___April___ 20_19_

TYWAN A. POOLE# 25194-045
United States Penitentiary                     (Name) _Tywan A. Poole_
3901 Klein Boulevard                                   _25194-045_
Lompoc, CA 93436-2706
                                                Bureau of Prisons Register
                                                        Number

EXHIBIT-A

**BLEGEN LAW FIRM**

## CRIMINAL DEFENSE

August 25, 2016

Mr. Tywan Poole
C/O CCA Leavenworth
100 Highway Terrace
Leavenworth, KS 66048

Dear Mr. Poole:

    I am writing to let you know that on Monday of this week, the Government sought and received an extension of time through October 21, 2016 to respond to your amended 2255 motion. They have replaced David Barnes as the Assistant United States Attorney on the case based upon the claims of prosecutorial misconduct as he is now a potential witness. Justin Davids is the Assistant United States Attorney handling the case as we move forward. The stated basis for the continuance request was the need to obtain a new affidavit from Laine Cardarella.

    I am also aware the you filed a motion late last week asking that I be removed as your attorney for failing to protect you from being recorded at CCA. I would like to assure you that no attorneys were aware that legal visits at CCA were being recorded. This was brought to our attention by the Federal Public Defender's Office around August 5, 2016. We were advised to suspend all legal visits at CCA while the matter of recording was investigated. An Order was entered yesterday in the United States District Court for the Western District of Missouri prohibiting CCA from recording legal visits in any manner.

    I regret that this situation at CCA, of which I was unaware during my two meetings with you earlier this summer, apparently caused you to lose faith in my ability to represent you in this matter. I do not intend to oppose your motion and will simply wait for a decision from the Court on your motion. In the meantime, I will continue to advise you of any actions taken in the case and remain available should you have any questions for me.

Best Regards,

Christine M. Blegen

230 SW MAIN STREET
SUITE 217
LEE'S SUMMIT, MO 64063

(816) 524-7023
CELL: (816) 213-0384

2017 WL 1393055 at *9. However, even if this claim were not precluded, the Court finds that it is meritless because neither of the officers who testified were experts. At the suppression hearing on July 1, 2014, Officer Nelson testified that during his interaction with Poole his microphone quit working and some of the audio was not recorded. Officer Nelson explained that he did not know what happened. (Crim. Doc. # 112, p. 3). Officer Feagons testified that he worked in the digital technology section which handles in-car videos. He explained how the dash cam systems operate and "that sometimes the microphones do not work properly." (Crim. Doc. # 112, p. 4). Officer Feagons explained that "there was a malfunction in at least one of the microphones" but he "did not know what caused the microphones to malfunction on that date." (Crim. Doc. # 112, p. 4).

The Government argues that this claim fails because Poole had not stated specifically how he would have challenged the officers' testimony under Daubert and he cannot demonstrate prejudice. Additionally, the Government notes that neither Officer Nelson or Feagons were called as expert witnesses, thus making Daubert inapplicable. Rather, each officer was called as a fact witness who testified as to their personal experiences. Thus, the Government argues that because a Daubert challenge would have been meritless, there is no ineffective assistance claim for failing to raise this issue. Additionally, the Government argues that Poole did not receive ineffective assistance when he did not receive a conditional plea agreement, because he had no right to be offered a plea. The Court agrees and finds that there is no merit to this claim. The Officers were not called as expert witnesses at the suppression hearing, so any Daubert challenge was meritless. Cardarella was not ineffective for failing to raise

a meritless arguments. Additionally, the Court also rejects Poole's claim that Cardarella was ineffective for failing to negotiate a conditional right to appeal the suppression motion rulings in his plea agreement. Poole has no right to be offered a plea. Thus, counsel is not ineffective for failing to negotiate something to which he was not entitled. Accordingly, the Court **DENIES** Poole's claim for relief on this ground.

For the reasons stated above, the Court hereby **DENIES** Poole's Motion to Vacate, Set Aside or Correct His Sentence on Grounds 2-5. An evidentiary hearing will be held in this matter only on **Ground One – Failure to File a Notice of Appeal**. Poole will be denied a motion for certificate of appealability on Grounds Two-Five. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." The Court finds that the issues raised by Poole in Grounds Two - Five do not meet this criteria.

**F. Motion for Termination of Present Counsel and Request for Appointment of New Counsel/ Motion for Confidential Legal Visitation and Return of Property Pursuant to Fed.R.Civ.P. 41(g)**

Poole states that he is requesting that the Court terminate his present counsel and appoint new counsel because his current counsel failed to secure his attorney client privacy after becoming aware that attorney client meetings were being recorded and made available to the USAO and failing to address this issue of due process with the Court. Poole also states that on August 5, 2016 he learned that confidential and privileged communications between attorneys and clients housed at CCA in Leavenworth have been recorded by CCA staff and provided to the United States Attorney's office upon request. Poole states that these communications have been

used by the government in pending litigation and have been disclosed as discovery to other defendants and counsel. Poole states "I do not yet know whether or when audio recordings were made. I understand that all legal calls are also recorded, and the content of those calls are also available to the USAO. These recordings, and government access to these recordings, violate my rights to confidential and privileged communication with counsel." (Motion for Confidential Legal Visitation, Doc. # 33,p. 3).

The Court is aware of the issues and concerns related to the unauthorized monitoring and recording of communications between attorneys and clients housed at CCA. See USA v. Black et al, 2:16-mj-08080-TJJ (D.Kan.). The Court is aware that a Special Master has been appointed by the Court in that case and that the investigation is on-going. However, because the investigation is continuing and because Poole has not submitted any specific information that conversations with his counsel were recorded or video-taped, the Court is unable to issue a ruling on his motion at this time. The Court also believes that Poole has not offered any valid reason for replacing his current counsel, Ms. Blegen. Accordingly, the Court hereby **PROVISIONALLY DENIES** Poole's Motion to Terminate Present Counsel and Request for Appointment of New Counsel (Doc. # 30). The Court also **PROVISIONALLY DENIES** Poole' Motion for Fed.R.Crim.P.16(E) Discovery for Confidential Legal Visitation and Return of Property (Doc. # 33). The Court is confident that Poole's present counsel will investigate any meritorious issues related to these claims and if necessary will bring these matters to the attention of the Court.

### G. Pro Se Motion to Vacate/ Pro Se Motion for Summary Judgment

In his Pro Se Motion to Vacate, Poole states that he is asking the Court to issue

21

affirmative relief in his case. Similarly, in his pro se Motion for Summary Judgment, Poole is asking for a ruling on his §2255 motion and also on his previously filed motions. As the Court has now ruled in part on Poole's Amended §2255 Motion, the Court hereby **DENIES AS MOOT** Poole's Pro Se Motion to Vacate (Doc. # 38) and Pro Se Motion for Summary Judgment (Doc. # 39).

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court will hold an evidentiary hearing on Ground One – Failure to File Notice of Appeal raised in Poole's §2255 Motion. All other grounds raised in the Amended §2255 motion are hereby **DENIED**. An evidentiary hearing will be held in Courtroom 7C on **August 9, 2017 at 1:00 p.m.** Poole's Pro Se Motion to Terminate Counsel (Doc. # 30) and Pro-Se Motion for Discovery (Doc. # 33) are hereby **PROVISIONALLY DENIED**; Poole's Motion for Extension of Time to File Reply (Doc. # 35) is **GRANTED**; Poole's Pro Se Motion to Vacate (Doc. # 38) and Pro-Se Motion for Summary Judgment (Doc. # 39) are hereby **DENIED AS MOOT**.

Date: July 27, 2017
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge