In the United States District Court
for the District of Kansas

**United States of America**,
         Plaintiff,

v.                                  Case No. **16-cr-20032-JAR-02**

**Karl Carter,**
         Defendant.

### Notice of Additional Authority in Support of
### FPD Proposed Findings of Fact and Conclusions of Law

    The following persuasive authorities, not previously cited, support the FPD's argument that the government's systemic misconduct—both in intentionally obtaining attorney-client communications, and in obstructing this Court's investigation—calls for extraordinary remedies:

    1. *State v. Robinson*, ___ A.3d ___, 2019 WL 1612836 (Del. April 16, 2019) (absent pattern of misconduct, remedy for state's Sixth Amendment violation in obtaining attorney-client communications from defendant's jail cell was removal of prosecutors, not dismissal with prejudice; but warning state that "any further instances of such intentional misconduct may well lead to dismissal of the case in which the misconduct occurs, in addition to other possible sanctions"); *see also id.*, 2019 WL 1612836 at *28-32 (dissenting

judges would have affirmed trial court's dismissal with prejudice: "without a stringent remedy the State has poor incentives to improve its behavior").

2. *United States v. Bowen*, 799 F.3d 336, 354-55 (5th Cir. 2015) (affirming district court's grant of new trial as remedy for misconduct; remedy justified even without prejudice showing where (1) "**the government cannot obstruct the inquiry into [the misconduct] and then claim that there is insufficient proof to support the district court's findings**," (2) the true extent of misconduct remained unknown, (3) DOJ's "sluggish approach" to misconduct suggested insensitivity to governing legal and ethical standards, and (4) "the inevitable impression left by the government's misconduct and ongoing pettifoggery is of a prosecution determined to convict these defendants by any means") (emphasis added); *id.* at 351-54 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 638 n.9 (1993), for proposition that egregious or systemic misconduct may warrant extraordinary remedy even absent prejudice showing).

3. Sonja B. Starr, *Sentence Reduction as a Remedy for Prosecutorial Misconduct*, 97 GEO. L.J. 1509 (2009) (discussing inadequacy of existing remedies for prosecutorial misconduct and proposing sentence reductions as additional remedy, for both corrective and deterrent purposes).

Additionally, the FPD's argument that the government violated the Sixth Amendment by intentionally obtaining and retaining attorney-client

2

communications without notice to the Court or counsel is supported by ABA CRIMINAL JUSTICE STANDARDS FOR THE DEFENSE FUNCTION 4-2.2(a)-(d) ("Confidential Defense Communication with Detained Persons").

    Respectfully submitted,

    s/ Melody Brannon
    MELODY BRANNON #17612
    Federal Public Defender
    for the District of Kansas
    117 SW 6th Avenue, Suite 200
    Topeka, Kansas 66603-3840
    Phone: 785-232-9828
    Fax: 785-232-9886
    E-mail Address: Melody_Brannon@fd.org

## CERTIFICATE OF SERVICE

I certify that on April 23, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties.

    s/ Melody Brannon
    Melody Brannon