# EXHIBIT A

## In the United States District Court for the District of Kansas

---

**United States of America**,
   Plaintiff,

v.         Case No. **2:16-cr-20032-JAR**

**Lorenzo Black, et al.**,
   Defendants.

---

## DECLARATION OF ERIN C. THOMPSON IN SUPPORT OF THE FEDERAL PUBLIC DEFENDER'S APPLICATION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

---

I, Erin C. Thompson, in accordance with Rule 43 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1746, hereby declare as follows:

 1. I am the General Counsel and Administrative Officer for the FPD and am a lawyer licensed to practice law before this Court. I respectfully submit this Declaration in support of the FPD's Application for Attorneys' Fees and Litigation Expenses. I have personal knowledge of the subject matter in this Declaration and, if called upon, I would competently testify to the facts set forth below.

 2. I represented Richard Dertinger in 14-20067, a related case which initiated the FPD's filing its motion to intervene in the instant case. I have

worked as the Administrative Officer for the FPD since April 29, 2019. In both of these regards, I have reviewed all of the substantive pleadings and briefs filed by the FPD in this action in both this Court and before the Tenth Circuit.

3. I am, and have been since April 29 2019, the administrative officer for the FPD. Prior to joining the FPD, I was an attorney in the private practice of law and practiced primarily before the United States District Court for the District of Kansas.

    a. I obtained a Bachelors of Art from the University of Kansas in 1999, and Juris Doctor from the University of Kansas in 2005.

    b. I was admitted to the practice of law in the State of Kansas in 2005. I was continuously engaged in the practice of law on a full-time basis from 2005 until become the administrative officer for the FPD. I am admitted to the following federal courts:

        i. U.S. District Court for the District of Kansas (2005); U.S. District Court for the Western District of Missouri (2015).

      ii. U.S. Court of Appeals for the Tenth Circuit (2005), U.S. Court of Appeals for the Eighth Circuit (2016).

c. From 2005 to 2016, I worked for the Thompson Law Firm, LLC in Wichita, KS where I was an associate (2005-2014) and a partner (2014-2016). At Thompson Law Firm, I litigated complex civil matters and federal white-collar criminal cases. In particular, I co-authored a motion to dismiss the indictment in *United States v. Hall,* 08-cr-10208-MLB a complex contraband cigarette trafficking cases which resulted in the entire indictment being dismissed.

d. From 2016-2017, I was a senior attorney at Foland, Wickens, Roper, Hofer & Crawford PC, a defense firm in Kansas City, MO. At Foland Wickens, I litigated complex civil and criminal defense cases. In particular, I represented Richard Dertinger in 14-20067, which is substantially related to the instant action.

e. From 2016-2018, I was of counsel at Morgan Pilate, LLC in Kansas City, MO. There I litigated complex criminal cases, included *Kansas v. Schlitterbahn.*

3

    f. I was a member of the Criminal Justice Act Panel for the District of Kansas from 2014-2019 and a member of the CJA Panel for the Western District of Missouri from 2017-2019.

    g. In 2018 and 2019, I was named one The Best Lawyers in America.

4. At Morgan Pilate, I routinely charged $325 an hour in complex criminal matters and $275 in more routine criminal matters.

5. While practicing in the Kansas City metro, it was my general practice to bill paralegals at between $100 and $150 an hour.

6. While practicing in the Kansas City metro, it was my general practice to bill experienced investigators at $100 per hour in complex criminal matters.

7. On August 5, 2016, the FPD filed a motion to intervene and filed a motion for return of property under Fed. R. Crim. P. 41(g) based on the premise that the USAO was in possession of video recordings of the attorney visitation rooms at CCA, which intruded into privileged, confidential communications of attorneys and clients housed at CCA and violated the Sixth Amendment. On August 7, 2016, the FPD amended its motion to add allegations that CCA recorded attorney-client telephone calls and at times provided the content of those calls to the USAO. The Court is well familiar

4

with the factual background of this case as detailed in its Findings of Fact and Conclusions of Law. Doc. 758.

### A. Qualifications of FPD Attorneys

8. In this section, I will describe the qualifications and expertise of the staff of the FPD for whose time we seek to collect fees.

