IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 16-20032-02-JAR |
| | ) |
| **KARL CARTER**, | ) |
| | ) |
| Defendant. | ) |

**SUPPLEMENTAL STATUS REPORT OF RECORDED
TELEPHONE CALL DISCOVERY**

COMES NOW the United States of America, by and through Steven D. Clymer, Special Attorney, Stephen R. McAllister, United States Attorney for the District of Kansas, and Duston J. Slinkard, First Assistant United States Attorney, and provides the Court with the following report on the status of production of recorded telephone call discovery related to the Federal Public Defender ("FPD")'s Motion for Discovery (Doc. 572) and the Court's Order thereupon (Doc. 705):

1. This report supplements the government's Status Report of Recorded Telephone Call Discovery filed August 27, 2019 (Doc. 764).

2. Following is a listing of the disclosures to the parties and deliveries to the Court since the filing of the government's status report on August 27, 2019:

   a. On September 5, 2019, the government made a further submission to the Court with respect to cases from the Phase 2, non-custody, list, accompanied by a database report (Attachment 1), which was also e-mailed to the Court and the FPD (Attachment 2). The report reflected completion of the review for **42** individuals from the non-custody

list:

    1) **9** with cases handled through the magistrate court at Fort Leavenworth, for which the USAO does not maintain any computer or physical files,

    2) **1** with a case handled through the magistrate court at Fort Riley, for which the USAO does not maintain any computer or physical file,

    3) **1**, Michael Evans, with a magistrate case handled by Fort Riley Prosecutors, for which the USAO does not maintain any computer or physical file,

    4) **1**, Orlando Jordan, with a magistrate case for a first appearance on an indictment from another district, for which the USAO does not maintain any computer or physical file,

    5) **31** for which no calls and materials were located,

    6) **10** for which calls or materials were located and submitted to the Court, and

    7) **1**, Jose Luis Hernandez-Hernandez, for which materials had been submitted to the Court during Phase 1 on February 14, 2019.

    b. On September 30, 2019, the government made its final submission to the Court with respect to cases from the list; however, on October 1, 2019, the government supplemented this submission with materials for two individuals, Luis Ortega-Flores and Edward McLinn. Inventory reports were provided with this submission for materials with respect to the Phase 1, in-custody, list (Attachment 3) and Phase 2, non-custody, list (Attachment 4). These reports were also provided to the Court and the FPD electronically, attached to an explanatory e-mail (Attachment 5.) The reports reflected submission of additional materials for 1 individual, Luis Ortega-Flores, from the in-custody list and completion of the review for **114** individuals from the non-custody list:

    1) **88** for which no calls and materials were located,

    2) **25** for which calls or materials were located and submitted to the Court,

    3) **1**, Richard Dertinger, for whom materials were previously provided to the Court January 7, 2019, along with materials for co-defendant Gregory Rapp, as part of the review of the Phase 1, in-custody, list, and

    4) **16** for which no physical files were able to located at either the USAO or Federal Records Center, including **2** for which the destruction date for retention by the Federal Records Center had passed.

3. Following is a summary of the work completed for Phase 2 of the call project since the filing of the government's status report on August 27, 2019, a comprehensive inventory report covering Phase 2 is also attached hereto as Attachment 6:

  a. **Topeka**

    1) The review related to the **105** individuals with Topeka cases was considered complete at the time of the previous Status Report and no new information has been identified since that report.

    2) As previously reported, of the **105** individuals with Topeka cases, **13** were found to have materials that were submitted to the Court and / or disclosed to the FPD, and the other **92** were not found to have any affirmative information that CCA calls were obtained by, through, or with the knowledge of the USAO.

  b. **Wichita**

    1) The review related to the **37** individuals with Topeka cases was considered complete at the time of the previous Status Report and no new

information has been identified since that report.

2) As previously reported, of the **37** individuals with Wichita cases, none were found to have any affirmative information that CCA calls were obtained by, through, or with the knowledge of the USAO.

c. **Kansas City**

1) There are **239** individuals listed with Kansas City cases.

2) The USAO's computer network has been searched for cases identified for all **239** of those individuals.

3) The physical files have been reviewed for cases identified for **218** of those individuals where the files were able to be located in the USAO or returned from the Federal Records Center and had activity in and after 2010.

4) The physical files for **15** cases identified for those individuals were unable to be located at the USAO or Federal Records Center despite a diligent search.[1] The physical files were not ordered back from the Federal Record Center for **5** cases that did not have activity after 2010, and review for those cases is considered complete.

5) The case for **1** of those individuals, Orlando Jordan, was a magistrate case for a first appearance on an indictment from another district, for which the USAO does not maintain any computer or physical file,

---

1 This number was going to be **16** until a further file was received without notice from the Federal Record Center on October 9, 2019. The file was for DaJuan Alvarez and was reviewed and not found to have any affirmative information that CCA calls were obtained by, through, or with the knowledge of the USAO. An inventory report regarding the case is attached hereto as Attachment 7. While we have no reason to anticipate further such files will be located, we will supplement our disclosures as needed in the event any are.

6) Of the **233** individuals with Kansas City cases, **60** have been found to have materials that have been submitted to the Court and / or disclosed to the FPD (including **7** for whom materials had been previously submitted and / or disclosed prior to this project[2]) and **179** others were not found to have any affirmative information that CCA calls were obtained by, through, or with the knowledge of the USAO. The review has now been completed.

d. **Others**

1) There were **9** individuals listed whose cases had been petty offenses handled through the Fort Leavenworth magistrate court. The USAO does not maintain any computer or physical files for these types of matters.

2) There was **1** individual listed whose case had been a petty offense handled through the Fort Riley magistrate court. The USAO does not maintain any computer or physical files for this type of matter.

3) There was **1** individual listed, Michael Evans, with a magistrate case handled by Fort Riley Prosecutors, for which the USAO does not maintain any computer or physical file.

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
First Assistant United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

---

[2] Brenda Wood, Ashley Huff, Jose Luis Hernandez-Hernandez, Karl Carter, Alonzo Black, Catherine Rowlette, and Richard Dertinger.

## CERTIFICATE OF SERVICE

I hereby certify that on 10th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
First Assistant United States Attorney
