**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL CARTER,

    Defendant.

------------------------------

DAVID PAXTON ZABEL,

    Objector - Appellant,

v.

FEDERAL PUBLIC DEFENDER,

    Movant - Appellee.

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL CARTER,

    Defendant.

------------------------------

KIM I. FLANNIGAN,

No. 19-3199
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

Objector - Appellant,

v.

FEDERAL PUBLIC DEFENDER,

    Movant - Appellee.

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL CARTER,

    Defendant.

No. 19-3200
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

------------------------------

SCOTT C. RASK,

    Objector - Appellant,

v.

FEDERAL PUBLIC DEFENDER,

    Movant - Appellee.

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL CARTER,

    Defendant.

No. 19-3201
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

------------------------------

TERRA D. MOREHEAD,

    Objector - Appellant,

v.

FEDERAL PUBLIC DEFENDER,

    Movant - Appellee.

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARL CARTER,

    Defendant.

------------------------------

SHERI CATANIA,

    Objector - Appellant,

v.

FEDERAL PUBLIC DEFENDER,

    Movant - Appellee.

No. 19-3202
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

No. 19-3205
(D.C. No. 2:16-CR-20032-JAR-2)
(D. Kan.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

3

Appellants in these related appeals are Assistant United States Attorneys (AUSAs) working in the District of Kansas. Following receipt of their docketing statements and review of the district order the AUSAs seek to appeal, this court entered a jurisdictional show cause order, directing the AUSAs to address whether that order is final and appealable and allowing the Federal Public Defender to respond in kind. These matters are now before the court on all parties' responses to the jurisdictional show cause order. Upon consideration of the responses, the district court's docket, and the applicable law, the court dismisses these appeals for lack of a final order and thus of jurisdiction as set forth in greater detail below.

The AUSAs seek to appeal the district court's August 13, 2019 entry of Findings of Fact and Conclusions of Law [ECF No. 758] in which, among other things, the district court: (1) granted in part and denied in part the Federal Public Defender's (FPD) Motion for Order to Show Cause [ECF No. 301], the FPD's Supplemental Motion for Order to Show Cause [ECF No. 585], and the FPD's Second Supplemental Motion for Order to Show Cause [ECF No. 668]; (2) determined that the Special Master's investigation into Sixth Amendment violations was "collateral to the underlying criminal case" such that "civil standards apply to the imposition of sanctions associated with the Government's conduct during the Special Master's investigation" [ECF No. 758 at 124-25]; (3) held that "a compensatory award is in order, either as a remedy for contempt or for abuse of the judicial process under the Court's inherent authority" [*id.* at 144], but further held that it could not "determine from this record the scope of any fees and costs award that should

be awarded" [*id.* at 145]; and (4) directed the FPD to submit an application for attorneys' fees and costs, addressing both its entitlement to fees and the amount [*id.*].

The FPD has submitted its application for attorneys' fees and costs to the district court [ECF No. 784], and the U.S. Attorney's office has submitted its response [ECF No. 788], arguing, as relevant to the finality of the order the AUSAs seek to appeal: (1) the district court orders and Special Master demands upon which the district court based its determination of contempt were void [*id.* at 4-10]; (2) the district court erred in its determination of the Findings of Fact and Conclusions of Law underlying the contempt determination [*id.* at 10-22]; and (3) the district court cannot sanction the U.S. Attorney's office for contempt without providing it with advance notice and an opportunity to be heard [*id.* at 22-24]. The district court has yet to rule on the FPD's application.

Generally, this court's jurisdiction is limited to review of final decisions. *See* 28 U.S.C. § 1291. In keeping with this general principle, "an appeal from the award of sanctions may not be taken until the amount has been determined." *See, e.g., Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir. 1990) (per curiam); *see also Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citing *Turnbull*, 893 F.2d at 258); Charles A. Wright, *et al.*, 15B Federal Practice and Procedure § 3915.6 (2d ed. 2019) ("A sanction award is not final until the amount has been set.").

In the case underlying these appeals, not only has the district court not yet determined the amount of sanctions, the U.S. Attorney's office—in its response to the FPD's fee application—contests the award itself. [*See* ECF No. 788]. The AUSAs'

response to the jurisdictional show cause order acknowledges this jurisdictional defect and requests that the court dismiss the appeals without prejudice or stay the appeals pending the district court's disposition of the FPD's fee application. The FPD's response similarly requests that the court "conclude it lacks jurisdiction over these appeal" or, in the alternative, stay the appeals pending the district court's entry of a final order.

As all parties acknowledge, the district court's sanction order is not final "until the amount has been determined." *See Turnbull*, 893 F.2d at 258; 15B Federal Practice and Procedure § 3915.6. In the absence of the entry of a final order, this court lacks jurisdiction over these appeals. *See* 28 U.S.C. § 1291; *Turnbull*, 893 F.2d at 258.

APPEALS DISMISSED. The dismissal of these premature appeals will not preclude timely appeal from the district court's entry of a final order.

    Entered for the Court
    ELISABETH A. SHUMAKER, Clerk

    */s/ Lisa A. Lee*

    by: Lisa A. Lee
        Counsel to the Clerk