IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-20032-02-JAR |
| ) | |
| **KARL CARTER**, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL STATUS REPORT OF RECORDED TELEPHONE CALL DISCOVERY

COMES NOW the United States of America, by and through Steven D. Clymer, Special Attorney, Stephen R. McAllister, United States Attorney for the District of Kansas, and Duston J. Slinkard, First Assistant United States Attorney, and provides the Court with the following report on the status of production of recorded telephone call discovery related to the Federal Public Defender ("FPD")'s Motion for Discovery (Doc. 572) and the Court's Order thereupon (Doc. 705):

1. This report supplements the government's Status Report of Recorded Telephone Call Discovery filed August 27, 2019 (Doc. 764) and Supplemental Status Reports of Recorded Discovery filed on October 10, 2019 (Doc. 787) and November 14, 2019 (Doc. 799).

2. During the most recent Status Conference in the Consolidated *In re: CCA Recordings* 2255, Case No. 19-2491-JAR-JPO, on November 18, 2019, the FPD made reference to sixteen persons for which they had not received materials they expected to from the government. Subsequent to the conference, the parties conferred, eventually narrowing the list to nine individuals (all from the FPD's first, in-custody, list). The FPD also provided the government

with documents they had developed or obtained regarding calls for those nine individuals. *See* Attachment 1.

3. The government then examined the documents provided by the FPD, re-examined its physical and electronic files, and re-inquired with respect to the nine individuals. Following is a list of the nine individuals with a summary of results of these further efforts:

a. Lazaro Garciga – the FPD produced a June 18, 2013 e-mail from a Securus e-mail address to an individual at CCA indicating that an "image file created from the folder Lazaro Garciga" was ready for download. A legal assistant working at the direction of the undersigned re-examined both network locations where case information is electronically stored and the physical file for the case and did not find any recorded calls or information or material revealing the existence of recorded calls. The attorney who originally prosecuted the case was again asked about the possibility of any calls in the case and could not recall or locate any recorded calls or information or material revealing the existence of recorded calls. Accordingly, the government has nothing additional to produce with respect to Lazaro Garciga.

b. Nicholas Hurtado – the FPD produced e-mails dated May 13, 2016 (two), May 16, 2016, and May 25, 2016, from a Securus e-mail address to an individual at CCA indicating that call recordings were ready to download from the Securus Call Platform. The undersigned was able to confirm that the calls for Nicholas Hurtado were obtained by the government as part of the investigation related to the *Black* et al. prosecution. *See* Attachment 2. Accordingly, the undersigned has updated the project spreadsheet for the review of the FPD's In-Custody List to reflect that Nicholas Hurtado's calls were obtained in the *Black* investigation. *See* Attachment 3. All calls and derivative materials

from the *Black* investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order (Doc. 113). In reviewing the materials from the *Black* investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Nicholas Hurtado.

      c. Booker Johnson – The FPD produced e-mails between a former DEA Task Force Officer, who was involved with the investigation of Johnson, and an individual at CCA, reflecting that the Task Force Officer obtained calls for Johnson (and a codefendant, Christopher McMillon, who has filed a 2255 petition consolidated into *In re: CCA Recordings* 2255, Case No. 19-2491-JAR-JPO). The e-mails reflect that calls were obtained in July of 2015, after both Johnson and McMillon were arrested pursuant to a complaint in *U.S. v. Johnson*, et al., 15-40064-DDC on or about July 9, 2015. The undersigned, who was one of the prosecuting attorneys for the *Johnson* case, does not recall ever knowing that post-arrest jail calls were obtained by the DEA for either of these individuals prior to receiving these documents from the FPD. The undersigned also brought this matter to the attention of the other prosecutor who had handled the *Johnson* case, who confirmed he was also unaware that the DEA had obtained these calls. The undersigned and a legal assistant working at his direction reviewed both network locations where case information is electronically stored and the physical file for the case and did not find any recorded calls or information or material revealing the existence of recorded calls. The undersigned also contacted the DEA's Topeka Post of Duty, where the former Task Force Officer had been assigned (she continues to work for the Topeka Police Department, but is no longer assigned to the DEA task force) to determine if the DEA had

any further information. Ultimately, both the current personnel, and the former supervisor of the post when the TFO was assigned there, reported that they did not find any calls or related materials. *See* Attachment 4. Accordingly, the government agrees that calls obtained by the former DEA Task Force Officer, but has found nothing to indicate that they were obtained by, through, or with the knowledge of the U.S. Attorney's Office ("USAO"). Moreover, the government has not been able to locate any calls or related materials.

