IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**KARL CARTER**, )<br>)<br>Defendant. ) | Case No. 16-20032-02-JAR |

**SUPPLEMENTAL STATUS REPORT OF RECORDED
TELEPHONE CALL DISCOVERY**

COMES NOW the United States of America, by and through Steven D. Clymer, Special Attorney, and Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and provides the Court with the following report on the status of production of recorded telephone call discovery related to the Federal Public Defender ("FPD")'s Motion for Discovery (Doc. 572) and the Court's Order thereupon (Doc. 705):

1. This report supplements the government's Status Report of Recorded Telephone Call Discovery filed August 27, 2019 (Doc. 764) and Supplemental Status Reports of Recorded Discovery filed on October 10, 2019 (Doc. 787), November 14, 2019 (Doc. 799), February 14, 2020 (Doc. 806), August 18, 2020 (Doc. 846), October 30, 2020 (Doc. 848), and July 6, 2021 (Doc. 854).

2. Since the filing of the government's last Supplemental Status Report of Recorded Discovery on July 6, 2021 (Doc. 854), the government located additional materials believed to be responsive to the FPD's Phone Discovery Motion.

3. Specifically, in the afternoon on July 13, 2021, the undersigned met with AUSA Terra Morehead to provide her with a Touhy authorization for testimony requested by the Petitioner during the upcoming evidentiary hearing on the 28 U.S.C. § 2255 petition filed in *Steven M. Hohn v. United States*, Case No. 19-2082-JAR-JPO.[1]  During the meeting, AUSA Morehead mentioned that she believed there were jail call recordings present in the discovery area of the USAO network related to the prosecution of Jay N. Giannukos, the defendant in District of Kansas Case No. 15-20016-01-DDC. Asked about how she knew this, AUSA Morehead indicated that during the prior week she had been working on a response to a collateral matter related to the *Giannukos* case and had seen them in the discovery area. She indicated that she had seen the calls there some time previously and recalled mentioning them being there to the attorney who handled the sentencing in the *Giannukos* case after her withdrawal, AUSA Scott Rask.[2]  She indicated that when she had again seen the calls the prior week, she had clicked on a call file and listened to the first few seconds of the recorded preamble, which confirmed for her they were recorded jail calls from "CCA" in Leavenworth, Kansas (now "CoreCivic").

4. The undersigned was aware that Jay N. Giannukos was an individual listed on the FPD's first, in-custody, list of persons for whom jail call recordings and related information had

---

[1] The associated criminal prosecution is *United States v. Steven M. Hohn,* Case No. 12-20003-03-JAR. Hohn's petition is also included in *In re: CCA Recordings 2255 Litigation*, Case No. 19-2491-JAR-JPO.

[2] AUSA Rask was on leave out of state on July 13, 2021. Upon his return on July 21, 2021, the undersigned spoke with him about the calls. He did not recall them being mentioned to him by AUSA Morehead but believed that had he learned of them he would have brought them to attention of the undersigned. He further did not recall ever noticing the calls during his own work on the *Giannukos* case, but he knew that Mr. Giannukos's calls had been disgorged to the Court, both because they had been requested during the resentencing process by the attorney appointed to represent Mr. Giannukos in that matter, and because he had seen photocopies of the computer disks that had been disgorged to the Court in the paper case file. As such had he seen the "Jail Calls" folder, he would have refrained from opening it because of its title and with the assumption that any digital versions would have been removed through the disgorgement process.

been delivered to the Court and disclosed to the FPD.

5. When AUSA Morehead shared the foregoing information, the undersigned used his laptop computer to access the discovery area for the Kansas City USAO for AUSA Morehead's cases on the USAO network, and identified a folder labeled "Giannukos." The path to this folder was U:\KansasCity\Shared\Discovery\Terra\Giannukos. The undersigned asked AUSA Morehead to indicate where she had seen what she believed to be the jail calls. AUSA Morehead indicated that it is was in a folder within the "Giannukos" folder, labelled "Round 4," inside a further folder labelled "Jail Calls." The path to this folder was U:\KansasCity\Shared\Discovery\Terra\Giannukos\Round 4\Jail Calls. The undersigned opened the jail calls folder and observed two folders one labeled "jquery" and one labeled "Wyco;" three jpeg files, which the undersigned believed to be images of some sort; and a number of what appeared to be paired files with similar file names, of which one file had a listed file type of "CDR File" and one file had a listed file type MP3 format sound. *See* Attachment 1.

