| | |
|---|---|
| **From:** | Melody Brannon |
| **To:** | Slinkard, Duston (USAKS) |
| **Subject:** | RE: Motion for Discovery re: accessing recorded phone calls. |
| **Date:** | Tuesday, September 11, 2018 15:10:27 |

Cool. And I am glad I don't work for DOJ. I will send you a formal response with a list of names before COB.

**From:** Slinkard, Duston (USAKS) <Duston.Slinkard@usdoj.gov>
**Sent:** Tuesday, September 11, 2018 2:57 PM
**To:** Melody Brannon <Melody_Brannon@fd.org>
**Cc:** McAllister, Stephen (USAKS) <Stephen.McAllister@usdoj.gov>; Kirk Redmond <Kirk_Redmond@fd.org>; Michele Oeberst <Michele_Oeberst@fd.org>; Clymer, Steven D. (USANYN) <Steven.D.Clymer@usdoj.gov>
**Subject:** RE: Motion for Discovery re: accessing recorded phone calls.

I have tried to answer your questions as best I understand how things work. See below in green.

Duston J. Slinkard, FAUSA
U.S. Attorney's Office - Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683
Voice: (785) 295-7690
Fax: (785) 295-2853

**From:** Melody Brannon <Melody_Brannon@fd.org>
**Sent:** Monday, September 10, 2018 4:37 PM
**To:** Slinkard, Duston (USAKS) <DSlinkard@usa.doj.gov>
**Cc:** McAllister, Stephen (USAKS) <SMcAllister@usa.doj.gov>; Kirk Redmond <Kirk_Redmond@fd.org>; Michele Oeberst <Michele_Oeberst@fd.org>; Clymer, Steven D. (USANYN) <SClymer@usa.doj.gov>
**Subject:** Motion for Discovery re: accessing recorded phone calls.

Duston,

Preliminary questions: is the discovery destroyed before the file is sent to archives? So it is unavailable for later 2255s, early termination, retroactive guideline litigation, and the like? Just making sure we understand the process. That is my understanding, first what I am lumping together and calling discovery is probably more appropriately described as all investigative materials, whether or not they were discoverable. As I understand it, when criminal files are processed for closing after the appeal time runs on the judgment unless other litigation is in process, materials obtained from the investigating agency, or from somewhere else, e.g. tax records from IRS, subpoena results from 3rd parties, etc., are returned if that agency or entity wants them back, or if not and provided they are simply our file copies of things that should continue to exist with the investigative agency, destroyed. The closed files go to a closed file room here for approximately one year, before they are shipped to long term storage and retained for whatever the record retention period required for the type of record, usually up to 10 years for criminal. This does not mean that no attorney ever saves things in a case where they expect to have issues, but that is the process. If an attorney did still have something they have elected to hang onto, we would include it in our review for responsive information.

First, please note that our motion asks for more than just the actual recordings. We want documentation of requests and related material as well, including derivative reports. I intended the

universe of what you describe here when I made reference to "information" regarding calls in the earlier e-mail.

Second, this material is not usually included in discovery, and not disclosed to counsel. If that is the case, would it still be destroyed with discovery? Yes generally, see my first answer above.

Third, regarding preservation. Emily Metzger directed on or around December 7, 2016, that "all materials and documents regarding requests submitted to CCA or (sic) jail inmate calls, correspondence, and or video," per Scott Rask's email on December 7, 2016. That email was sent to the following KCK prosecutors: Sheri Catania, Kim Flannigan, Tris Hint, Trent Krug, Terra Morehead, Chris Oakley, Leon Patton, Erin Tomasic, Jabari Wamble, James Ward, and David Zabel, and copied to Emily Metzger and Deb Barnett. If that directive was followed, then the material we seek in our motion should have been preserved for open cases or cases that had not yet been archived. See exhibit SM Boyd 1. We do not yet have a copy of the litigation hold, but assume that Scott's email was accurate.

There is also an email referencing a "discovery drive" that contained CCA calls, confirmed by Pauletta Boyd. SM Boyd 2, email from Chris Oakley. The emails suggest that the calls should be locked down so that only David Steeby could access them. SM Boyd 2, 3, 4.

I was not directly involved with, and do not have detailed knowledge of, every step that was taken in implementing litigation holds, or all the steps that were taken in response to the court's original telephone claw back order, but I will certainly check with respect to these references. In any event, as I tried to say in my earlier e-mail: where these, or any other litigation holds, have resulted in materials being retained from which responsive information can be found, we'll look for responsive information and either produce it, or tell you that we are not willing to produce it, what it is, and why we are not willing to produce it, so you that you could evaluate our reasoning and take whatever steps you deem appropriate.

The information in this case shows that often recorded calls were requested by email. It is our understanding that emails (unlike discovery) are never destroyed. If not kept by the USAO, DOJ maintains a copy. Yes and no. E-mail is retained in an archive after deletion from a user's outlook mailbox. How long it is retained varies somewhat by the position of the person whose e-mail it is, and normal retention times may have been extended by litigation holds as discussed above. Each individual's e-mail archive is only available to that individual. We have the ability to give someone authority to access the e-mail archive of former employees.

Finally, we don't object to your proposed methodology, although we would like to hold our motion until we see the product and compare it to other information. Our understanding would be that the motion would continue to pend and be held in abeyance by the court until you had a chance to evaluate what we came up with and see where that left you. As I understand your proposal, the methods proposed in numbers 2, *et. seq.*, are not predicated on the results of your poll. Correct. We would, of course, ask that you provide the results of the poll from individual prosecutors, and not just the case names. I do not think I understand what you mean by this passage. We intend to share with you any responsive information developed by making inquiry to the case prosecutors unless we believe we have a reason not to, in which case we will identify what we found that we were not producing, and our reasoning in not producing it, so you that you can evaluate our reasoning and take whatever steps you deem appropriate. If I am not responding to what you meant, then please let me know.

Please let me know if this will work. If our review of the above is correct, much of what we seek should still be in existence.

Thanks,
Melody