# In the United States District Court
# For the District of Kansas

**United States of America,**
    Plaintiff,

v.                                       **Case No. 16-20032-02-JAR**

**Karl Carter,**
    Defendant.

### Reply to the Government's Response to the Federal Public Defender's Motion to Compel

More than five years ago, this Court directed the Office of the United States Attorney for the District of Kansas (USAO) and its agents to disgorge "all video and audio recordings of attorney-client communications in their possession."[1] Today, the USAO doesn't deny that it remains in actual and constructive possession of such recordings. Instead, it denies that the Court ever ordered the USAO to disgorge those recordings in the first place. Alternatively, the USAO insists that this Court lacks authority to enforce the orders it previously entered. The USAO is wrong on both counts. The Federal Public Defender (FPD) therefore asks the Court to compel the USAO to produce all attorney-client communications in its possession.

**1. The FPD's motion is timely.**

The USAO first asserts that the Court should deny the FPD's motion as untimely.[2] But it wasn't until July 2021 that the USAO revealed (1) that AUSA Terra Morehead still had a folder entitled "jail calls" saved on the shared discovery

---

[1] Doc. 758 at 10.
[2] Doc. 866 at 4.

1

drive, despite the USAO's audit, and (2) that the USAO was still in constructive possession of Steven Hohn's recorded attorney-client call.³ Likewise, it wasn't until August 2021 that Acting United States Attorney Duston Slinkard admitted the USAO might still be in possession of other attorney-client calls too.⁴ In light of the USAO's late disclosures, the FPD didn't "unreasonabl[y] delay" in filing its motion.⁵

**2. The FPD's motion doesn't ask the Court to impose new obligations.**

Next, the USAO says that granting the FPD's motion would impose "new obligations."⁶ For three reasons, the government is mistaken.

First, the USAO sometimes (1) obtained copies of attorney-client recordings from its law-enforcement partners and (2) produced the USAO's own copies of those recordings to the Court. But the USAO's law-enforcement partners sometimes retained their own copies—a fact that wasn't disclosed to the Court or the FPD until July 2021. And the USAO made no attempt to locate or produce these upstream copies—even in cases involving defendants who were on the FPD's lists.⁷ Because Mr. Slinkard agrees that the USAO's failure to locate and produce these upstream copies is inconsistent with the Court's existing orders,⁸ requiring the USAO to locate and produce those upstream copies now won't impose new obligations on the USAO. It will merely require the USAO to comply with its existing obligations.

---

³ Doc. 854; Doc. 855.
⁴ *Hohn* Doc. 59 at 60. Citations preface with "*Hohn* Doc." refer to filings in *Hohn v. United States*, 2:19-cv-2082 (D. Kan.).
⁵ *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1338 (10th Cir. 1982); *see* Doc. 866 at 4 (citing *Jicarilla Apache Tribe*, 687 F.2d at 1338).
⁶ Doc. 866 at 2; *see id.* at 5.
⁷ *See Hohn* Doc. 59 at 81:20–81:24.
⁸ *Id.* at 44:17–45:2.

3

Second, the USAO sometimes harbored multiple copies of a single recorded call in the USAO's own repositories. The USAO managed to locate and produce some (but not all) of those copies. For instance, the USAO produced one set Jay Giannukos's recorded calls in 2019. The USAO then represented to Mr. Giannukos's attorney that it no longer had any such recordings in its possession.[9] Yet in July 2021, the USAO admitted this wasn't so.[10] Not only was the USAO still harboring copies of Mr. Giannukos's calls, but those calls resided exactly where even the most cursory search would have found them: (1) in a folder marked "Jail Calls"; (2) on the USAO's shared discovery drive; and (3) in the area reserved for the AUSA Morehead.[11] What's more, AUSA Morehead had known about these additional recordings for "some time,"[12] and had (according to AUSA Morehead) previously alerted USAO leadership to their existence.[13]

The USAO concedes that this Court's existing orders required to the USAO to locate and produce recorded jail calls so long as (1) the calls were placed by "defendants identified by [the] FPD" and (2) the recordings were "in the USAO's possession."[14] But Mr. Giannukos was on the FPD's first list.[15] So as Mr. Giannukos's case proves, the USAO's efforts to comply with these admitted production obligations were inadequate. Compelling the USAO to revisit those

