**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
|     ) | |
|     **Plaintiff,**     ) | |
|     ) | |
|     **v.**     ) | **Case No. 16-CR-20032-JAR** |
|     ) | |
| **KARL CARTER,**     ) | |
|     ) | |
|     **Defendant.**     ) | |
|     ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO COMPLY WITH THE COURT'S ORDER GRANTING IN PART
THE FEDERAL PUBLIC DEFENDER'S MOTION TO COMPEL**

On April 11, 2022, this Court granted in part a Motion to Compel (Doc. 856) filed by the Federal Public Defender (FPD). Doc. 868. This Court's order requires the government to "search for and disgorge[e]" to this Court within 30 days any recordings of telephone calls placed by certain defendants from Corrections Corporation of America (CCA, now CoreCivic), along with any derivative information, that are in the possession of law enforcement agencies that worked with the United States Attorney's Office (USAO). *Id*. at 8. The order is limited to "cases where the USAO previously identified and surrendered CCA recordings to the Court that resulted in § 2255 motions alleging Sixth Amendment claims regarding attorney-client communications." *Id*.

Since the Court entered its order, the government has studied it carefully and is hopeful it can comply rather than take an appeal. The government has considered which defendants the order applies to and has compiled a list of 21 defendants. The government has shared that list with the FPD in an attempt to reach an agreement on a list of defendants. In addition, the government is hopeful it can reach an agreement with the FPD regarding the implementation of

the Court's order.  In the government's experience, the government's compliance with this

Court's order will only be productive and effective if the parties can agree on a procedure for

complying.  However, the government will need more than 30 days to comply and respectfully

requests an additional 60 days, until July 11, 2022, to comply with this Court's order.  *See* D.

Kan. R. 6.1(a).

1.      Counsel for the government has consulted with the FPD, and the FPD does not

object to the government's request for an additional 60 days.

2.      The Court's order requires the government to comply within 30 days, by May 11,

2022.

3.      No prior extensions of this deadline have been requested or granted.

4.      The government has good cause for requesting an additional 60 days to comply

with this Court's order.  First, the government intends to implement a process that is thorough

and complete, which will take more than 30 days.  By the government's count, this Court's order

applies to 21 defendants.  It requires the USAO to coordinate with law enforcement agencies that

worked on the defendants' cases to search for and disgorge to this Court CCA telephone call

recordings and derivative information with respect to the 21 defendants.  For at least nine of the

defendants, the USAO will have to coordinate with two or more agencies that worked on the

defendant's case, thus multiplying the time and effort required for compliance.  Thirty days

simply is not sufficient.

Second, the judgments in the underlying criminal cases of the 21 defendants the

government has identified have been final for at least three years, and have been final an average

of six years.  Their § 2255 motions have either been dismissed or are subject to dismissal under

this Court's orders.  *See In re CCA Recordings 2255 Litigation (CCA 2255s)*, No. 19-cv-2491,

Doc. 1034 at 5-6. There is no case-based or litigation-based reason for rushing the government's compliance with this Court's order.

Third, because the underlying criminal cases of the 21 defendants the government has identified are so old it likely will take law enforcement agencies substantial time and effort to determine where any CCA telephone call recordings and derivative materials might be located, thoroughly search all relevant locations, including evidence vaults, paper files, and electronically stored information, and to coordinate with the USAO regarding delivery to the Court.

Fourth, as noted above, the government would prefer to undertake this project with an agreed-upon process for compliance, and the additional time would allow the parties more time to discuss whether this is possible.

For all these reasons, the government respectfully requests an additional 60 days to comply with this Court's April 11, 2022 order (Doc. 868), up to and including July 11, 2022.

Respectfully submitted,

s/ Duston J. Slinkard
Duston J. Slinkard, #21294
United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683-3592
Tel: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

s/ Carrie N. Capwell
Carrie N. Capwell, #78677
First Assistant United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
Tel: (913) 551-6730
Fax: (913) 551-6541
carrie.capwell@usdoj.gov

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the above-captioned case.

s/Carrie N. Capwell