IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**KARL CARTER**, )<br>)<br>Defendant. ) | Case No. 16-20032-02-JAR |

**SUPPLEMENTAL STATUS REPORT OF RECORDED
TELEPHONE CALL DISCOVERY**

COMES NOW the United States of America, by and through Steven D. Clymer, Special Attorney, and Duston J. Slinkard, United States Attorney for the District of Kansas, and provides the Court with the following report on the status of production of recorded telephone call discovery related to the Federal Public Defender ("FPD")'s Motion for Discovery (Doc. 572) and the Court's Order thereupon (Doc. 705):

1. This report supplements the government's Status Report of Recorded Telephone Call Discovery filed August 27, 2019 (Doc. 764) and Supplemental Status Reports of Recorded Discovery filed on October 10, 2019 (Doc. 787), November 14, 2019 (Doc. 799), February 14, 2020 (Doc. 806), August 18, 2020 (Doc. 846), October 30, 2020 (Doc. 848), July 6, 2021 (Doc. 854), and July 22, 2021 (Doc. 855).

2. On April 11, 2022, the Court entered its Memorandum and Order (Doc. 868) granting in limited part the FPD's "Motion to Compel (Doc. 856) the government to identify, produce, and disgorge any attorney-client communications that remain in its control, including those that remain in the possession of law enforcement agencies." Doc. 868 at 1.

3. The government created a list of defendants that met the criteria the Court established in its Memorandum and Order, i.e., defendants in "cases where the USAO has previously identified and surrendered CCA recordings to the Court that resulted in § 2255 motions alleging Sixth Amendment claims regarding attorney-client communications." *Id*.

4. The government also identified the law enforcement agencies involved with investigating those defendants and created a procedure for requesting review by those agencies.

5. Once the government had both an identified list of defendants and involved agencies, and a planned procedure, government counsel conferred with the FPD to determine if there was agreement as to both the universe of defendants and the procedure. The FPD suggested an adjustment to the procedure, which was incorporated by the government. However, the parties did not ultimately reach agreement on the specific defendants that fell within the scope of the Court's order. *See Attachments* 1 and 2.

6. The government moved forward to implement the procedure as to the 21 defendants the government had originally identified, plus 5 additional defendants it added to its list after conferring with the FPD, for a total of 26 defendants:

| | |
|---|---|
| Catrell, Ronald | Piggie, Frenklyn |
| Clark, Enoch | Rapp, Gregory |
| Clifton, Julie | Read-Forbes, Mendy |
| Dixon, Dalevon | Roark, Jeffrey |
| Felix-Gamez, Ricardo | Shutts, Shawn |
| Fondren, Kevin | Sneed, Shawn |
| Griffin, Damon Douglas | Spaeth, Matthew |
| Hohn, Steven | Tatum, Ataven |
| Irvin, Anthony | Tillman, Terry |
| Johnson, Booker | Villa-Valencia, Luis |
| Mitchell, William | Warren, Arrick |
| Ortega-Flores, Luis | Webb, Virok |
| Phommaseng, Petsamai | Wood, Brenda |

7. The government sent each federal investigative agency identified as being involved with the investigation of the cases of any of the foregoing defendants, a letter requesting their assistance in complying with the Court's Memorandum and Order (Doc. 868) with instructions on what was needed, a copy of the Court's Memorandum and Order, and a list of the relevant cases with all identifying information about the case known to the government. The government sent the same sort of request to the Kansas Bureau of Investigation, for all cases in which it was identified as being involved. Where more than one federal agency was involved in the cases, the case was included in the request to each such agency. Each federal agency, as well as the Kansas Bureau of Information, was also requested to make inquiry of any other state or local investigative agencies that had been involved in each particular case, and to include the results of such inquiries when they provided their responses. *See Attachments* 3 (F.B.I.), 4 (A.T.F.), 5 (D.E.A.), 6 (K.B.I.), 7 (U.S.S.S.), and 8 (H.S.I.).

8. For two defendants, William Mitchell and Frenklyn Piggie, the government's records did not reflect that any federal investigative agency or the Kansas Bureau of Investigation were involved in the cases. Records indicated that Mr. Mitchell's case was referred for prosecution by the Lawrence, Kansas, Police Department, and the Douglas County, Kansas, Sheriff's Office, and Mr. Piggie's case was referred for prosecution by the Lawrence, Kansas, Police Department. The government reached out to each of those agencies to identify an appropriate contact and then sent a letter requesting their assistance in complying with the Court's Memorandum and Order (Doc. 868) with instructions on what was needed and a copy of the Court's Memorandum and Order. *See Attachments* 9 (D.C.S.O.) and 10 (LPD).

9. In addition, the government contacted the U.S. Marshals Service with respect to the 26

defendants to see if they had any responsive materials. The U.S.M.S. reported that it had provided all such materials to the Special Master during his investigation, but nonetheless checked with respect to the 26 defendants and confirmed that it did not have responsive materials.

10. On July 11, 2022, the government submitted CCA recordings and derivative materials to the Court, which were provided to the U.S. Attorney's Office by four law enforcement agencies. Along with its submission, the government provided the Court with a cover letter and chart describing the materials. *See Attachments* 11 and 12.

11. The Court granted the government an extension of time, until August 12, 2022, to submit the balance of any responsive materials. *See* Doc. 872 (text entry).

12. On August 12, 2022, the government submitted additional CCA recordings and derivative materials to the Court. The government provided the Court with a cover letter and chart describing those materials. *See Attachments* 13 and 14.

13. As of this writing, all the agencies from whom assistance was requested have responded that they have completed their searches and submitted all identified materials to the U.S. Attorney's Office, retaining no copies of any attorney client communications. Additionally, all materials received by the U.S. Attorney's Office from those agencies have been delivered to the Court. Accordingly, the government believes that with the filing of this status report it has now fully complied with all the requirements of the Court's Memorandum and Order (Doc. 868).

14. Because prior disclosure had been made with respect to each of the individuals for whom disclosures were made on July 11, 2022 and August 12, 2022, the disclosure of these additional materials does not change the total of individuals for whom materials were found and

disclosed previously reported to the Court.

Respectfully submitted,

s/Duston J. Slinkard
Duston J. Slinkard, #21294
United States Attorney
444 SE Quincy Street, Room 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of September 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record in this case.

s/Duston J. Slinkard
Duston J. Slinkard
United States Attorney