9. **Melody Brannon** is the Federal Defender for the District of Kansas and has served in that capacity since January 17, 2014. Prior to that, she was interim Federal Defender between September 2013 and January 2014. From April 1998 until September 2013, she was an Assistant Federal Public Defender in the District of Kansas. She has been a licensed attorney since May 1990.

    a. Ms. Brannon received a juris doctor from the University of Oklahoma School of Law in 1990.

    b. She is admitted to practice law the State of Kansas, the United States District Court for the District of Kansas, the Tenth Circuit Court of Appeals, and the United States Supreme Court.

    c. Ms. Brannon has been a public defender in state or federal court for almost 30 years. The first 8 years she concentrated on death penalty defense in state courts. She have tried six capital jury trials through to verdict, and

litigated all stages of capital cases, including end-stage federal habeas and clemency. Either as counsel or as a consultant, Ms. Brannon has been involved in over 80 capital cases.

d. She continues to maintain a regular federal felony caseload, including district court capital cases assigned to the FPD. She has been involved in complex non-capital litigation, including white collar and domestic terrorism cases and complex habeas litigation. Ms. Brannon is lead counsel in this litigation, which has presented novel legal issues and required significant management of time, resources, and attorneys.

e. As a supervisor, Ms. Brannon is responsible for 17 attorneys in the FPD, as well as 24 other staff in three offices in the district. She serves on two national Defender Services working groups, and the FPD office manages and consults with the CJA panel, which includes about 80 attorneys in this district.

f. Ms. Brannon is also on faculty with the National College of Criminal Defense and the Trial Skills Academy, as well as the annual new defender orientation national program.

> She oversees an extensive legal training program in the district, including CLEs and mentoring and internship programs.

10. **Kirk Redmond** is the First Assistant Federal Defender for the FPD for the District of Kansas and has served in that capacity since January 17, 2014. Prior to that, he worked as an Assistant Federal Defender in the District of Kansas from February 2004 until January 2014. From 2000 to 2004, Mr. Redmond was trial counsel with the Kansas Death Penalty Defense Unit. From 1998-2000, he was an assistant attorney with the Kansas Appellate Defender Office.

> a. Mr. Redmond is admitted to practice in the State of Kansas, the United States District Court for the District of Kansas, and the Tenth Circuit Court of Appeals.
>
> b. Mr. Redmond has been a public defender in state or federal court for more than 21 years. In six years of state-court practice, he participated in the trial and appeal of more than a half-dozen capital murder and first-degree murder cases.
>
> c. At the FPD, Mr. Redmond has represented 1,633 federal clients in all manner of prosecutions. He has represented clients in district court prosecutions, including complex

fraud, capital murder, and murder cases, post-conviction challenges, and retroactive sentencing guideline amendment cases. Mr. Redmond has filed more than 270 petitions under 28 U.S.C. § 2255. He has represented approximately 900 defendants pursuant to Standing Orders issued by the United States District Court for the District of Kansas. *See* Standing Order 14-1 (Relating to *United States v. Brooks*, 751 F.3d 1204 (10th Cir. 2014); Standing Order 14-4 (Relating to Petitions for Retroactive Application of July 18, 2014 Amendment to USSG § 2D1.1); Standing Order 15-3 (Relating to petitions filed pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015); Standing Order 18-3 (Relating to petitions filed pursuant to *United States v. Black*, 16-cr-200032-JAR); Standing Order 18-4 (Relating to petitions filed pursuant to First Step Act); Standing Order 19-2 (Relating to petitions filed pursuant to *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

d. Mr. Redmond is second-chair counsel in this litigation, which has presented novel legal issues and required significant management of time, resources, and attorneys.

8

      e. As a supervisor, Mr. Redmond is secondarily responsible for 17 attorneys in the FPD, as well as 24 other staff in three offices in the district. He regularly presents continuing legal education seminars both locally and nationally.