      d. Frenklyn Piggie – The FPD provided e-mails showing that calls were requested by the USMS. The undersigned was able to confirm that the calls for Frenklyn Piggie were obtained by the government as part of the investigation related to the *Black* et al. prosecution. See Attachment 2. Accordingly, the undersigned has updated the project spreadsheet for the review of the FPD's In-Custody List to reflect that Frenklyn Piggie's calls were obtained in the Black et al. investigation. *See* Attachment 3. All calls and derivative materials from the Black investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order (Doc. 113). In reviewing the materials from the Black investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Frenklyn Piggie.

      e. Shawn Shutts – The FPD provided e-mails showing that calls were requested by the USMS. The government had already reported that Shutts' calls were obtained in the Black et al. investigation. All calls and derivative materials from the Black investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order (Doc. 113). In reviewing the materials from the Black investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Shawn Shutts.

f. Matthew Spaeth -- The FPD provided a request form dated November 17, 2014, which requested Spaeth's calls and referenced his individual prosecution and an e-mail dated May 20, 2016 from a Securus e-mail address to an individual at CCA indicating that call recordings were ready to download from the Securus Call Platform. A legal assistant working at the direction of the undersigned re-examined both network locations where case information is electronically stored and the physical file for the case and did not find any recorded calls or information or material revealing the existence of recorded calls. The attorney who originally prosecuted the case was again asked about the possibility of any calls in the case and could not recall or locate any recorded calls or information or material revealing the existence of recorded calls. The government had already reported that Spaeth's calls were obtained in the Black et al. investigation. All calls and derivative materials from the Black investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order (Doc. 113). In reviewing the materials from the Black investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Spaeth. Because the case agent whose name appeared on November 17, 2014 call request form was also one of the agents involved in the *Black* investigation, it seems possible that any earlier calls received for Spaeth were later combined with calls received in the *Black* investigation, but this has not been able to be confirmed. In any event, the time period for calls obtained in the *Black* investigation was from November 3, 2014, to May 20, 2016, which would appear to have covered any calls that could have been received pursuant to the November 17, 2014 request.

g. Charles Steele – The FPD provided e-mails and a subpoena showing that Steele's

5

calls were sought and obtained in the *Black* investigation. The government had already reported that Steele's calls were obtained in the *Black* investigation. All calls and derivative materials from the *Black* investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order (Doc. 113). In reviewing the materials from the *Black* investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Steele.

      h. Ataven Tatum – the FPD produced e-mails from June 18, 2013, and June 13, 2014, from a Securus e-mail address to two different individuals at CCA indicating that an "image file created from the folder Lazaro Garciga" was ready for download. A legal assistant working at the direction of the undersigned re-examined both network locations where case information is electronically stored and the physical file for the case and did not find any recorded calls or information or material revealing the existence of recorded calls. The attorney who originally prosecuted the case was again asked about the possibility of any calls in the case and could not recall or locate any recorded calls or information or material revealing the existence of recorded calls. Accordingly, the government has nothing additional to produce with respect to Ataven Tatum.

      i. Virok Webb -- the FPD produced e-mails from May 20, 2016, May 24, 2016, and May 25, 2016, from a Securus e-mail address to an individual at CCA indicating that call recordings for Webb was ready for download. The government had already reported that Steele's calls were obtained in the *Blac*k et al. investigation. All calls and derivative materials from the *Black* investigation were delivered to the Court by the attorneys involved with that investigation in August of 2016 in response to the Court's original claw back order

(Doc. 113). In reviewing the materials from the *Black* investigation that remain in the U.S.A.O. as part of this re-examination no calls or derivative materials were located for Webb.

4. During the re-examination described in 3, above, the government located a complete set of call detail reports showing the individuals for whom calls and were obtained, and the time periods of such calls, during the *Black* investigation. The government had these scanned by individual and provided a full set to the FPD electronically on February 12, 2020.

5. Since the filing of the government's last Supplemental Status Report of Recorded Discovery on November 14, 2019 (Doc. 799), the government located additional materials believed to be responsive to the FPD's Phone Discovery Motion for three matters:

a. *Black* et al. – A disc of materials including calls from the grand jury presentation, and some duplicate electronic materials, which were downloaded to a flash drive and deleted from the network.

b. Guy Neighbors – A disc of calls that had been stored separately as part of materials submitted as part of a competency evaluation.

c. Nancy Viveros – A disc of calls and materials, including an acknowledgement form, call request, and call detail report.

6. On February 13, 2020, the foregoing materials were delivered to the Court, accompanied by inventory reports. It is not known whether and to what extent these additional materials may be duplicative of earlier disclosure made in these three matters.

7. Because prior disclosure had been made in each of these matters previously, the disclosure of these additional materials does not change the totals with respect to individuals for whom materials were found and disclosed previously reported to the Court.

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
First Assistant United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 14th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
First Assistant United States Attorney