6. The undersigned opened the folder labelled "Wyco," noted that it contained a single large file with a .zip file extension, and wondered whether the remainder of the "Jail Calls" folder might be the "unzipped" contents of the zip file and calls obtained from Wyandotte County. The undersigned attempted to open one of the "CDR files" to see whether it would disclose any relevant information about the call. Initially, during the meeting, he was unable to open such a file, receiving a message to the effect that the file would not open in File Explorer, but to browse to try to open with another application.

7. Immediately after the meeting concluded, the undersigned continued to examine the files, opening one of the .jpeg files and observing it contained an image of the word Securus,

3

which the undersigned knew to be the previous phone provider at CCA. The undersigned was also able to open one of the "CDR files" by using the Notepad program. While the text did not appear to contain any reference to CCA it did provide in part numbers that appeared to be the date and time of a recording consistent with the start time of a call recording listed on a call records summary for calls obtained from CCA for Jay N. Giannukos.

8. The undersigned also checked the records of the materials that had been previously provided to the Court for Mr. Giannukos, seeing that they consisted of "4 DVDs" and a CCA Acknowledgement form.[3] The undersigned found that a computer search ran on the Giannukos discovery, including the "Round 4" folder, looking for CCA materials had not returned any items.

9. The undersigned then examined the remainder of the directory for the "Giannukos" folder, including separate folders labeled in the same manner as "Round 4" for the other ten rounds of discovery, without seeing anything else that referenced jail calls or appeared to be a jail call recording. The undersigned then went back to AUSA Morehead and asked her to confirm if she had seen what she believed to be jail calls anywhere else in the "Giannukos" folder other than in the "Jail Calls" folder in the "Round 4" folder when she was doing her research, and she confirmed she had not.

10. Based upon the foregoing, and being unwilling to listen to the calls to confirm whether or not they were from CCA and mindful of AUSA Morehead's report that they were, the undersigned contacted USAO Systems Manager David Steeby and directed him to as soon as

---

[3] *See* Status Report of Recorded Telephone Call Discovery (Doc. 764) at ¶ 11.d. and Attachment 6, detailing delivery of items for Giannukos on January 7, 2019; see also Doc. 764, at Attachment 8, discussing and providing the CCA Acknowledgement form, which was listed on the inventory for the January 7, 2019 delivery (Attachment 6), but not actually in the box delivered at that time.

possible download the "Jail Calls" folder, and all its contents, onto a flash drive and to then delete the folder and contents from the USAO network. Because it was late in the day and the undersigned had to be in Wichita the following day, he directed Mr. Steeby to provide the flash drive to Criminal Chief Carrie Capwell when he had it ready. The undersigned also asked Mr. Steeby to check any records he might have to see if this folder had been identified for download and deletion previously and to take screenshots of the file directory before and after the deletion (Attachment 2).

11. Later that evening, Mr. Steeby e-mailed the undersigned indicating he had completed the task and placed the flash drive in Criminal Chief Capwell's USAO office mailbox. In the e-mail, he provided the serial number, picture, and password for the flash drive he had used, as well as the before and after screenshots of the file directory. Mr. Steeby also confirmed that he did not find any previous correspondence about the folder I had asked him to download and delete (Attachment 3).

12. The next day, July 14, 2021, Criminal Chief Capwell retrieved the flash drive, which was sealed inside a confidential envelope, from her office mailbox, and at the undersigned's request contacted the Court and FPD to arrange delivery to the Court of the unopened envelope, which was completed at approximately 12:45 p.m. (Attachment 4).

13. On July 15, 2021, the government learned from the FPD that when they had obtained the envelope from the Court for copying they had determined that it contained hard copies of e-mail correspondence, a picture of the flash drive, and screenshots that appear to duplicate what is attached hereto as Attachment 3.

14. Because prior disclosure had been made with respect to Mr. Giannukos, the disclosure of these additional materials does not change the total of individuals for whom materials were found and disclosed previously reported to the Court.

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
Acting United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 22nd day of July 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
Acting United States Attorney