---

[9] *See CCA* Doc. 990 at 2 & n.7. Citations prefaced with "*CCA* Doc." refer to filings in *In re: CCA Recordings 2255 Litigation*, 2:19-cv-2491 (D. Kan.).
[10] Doc. 855.
[11] Doc. 855-3 at 1.
[12] Doc. 855 at 2.
[13] *Id.* at 2.
[14] Doc. 866 at 2.
[15] Doc. 855 at 2.

efforts now won't impose new production obligations on the USAO; it will merely require the USAO to adopt adequate and effective procedures en route to fulfilling its existing ones.

Third, the USAO asserts that this Court's existing orders don't extend to *all* attorney-client calls placed by *all* defendants from *all* facilities.[16] But the USAO also concedes that this Court's August 2016 order "required disgorgement of 'all video and audio recordings of attorney-client communications in . . . possession'" of the USAO and its agents.[17] Although the USAO says it initially "understood this order to apply only to call recordings obtained during the government's *Black*-related investigation,"[18] this Court previously rejected this cramped reading.[19] Enforcing this Court's broader reading now won't impose new obligations on the USAO; it will merely require the USAO to accept the true scope of its existing obligations.

### 3. The Court has jurisdiction to grant the FPD's motion.

According to the USAO, this Court lacks jurisdiction to grant the FPD's motion because granting that motion would impose new production obligations on the USAO.[20] But as discussed above, the FPD's motion doesn't ask the Court to impose new obligations. It asks the Court to enforce existing ones. And this Court retains

---

[16] Doc. 866 at 2–3.
[17] Doc. 866 at 2 (quoting Doc. 758 at 10).
[18] *Id.*
[19] *See, e.g.*, Doc. 758 at 25.
[20] Doc. 866 at 4.

4

ancillary jurisdiction to do just that.[21] Indeed, this Court retains jurisdiction to impose even new production obligations under Rule 41(g).[22]

**4. The FPD has standing to seek enforcement.**

Finally, the USAO says that the FPD lacks standing "to seek additional disgorgement."[23] But again, granting the FPD's motion won't impose additional disgorgement obligations; it will merely enforce existing disgorgement requirements. And because the FPD had standing to litigate its initial disgorgement requests,[24] the FPD necessarily has standing to seek enforcement of the Court's resulting disgorgement orders. In any event, the Court doesn't a need a party to ask it to enforce its own orders; the Court can enforce those orders sua sponte.[25]

**5. Conclusion**

The USAO doesn't dispute that it continues to harbor recorded attorney-client communications. It doesn't dispute that the Court's existing orders require the USAO to locate and produce at least some of those recordings. It doesn't offer any explanation for its failure to comply with those orders. And it doesn't offer any solution for addressing its ongoing violations. The Court should therefore grant the FPD's motion and require the USAO to produce all copies of attorney-client communications.

---

[21] *Cf. Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)); *United States v. Wingfield*, 822 F.2d 1466, 1470 (10th Cir. 1987).
[22] *Cf. United States v. Lopez-Garcia*, No. 14-20071-JAR-07, 2021 WL 2206539, at *12 (D. Kan. June 1, 2021).
[23] Doc. 866 at 5.
[24] *Id.* at 5.
[25] *Cf. Rupert v. Winter*, 2012 WL 13102348, at *6 (N.D. Tex. Jan. 24, 2012).

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org

s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public
Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
kirk_redmond@fd.org

s/ Lydia Krebs
LYDIA KREBS, #22673
Assistant Federal Public Defender
850 Epic Center
301 N. Main
Wichita, KS 67202
Phone: 316/269-6445
Fax: 785/232-9886
lydia_krebs@fd.org

## CERTIFICATE OF SERVICE

      I certify that on 03/09/2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and:

Duston Slinkard
Acting U.S. Attorney
duston.slinkard@usdoj.gov

                                              s/ Melody Brannon
                                              MELODY BRANNON, #17612