11. **Rich Federico** is an Assistant Federal Public Defender in the District of Kansas and have worked at the Kansas FPD since February 2017. He previously served as an AFPD in the District of Oregon for less than two years before transferring to Kansas. Prior to becoming an AFPD, Mr. Federico served on active duty as an Officer the Navy Judge Advocate General Corps for thirteen years.

      a. Mr. Federico obtained a Bachelors of Arts from Indiana University in 1999; a Juris Doctor from the University of Kansas School of Law in 2002; and a Master of Laws (highest distinction) from the Georgetown University Law Center in 2012.

      b. He was admitted to the practice of law in the State of Indiana in 2002 and the State of Kansas in 2017. He has been continuously engaged in the practice of law on a full-time basis from 2003 (when he reported to his first Navy

    duty station) through present. Mr. Federico is admitted to the following federal courts:

        i. U.S. District Courts for the District of Kansas (2017); District of Oregon (2015).

        ii. U.S. Courts of Appeals for the Tenth Circuit (2017); Ninth Circuit (2015); D.C. Circuit (2009); and U.S. Court of Appeals for the Armed Forces (2016).

  c. Since becoming an AFPD in July 2015, Mr. Federico has represented clients on all matters relating to federal criminal cases: trials, supervised release revocations, and appeals. He has been appointed counsel in several cases designated as complex, including: charges relating to a mass conspiracy to occupy a federal wildlife refuge (*US v. Ammon Bundy, et. al.*, 16-00051-BR (D. Or.); *US v Bundy, et. al.*, No. 16-30179 (9th Cir. 2016) (argued)); terrorism (*US v. Curtis Allen, et. al.*, 16-10141-EFM); "swatting" that resulted in death (*US v Tyler Barriss*, 18-1000-EFM); and multi-national fraud relating to biodiesel business ventures (*US v. Jack Holden*, 14-00444-BR (D. Or.)).

d. As an active duty Navy JAG Officer, Mr. Federico held various billets around the world, including: Prosecutor, Norfolk, VA (2003-2005); Senior Prosecutor for Europe & Southwest Asia, Naples, Italy & Bahrain (2005-2008); Defense Counsel, Office of Military Commissions – Defense (OMC-D), Washington DC & Guantanamo Bay, Cuba (2008-2011); Officer in Charge / Senior Defense Counsel, Mayport/Jacksonville, Florida (2012-2015). While at OMC-D, he represented Guantanamo detainees in two cases, including a Yemeni client charged in a joint, capital trial for plotting the terrorist attacks on 9/11; he also led investigation missions to Afghanistan and Korea. As a Reserve Officer, he supports the Navy-Marine Corps Appellate Defense Division where he represented Sailors and Marines on appeal.

e. In May 2019, Mr. Federico was certified by the Navy Judge Advocate General as a Military Judge. In December, he will join the Navy Reserve Trial Judiciary to augment the active component by presiding over courts-martial at various locations worldwide.

12. **Branden Bell** is a lawyer in private practice at Morgan Pilate, LLC, a boutique firm which specializes in federal criminal defense. Prior to that, he was an Assistant Federal Public Defender in the District of Kansas from October 2015 until May 2019. Prior to becoming an AFPD, Mr. Bell was a lawyer in private practice for nine years.

   a. Mr. Bell obtained a Bachelor of Arts from the University of Kansas in 2002, and a Juris Doctor from the University of Kansas School of Law in 2005.

   b. Mr. Bell is admitted to practice before the United States District Court for the District of Kansas and the Western District of Missouri; the Tenth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, Kansas state court, Missouri state court and the United States Supreme Court.

   c. As an AFPD and in private practice, Mr. Bell represented clients in all matters related to federal criminal cases: trials, supervised release, revocations, and appeals.

   d. Mr. Bell has tried nine cases in federal court and won partial or full acquittals in four of those cases.

13. **Laura Shaneyfelt** is, and has been since May 2014, CJA Resource Counsel with the Kansas Federal Public Defender Office. Prior to

joining the FPD, she was an attorney in the private practice of law, practicing both in Kansas Federal and State courts.

    a. Ms. Shaneyfelt obtained a Bachelor of Science in Journalism from Kansas State University in 1982, and a Juris Doctor from the University of Kansas in 1985.

    b. She was admitted to the practice of law in the State of Kansas in 1985. Ms. Shaneyfelt was continuously engaged in the practice of law on a full-time basis from 1985 until I became CJA Resource Counsel for the FPD in May of 2014. She is admitted to the following federal courts:

        i. U.S. District Court for the District of Kansas

        ii. U.S. Court of Appeals for the Tenth Circuit

    c. While in private practice, Ms. Shaneyfelt focused primarily on criminal defense, both in federal and state court and at the trial and appellate levels. She also handled employment litigation, civil rights litigation, reproductive rights matters, and represented surrogates. She was a partner at Ney, Adams & Shaneyfelt (2012-2014) and ran a solo office, Shaneyfelt Law, for two years (2010-2012). Prior to that Ms. Shaneyfelt was an associate with Monnat & Spurrier (2006-2010); Hulnick Law Office

(1996-2006); Focht, Hughey, Hund & Calvert (1989-1996); and Foulston, Siefkin, Powers & Eberhardt (1984-1986). She also worked at the Sedgwick County Public Defender Office (1986-1989).

d. Ms. Shaneyfelt was a member of the Criminal Justice Act Panel for the District of Kansas for many years.

e. She was a member of the Wichita Bar Association Ethics Committee from 2006 through 2015; is a past-president of the Wichita Women Attorneys Association; and a past board member of the Kansas Association of Criminal Defense Attorneys.

f. In 2008, Ms. Shaneyfelt was awarded the Louise Maddox Award by the Wichita Women Attorneys. The annual award honors an individual who has worked to advance opportunities for women in law. Ms. Shaneyfelt was named in Best Lawyers in America in 2011, 2012, and 2013 in the practice area of Criminal Defense. In 2013, Ms. Shaneyfelt was named in the Top 20 Women in Business by the Wichita Business Journal. She recently received the Robert L. Gernon Award for Outstanding Service to Continuing Legal Education in Kansas.

14. In an exercise of billing judgment, the FPD did not include the time expended in connection with the underlying litigation by assistant federal public defenders **Tom Bartee**, **Tim Burdick**, or **Che Ramsey** in Table 1.

15. The number of attorneys' hours spent on this case was minimized because of the assistance of FPD support staff, including paralegals and investigators.

    a. The FPD seeks reimbursement for time spent on this case by FPD paralegals **Michele Oeberst,** and **Jennifer Wilson** at a rate of $110 per hour. In an excise of billing judgment, the FPD does not seek recovery of time expended in connection with the underlying litigation by paralegals **Jackie Carter**, **Ariana Cruz, Meredith Fry, Jami Kraus, Lorraine Schroeder,** or **Cachet Williams.**

    b. The FPD seeks reimbursement for time spent on this case by FPD investigator **Zay Thompson** at a rate of $100. In an excise of billing judgment, the FPD does not seek reimbursement for time spent on this case by FPD investigators **Francila Blanco, Dawn McClinton, Serena Miller,** or **Anthony Scognamillo**.

c. The FPD does not seek reimbursement for the time spent on this case by administrative assistant **Sandra Foreman** or myself.

**<u>Requested Attorneys' Fees</u>**

16. Below is a table summarizing nearly all the time which the FPD spent in connection with the underlying litigation:[1]

**Table 1**
**Total Billable Hours for Underlying Litigation**

| *Name (position)* | *Time Spent* | *Hourly Rate* | *Billable Amount* |
|---|---|---|---|
| Brandon Bell (attorney)[2] | 598 | $250 | $149,500 |
| Francila Blanco[3] (investigator) | 47.5 | $100 | $4,750 |
| Melody Brannon (attorney) | 1,207.3 | $325 | $392,372.50 |
| Rich Federico (attorney) | 578.2 | $250 | $144,550 |
| Carl Folsom (attorney) | 31.7 | $250 | $7,925 |
| Meredith Fry (paralegal) | 194.9 | $110 | $21,439 |
| Jami Krause (paralegal) | 21.9 | $110 | $2,409 |

---

[1] This table does not include the time of attorneys, paralegals or investigators who spent less than 15 hours on the matter as described above.

[2] Mr. Bell's timesheets reflect time spent on § 2255 matters related to the *Black* litigation. Those hours have been removed from this total.

[3] Ms. Blanco's timesheets reflect time spent on § 2255 matters related to the *Black* litigation. Those hours have been removed from this total.

| | | | |
|---|---|---|---|
| David Magariel (attorney) | 50.6 | $250 | $12,650 |
| Paige Nichols (attorney) | 203.2 | $325 | $66,040 |
| Michele Oeberst (paralegal) | 526.3 | $110 | $57,893 |
| Kirk Redmond (attorney) | 1,080.2 | $325 | $351,065 |
| Ann Sagan (research and writing attorney)[4] | 431 | $175 | $75,425 |
| Laura Shaneyfelt (CJA Panel Administrator) | 523.2 | $325 | $170,040 |
| Katie Stevenson (research and writing attorney)[5] | 630.2 | $175 | $110,285 |
| Zay Thompson (investigator) | 314.7 | $100 | $31,470 |
| Jennifer Wilson (paralegal) | 507.5 | $110 | $55,825 |
| **Total Hours** | 6,946.4 | | |

                                                                             **Sum:   $1,653,638.50**

17.    The table below summarizes the time for which the FPD seeks fees in connection with the Government's bad faith:

**Table 2**
**Fees Directly Caused by the Government's Bad Faith**

| *Name (position)* | *Time Spent* | *Hourly Rate* | *Billable Amount* |
|---|---|---|---|
| Brandon Bell (attorney) | 24.6 | $250 | $6,150.00 |

---

[4] Ms. Sagan's timesheets reflect time spent on § 2255 matters related to the *Black* litigation. Those hours have been removed from this total.

[5] Ms. Stevenson's timesheets reflect time spent on § 2255 matters related to the *Black* litigation. Those hours have been removed from this total.

| Melody Brannon (attorney) | 177.78 | $325 | $57,778.50 |
| Rich Federico (attorney) | 121.6 | $250 | $30,400.00 |
| Michele Oeberst (paralegal) | 172.98 | $110 | $19,027.80 |
| Kirk Redmond (attorney) | 201.1 | $325 | $65,357.50 |
| Laura Shaneyfelt (CJA Panel Administrator) | 117.5 | $325 | $38,187.50 |
| Zay Thompson (investigator) | 19 | $100 | $19,000.00 |
| Jennifer Wilson (paralegal) | 14 | $110 | $1,540.00 |
| | | **Sum:** | **$ 220,341.30**[6] |

18. The hours and rates being claimed by the FPD timekeepers are reasonable for successfully litigating the underlying 41(g) motion.

19. The claimed amount for litigation work summarized in Table 2 above is the total lodestar amount – determined by multiplying the rate per hour by the hours each attorney or paralegal reasonably and necessarily worked on this litigation. As detailed in the FPD's Application for Attorneys' Fees and Costs, the rates reflect the usual and customary rate for attorneys with a comparable experience level and specialized skill in the Kansas City-metro area.

20. I have attached the time records for each FPD timekeeper listed in Table 1 above as Attachment 1.

---

[6] *See* Attachment 2 for break down by the areas detailed in the Application.

21. I have attached charts breaking out the requested fees by the areas detailed in the Application for Attorney Fees and Costs in Section II.A.2 as Attachment 2.

22. Each attorney seeking fees possesses the requisite understanding of the criminal justice system and the evidence necessary to establish a violation of the Sixth Amendment protected attorney-client relationship. The FPD requests these rates given the FPD attorneys' experience and expertise in federal criminal defense. In my experience, this reflects the usual and customary rate for an attorney of comparable experience and skill.

23. In addition to the lodestar method described in the FPD's Application for Attorney Fees and Costs, this Court is authorized to consider the additional factors outlined in this Application in concluding our requested awards are appropriate. The underlying motion involved a thorough factual investigation, multiple efforts to resolve this issue outside of litigation, numerous multi-day hearings, and ultimately briefing to the Court.

24. One of the steps the FPD took to exercise billing judgment was to exclude the hours of attorneys, paralegals, and investigators who worked on and contributed to the case but were not the main participants. The FPD also excluded the time of administrative assistants, legal interns and contract employees.

## B. Reasonable Litigation Expenses and Costs

25. The FPD incurred **$39,852.80** in costs and expenses associated with the underlying 41(g) motion and hearings. A table summarizing the costs is attached as Attachment 3 to this declaration.

26. However, in an exercise of billing judgment, the FPD is only claiming **$3,375** in costs, which represent the fees for expert **Tami Loehrs**, and are listed on Attachment 3 as **Loehrs Forensics.** These expenses were reasonably incurred in the course of providing effective representation, and the FPD made appropriate efforts throughout the litigation to reduce unnecessary expenses.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.**

Executed on: September 24, 2019

/s/ Erin C. Thompson
ERIN C. THOMPSON